# EXHIBIT 41

N. 24, 52

Def's Br. in Support of Emergency Mot. to Dissolve Ex Parte TRO, State of N.Y. v. U.S. Dep't of Treasury, No. 1:25-cv-01144, ECF No. 12 (Feb. 9, 2025)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, *et al.*,

    *Plaintiffs*,

    v.

U.S. DEPARTMENT OF THE TREASURY, *et al.*,

    *Defendants*.

Case No. 25 Civ. 01144 (JAV)

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO DISSOLVE, CLARIFY, OR MODIFY *EX PARTE* TEMPORARY RESTRAINING ORDER**

At approximately 1:00 a.m. on Saturday, February 8, 2025, this Court issued an *ex parte* Temporary Restraining Order that purported to limit access to a vast swath of Treasury systems to only "civil servants," while prohibiting "all political appointees" from doing the same. On its face, the Order could be read to cover all political leadership within Treasury—including even Secretary Bessent. This is a remarkable intrusion on the Executive Branch that is in direct conflict with Article II of the Constitution, and the unitary structure it provides. There is not and cannot be a basis for distinguishing between "civil servants" and "political appointees." Basic democratic accountability requires that every executive agency's work be supervised by politically accountable leadership, who ultimately answer to the President. A federal court, consistent with the separation of powers, cannot insulate any portion of that work from the specter of political accountability. No court can issue an injunction that directly severs the clear line of supervision Article II requires. Because the Order on its face draws an impermissible and anti-constitutional distinction, it should be dissolved immediately.

*v. U.S. Dep't of Justice*, 491 U.S. 440 (1989) (interpreting the Federal Advisory Committee Act to avoid separation of powers concerns).

As written, the Order violates the Constitution and should be completely dissolved.

**2.    Modification of the Order Is Necessary If the Order Is Not Dissolved.**

At a minimum, Court should either clarify or modify its Order to make clear that it does not actually cover Treasury's senior leadership.

Limiting access by Treasury's senior leadership, as just described, is overbroad and unnecessary to maintain the status quo. As described in the accompanying declaration of Thomas H. Krause, Jr., as of the date of the Order, no political appointees, special government employees, or government employees detailed from an agency outside the Treasury Department had any level of access to any applicable payment or data systems, other than Mr. Krause himself. Krause Decl. ¶ 9. And no such employees currently have that access. *Id.*[2] Nonetheless, it is important that high-level political appointees, such as the Secretary, his Chief of Staff, the Deputy Secretary, and the Undersecretaries, can receive data from such systems to the extent necessary for the performance of their job duties. *Id.* ¶ 10. Although these high-level officials do not ordinarily need to access or receive data from such systems, it is the responsibility of these officials—the appointees of a duly elected President—to receive information they require to carry out their mandate to govern the agency in accordance with the President's priorities. Career officials, for example, may need to include data from those systems in significant briefings, memoranda, or demonstrations, and to present those matters to the political leadership of the department. *Id.*

---

[2] Since January 20, 2025, one other Treasury employee—Marco Elez—had "read only" access to or copies of certain data in BFS payment systems, subject to restrictions, and access to a copy of certain BFS payments systems' source code in a "sandbox" environment. Krause Decl. ¶ 11. Mr. Elez resigned on February 6, 2025 and returned all Treasury and BFS equipment and credentials the same day. *Id.*

6

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant its motion to dissolve, clarify, or modify the *ex parte* temporary restraining order.

Dated: February 9, 2025

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

JOHN R. GRIFFITHS
Director
Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney

By: */s/ Jeffrey Oestericher*
JEFFREY OESTERICHER
REBECCA S. TINIO
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2695/2774
Email: jeffrey.oestericher@usdoj.gov
           rebecca.tinio@usdoj.gov