# EXHIBIT 42

N. 26

Transcript of Sched. Confr., Alliance for Retired Americans v. Bessent, No. 25-cv-00313 (D.D.C. Feb. 5, 2025)

```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2

 3   * * * * * * * * * * * * * * *    )
     ALLIANCE FOR RETIRED AMERICANS,   )   Civil Action
 4   et al.,                           )   No. 25-00313
                                       )
 5             Plaintiffs,             )
                                       )
 6      vs.                            )
                                       )
 7   SCOTT BESSENT, et al.,            )   Washington, D.C.
                                       )   February 5, 2025
 8             Defendants.             )   3:13 p.m.
                                       )
 9   * * * * * * * * * * * * * * *    )

10

11            TRANSCRIPT OF SCHEDULING CONFERENCE
           BEFORE THE HONORABLE COLLEEN KOLLAR-KOTELLY
12              UNITED STATES SENIOR DISTRICT JUDGE

13

14   APPEARANCES:

15   FOR THE PLAINTIFFS:      NANDAN M. JOSHI, ESQ.
                              NICOLAS SANSONE, ESQ.
16                            PUBLIC CITIZEN LITIGATION GROUP
                              1600 20th Street, Northwest
17                            Washington, D.C. 20009

18   FOR THE DEFENDANTS:      BRADLEY P. HUMPHREYS, ESQ.
                              UNITED STATES DEPARTMENT OF
19                              JUSTICE
                              1100 L Street, Northwest
20                            Washington, D.C. 20005

21   REPORTED BY:             LISA EDWARDS, RDR, CRR
                              Official Court Reporter
22                            United States District Court for the
                                District of Columbia
23                            333 Constitution Avenue, Northwest
                              Room 6706
24                            Washington, D.C. 20001
                              (202) 354-3269
25
```

1           MR. HUMPHREYS:  Well, we hope it will -- we hope
2  we'll get an opportunity to oppose in writing Plaintiffs'
3  motion and set things out more clearly there.
4           THE COURT:  We will definitely be able to do that.
5  I'm trying to get a sense of what is involved because we
6  don't have many facts in terms of -- other than what's out
7  in the media, which obviously is not necessarily accurate.
8  So I just wanted to get a sense of how complicated this was
9  in making a decision about how quickly you need to brief
10 this.
11          So --
12          MR. HUMPHREYS:  I mean, I think -- if I may, your
13 Honor, I mean, the crux of Plaintiffs' complaint, I believe,
14 is that this information in Treasury payment systems is
15 being improperly disclosed to third parties.
16          THE COURT:  Right.
17          MR. HUMPHREYS:  And again, my understanding is
18 that that is not accurate.  And so, you know, beyond that,
19 I'm not sure that other DOGE activities are necessarily
20 relevant to Plaintiffs' claims.
21          THE COURT:  Well, as I said, I need to get a sense
22 of what is related to the records.
23          So Mr. Elez, in what form has he had the
24 disclosure of the records made to him?  Does he have access
25 to them?  He's gotten copies of them?  What?

1         MR. HUMPHREYS:  I believe that he has read-only
2    access to the system, your Honor.
3         THE COURT:  Okay.  And has anybody received any
4    copies of the records?
5         MR. HUMPHREYS:  Not that I'm aware of, or at least
6    not that I'm aware of outside of the Treasury Department,
7    your Honor.
8         THE COURT:  Let me ask one other question for a
9    second.  What's the focus of any opposition on your part?
10   In other words, whatever you're going to be briefing, is
11   there a particular focus that -- obviously, you're going to
12   be responding to what they have put in their motion relating
13   to a TRO.  But is there a particular focus that you have in
14   the briefing?
15        MR. HUMPHREYS:  Well, certainly, your Honor.  I
16   think there's very serious jurisdictional questions here as
17   to whether Plaintiffs can establish standing as an
18   organization or associational standing.  You know, we think
19   on the merits -- we think fatally on all counts, your Honor.
20   We don't think they can establish irreparable injury that
21   would be required to entitle them to a TRO or that they're
22   likely to succeed on the merits.
23        THE COURT:  What I was trying to get at is
24   sometimes there's a particular focus.  Obviously, you're
25   going to go through the four elements that are required,