# Lex Lumina LLP

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

February 23, 2025

**VIA ECF**

The Honorable Denise L. Cote
United States District Court, Southern District of New York
500 Pearl Street, Room 1910
New York, NY  10007

Re:   *American Federation of Government Employees, AFL-CIO, et al v. U.S. Office of Personnel Management, et al.,* 25-cv-1237-DLC

Dear Judge Cote:

We represent Plaintiffs in the above-referenced matter. Upon due consideration of Defendants' papers filed in opposition to Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 27) ("Motion"), Plaintiffs join Defendants' request that the Court convert Plaintiffs' Motion to one for a preliminary injunction. *See* Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion (ECF No. 39) ("Opp. Br.") at 1 n.1. Plaintiffs respectfully request that the Court adjourn the Motion hearing scheduled for Thursday, February 27, and instead order the parties promptly to meet and confer and file a joint statement concerning scheduling for (i) Plaintiffs' anticipated motion for limited, expedited discovery; (ii) Defendants' anticipated motion to dismiss; and (iii) Plaintiffs' anticipated expedited motion for preliminary injunction.[1]

While this matter remains as urgent as it was when Plaintiffs filed their Motion, tailored discovery is necessary to ascertain facts solely in Defendants' possession and to address certain admissions in and material questions of fact raised by the Declaration of Greg Hogan (ECF No. 40), which contradicts widely reported media accounts and does not support critical contentions made in Defendants' Opp. Br.

**Background**.  Plaintiffs filed their Motion on February 14, 2025. On February 19, Defendants filed their opposition papers, which consist of the Opp. Br. and the Hogan declaration. In the Opp. Br., Defendants assert that Defendant OPM has not granted access to OPM systems to anyone who is not an employee of OPM. Opp. Br. at 1. But that unqualified statement is not consistent with reams of public reporting and is not supported by Mr. Hogan's declaration. Mr. Hogan admits that at least three engineers had apparently unlawful access to OPM records systems prior to OPM revoking that access "in early February." Hogan Decl. ¶ 12. Defendants provide no information about the nature of those engineers' prior access or about any collection or use of OPM data. Notably, Mr. Hogan does not say that no DOGE agents currently have access to OPM systems or that no DOGE agents will receive such access in the future. To the contrary, he says that OPM "regularly reviews access

---

[1] This is the course ordered by Judge Bates after he denied the TRO motion in a similar pending case, *AFL-CIO v. Dep't of Labor*, 25-cv-339-JDB (D.D.C.). *See* enclosed Feb. 19 order ("Order").

permissions" for individuals outside OPM "to ensure they are appropriately limited." *Id.*

Mr. Hogan identifies "five key systems engineers" implementing the Executive Order as OPM employees. *Id.* ¶ 13. By implication, there are or may be others who have access to OPM records, and their employment status, the nature and purpose of their access, and what use they have made of that access are all unclear. Finally, Mr. Hogan admits that some of those identified as OPM "employees" who have been given access to OPM systems are paid employees of other agencies working under agreement with OPM. *Id.* ¶ 14. Mr. Hogan says that "one of the engineers who has participated in workforce reform efforts is a paid employee at another agency but simultaneously serves as an unpaid Special Government Employee at OPM." *Id.* But Mr. Hogan says nothing about the nature of others' employment in multiple agencies. Federal employees are generally prohibited from engaging in "dual employment." *See* 5 U.S.C. § 5533.

These and other inconsistencies in Defendants' statements in this case and elsewhere demonstrate the need for limited discovery to ensure the Court has an adequate record on which to rule on Plaintiffs' Motion. On February 20, Plaintiffs notified Defendants that Plaintiffs would drop their request for a TRO and ask the Court instead to order expedited discovery for a preliminary injunction hearing if Defendants would agree to enter a stipulation that would preserve the status quo as stated in Defendants' Opp. Br. (though not supported by the Hogan declaration) pending the Court's decision on a preliminary injunction. Defendants refused to agree to such a stipulation. The parties subsequently met and conferred over the weekend regarding Plaintiffs' instant requests. Defendants consent to converting the Motion, take no position on adjourning Thursday's scheduled hearing, will oppose Plaintiffs' motion for expedited discovery, and intend to file a motion to dismiss.

**Argument.** A party may seek discovery before a Rule 26(f) conference by, *inter alia*, stipulation or court order. Fed. R. Civ. P. 26(d)(1). "Requests for expedited discovery are typically appropriate where they 'would better enable the court to judge the parties' interests and respective chan[c]es for success on the merits at a preliminary injunction hearing.'" *Russell Reynolds, Inc. v. Usina*, 23 Civ. 2369 (JHR), 2023 WL 3270344, at *1 (S.D.N.Y. May 5, 2023) (quoting *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, No. 14-CV-4242 (VSB), 2014 WL 12959675, at *2 (S.D.N.Y. July 23, 2014)). Motions for expedited discovery turn on a "flexible standard of reasonableness and good cause," based on examination of "the record to date" and "all the surrounding circumstances." *Id.* (citing *3M Co. v. HSBC Bank USA, N.A.*, No. 16 CIV. 5984 (PGG), 2016 WL 8813992, at *1 (S.D.N.Y. Oct. 21, 2016), *Milk Studios, LLC v. Samsung Elec. Co.*, No. 14 Civ. 9362 (PAC), 2015 WL 1402251, at *1 (S.D.N.Y. Mar. 26, 2015)), *In re Keurig*, 2014 WL 12959675 at *1, and *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)). When expedited discovery is for a preliminary injunction hearing, "courts must tailor the discovery as appropriate." *Id.*

As in *AFL-CIO*, "this is an unusual case" under the relevant statutes because "Plaintiffs don't contend that the decisions or policies they challenge were made through a formal process or otherwise produced a record like the Court may see in a typical APA case," "[t]here's no way for the Court to decide" key legal questions "without some evidence of defendants' decisionmaking process," and "[l]imited discovery could also benefit the Court by helping it decide additional factual questions necessary to resolving other critical legal issues." Order at 1-2. Accordingly, Plaintiffs respectfully request that the Court convert Plaintiffs' Motion to one for a preliminary injunction, adjourn the hearing scheduled for February 27, and order the parties promptly to meet and confer and submit a joint statement regarding further scheduling.

                                        Respectfully,

                                        /s/ *Rhett O. Millsaps II*
                                        Mark P. McKenna (admitted pro hac vice)
                                        Christopher J. Sprigman

Enclosure

cc: All Counsel of Record (via ECF)

Case 1:25-cv-01237-DLC    Document 45    Filed 02/23/25    Page 3 of 3