UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:25-cv-01237-DLC<br><br>**JOINT STATEMENT BY THE PARTIES CONCERNING SCHEDULING** |

　　　　On February 24, 2025, the Court ordered the parties to file their proposed schedule(s) for further proceedings in this matter by noon on February 25. ECF No. 47 at 2. The parties have conferred about their respective positions, which they set out below.

**I.　　Plaintiffs' Position**

　　　　As Plaintiffs explained in their letter to the Court dated February 23, 2025, tailored, expedited discovery is necessary and appropriate in this case (i) to ascertain facts solely in Defendants' possession, (ii) to address troubling admissions in, and material questions of fact raised by, Defendants' papers submitted in opposition to Plaintiffs' motion for a temporary restraining, and (iii) to address widespread press reports and public statements by Defendant Musk, President Trump, and others that contradict Defendants' assertions in this case. *See* ECF No. 45; ECF No. 28 at 2-12.[1] Targeted factual development prior to briefing on Plaintiffs'

---

[1] Just yesterday, Speaker Mike Johnson publicly stated that Defendant Musk "has cracked the code, he is now inside the agencies. He's created these algorithms that are constantly crawling through the data, and he has told me in his office, the data doesn't lie." https://bsky.app/profile/atrupar.com/post/3liwv43xjzp2s (last visited February 25, 2025). But in Court filings in other cases, the government has represented that Musk is not an employee of DOGE, nor is he the U.S. DOGE Service Administrator. *See, e.g.*, Declaration of Joshua Fisher, *State of New Mexico v. Elon Musk*, 1:25-cv-00429, ECF No. 24-1 (D.D.C. Feb. 17, 2025).

motion for a preliminary injunction will enable the Court to advance resolution of threshold questions for which the record currently is limited.

Expedited discovery is warranted in cases where, as here, plaintiffs "will be irreparably harmed without expedited discovery" and "when the plaintiff seeks to 'gain evidence to get the court to preserve the status quo.'" *Attkisson v. Holder*, 113 F. Supp. 3d 156, 164 (D.D.C. 2015) (quoting *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006)). The status quo in this case is "the last actual, peaceable uncontested status which preceded the pending controversy"—*i.e.*, the status of OPM's records systems before DOGE agents unlawfully gained access to them. *North America Soccer League LLC v. United States Soccer Federation*, 883 F.3d 32, 37 (2d Cir. 2018) (citation omitted). Additionally, "litigants challenging agency decisions have succeeded in obtaining limited discovery to ensure that the administrative record before the court is complete." *Pension Benefit Guar. Corp. v. LTV Steel Corp.*, 119 F.R.D. 339, 341 (S.D.N.Y. 1988) (collecting cases); *Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982) (reversing district court's decision to grant summary judgment because the parties had a dispute as to whether the administrative record presented to the Court was indeed the full record that had been before the agency); *Pleasant East Associates v. Martinez*, No. 02 Civ.4144 (LMM), 2002 WL 31458224, at *1-2 (S.D.N.Y. Nov. 4, 2022) (permitting discovery on claims brought under the APA).

To resolve these factual questions and facilitate efficient resolution of the claims in this case, Plaintiffs intend to move no later than February 27, 2025, for limited, expedited discovery. Plaintiffs' requests will be narrowly tailored to the facts necessary for this Court to evaluate the need for a preliminary injunction in this case.

Plaintiffs believe it would be appropriate for the Court to issue a ruling on Plaintiffs' forthcoming expedited discovery motion and allow any permitted discovery process to proceed

simultaneously with briefing on Defendants' motion to dismiss, given that another district court already rejected the arguments that Defendants intend to raise on their motion while issuing a temporary restraining order against OPM (that expires on March 10, 2025) in a case with claims parallel to this one.  *See* Plaintiffs' letter to the Court dated February 24, 2025, and accompanying Memorandum Opinion and Temporary Restraining Order (ECF Nos. 46 and 46-1); *see also AFL-CIO, et al., v. Dep't of Labor, et al.*, 1:25-cv-339-JDB, ECF No. 43 (D.D.C. Feb. 19, 2025) (Judge Bates ordering a schedule in another DOGE-related case that would allow for expedited discovery and briefing on the defendants' motion to dismiss to proceed simultaneously).

    Accordingly, Plaintiffs respectfully propose the following schedule:

- February 27, 2025:  Plaintiffs move for expedited discovery;
- March 4, 2025:  Defendants file any opposition to Plaintiffs' motion;
- March 6, 2025:  Plaintiffs file any reply in support of expedited discovery;
- March 10, 2025:  This Court rules on Plaintiffs' motion, and, if it grants Plaintiffs' motion:
- March 20, 2025:  Defendants respond to Plaintiffs' written discovery requests;
- April 10, 2025:  Plaintiffs complete any depositions permitted by the Court;
- April 18, 2025:  Plaintiffs move for a preliminary injunction;
- April 28, 2025:  Defendants respond to Plaintiffs' motion for a preliminary injunction; and
- May 2, 2025:  Plaintiffs reply in support of their motion for a preliminary injunction.

II.     **<u>Defendants' Position</u>**

The Government respectfully submits that the Court should deny plaintiffs' request for expedited discovery and dismiss this case for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Federal Procedure. With regard to plaintiffs' motion for expedited discovery, the law is settled that discovery generally is not appropriate in connection with claims under the Administrative Procedure Act ("APA"). *See, e.g.*, *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). Accordingly, discovery should not be allowed.

That is especially true here where the Government intends to promptly file a dispositive motion. As detailed in the Government's Memorandum of Law in Opposition to Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 39), plaintiffs' APA claims fail to satisfy several threshold requirements, including: (1) plaintiffs lack standing because they have not suffered a cognizable Article III injury, and they fail to sufficiently allege causation or redressability; and (2) plaintiffs fail to state an APA claim because they have not identified a final agency action, and they have adequate, alternative remedies in court under the Privacy Act. Given the strength of the Government's motion and the fact that discovery is generally not appropriate in APA actions, the Court should not permit discovery during the pendency of the Government's motion to dismiss and plaintiffs' motion for expedited discovery (as well as plaintiffs' motion for a preliminary injunction) should be briefed, if necessary, after the Court has an opportunity to rule on the Government's motion to dismiss.

Per the Court's Order (ECF No. 47), the Government proposes the following briefing schedule:

1. <u>Government's Motion to Dismiss ("MTD")</u>

Gov't Motion:            3/14
Plaintiffs' Opposition:  3/24
Gov't Reply:             3/31

2. <u>Plaintiffs' Motion for Expedited Discovery</u>

Plaintiffs' Motion:   2 days after the Court's decision on MTD
Gov't Opposition:     7 days after the Court's decision on MTD
Plaintiffs' Reply:    9 days after the Court's decision on MTD

3. <u>Plaintiffs' Motion for a Preliminary Injunction</u>

Plaintiffs' Motion:   1 week after the Court's Decision on MTD
Gov't Opposition:     17 days after the Court's decision on MTD
Plaintiffs' Reply:    24 days after the Court's decision on MTD

Dated: February 25, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Rhett O. Millsaps II* | MATTHEW PODOLSKY |
| Rhett O. Millsaps II | Acting United States Attorney for the |
| Mark P. McKenna (admitted pro hac vice) | Southern District of New York |
| Christopher J. Sprigman | *Attorney for the Defendants* |
| Mark A. Lemley* | |
| LEX LUMINA LLP      By: | */s/ Jeffrey Oestericher* |
| 745 Fifth Avenue, Suite 500 | JEFFREY OESTERICHER |
| New York, NY 10151 | DAVID E. FARBER |
| (646) 898-2055 | Assistant United States Attorneys |
| | 86 Chambers Street, 3rd Floor |
| F. Mario Trujillo (admitted pro hac vice) | New York, New York 10007 |
| Victoria Noble | Tel: (212) 637-2695/2772 |
| ELECTRONIC FRONTIER FOUNDATION | |
| 815 Eddy Street | |
| San Francisco, CA 94109 | |
| (415) 436-9333 | |

Norman L. Eisen (admitted pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003

Subodh Chandra*
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 W. 6th Street, Suite 400
Cleveland, OH  44113

*pro hac vice application forthcoming

*Counsel for Plaintiffs*

6