# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al.*, <br><br> Defendants. | Case No. 25-cv-01237-DLC <br><br> **PLAINTIFFS' [PROPOSED] DISCOVERY REQUESTS** |

Plaintiffs American Federation of Government Employees, AFL-CIO, Association of Administrative Law Judges, International Federation of Professional and Technical Engineers Judicial Council I, AFL-CIO, Vanessa Barrow, George Jones, Deborah Toussant, and Does 1-100, through their undersigned attorneys, propose the following discovery requests, which include Interrogatories pursuant to Fed. R. Civ. P. 33, Requests for Production of Documents pursuant to Fed. R. Civ. P. 34, and four depositions pursuant to Fed. R. Civ. P. 30 of (i) a designee of Defendant organization the U.S. Office of Personnel Management ("OPM") pursuant to Rule 30(b)(6); (ii) a designee of Defendants U.S. DOGE Service and U.S. DOGE Temporary Service (collectively "DOGE") pursuant to Rule 30(b)(6); (iii) Defendant Elon Musk; and (iv) Greg Hogan, OPM's Chief Information Officer.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions shall apply to the Interrogatories, Requests for Production, and

Requests for Depositions Pursuant to Fed. R. Civ. P 30, set forth below:

1. "Access" means the ability to directly review records in an agency system;

2. "DOGE" refers collectively to the U.S. DOGE Service and U.S. DOGE Temporary Service;

3. "DOGE Employee" refers to any individual who is or, on or after January 20, 2025, was employed by DOGE or otherwise works or worked for DOGE (including volunteers), including any individual employed by DOGE but detailed to or working at the Office of Personnel Management (OPM);

4. "Identify" when used in connection with an individual or individuals means to state the person's name, title, employing agency or agencies and any other employers, and relationship with DOGE at all times from January 20, 2025, until the present;

5. "Sensitive OPM data systems" means any OPM system of records that contains Personally Identifiable Information (PII) or Personal Health Information (PHI), including but not limited to Electronic Official Personnel Folder (eOPF), Enterprise Human Resources Integration (EHRI), USAJOBS, USA Staffing, USA Performance, and Health Insurance, which houses Federal Employees Health Benefits (FEHB) and Postal Service Health Benefits (PSHB).

6. You are requested to provide complete responses to interrogatories and requests for production at least seven calendar days in advance of the first scheduled deposition.

7. To the extent that you withhold documents or redact portions of documents responsive to the Requests for Production of Documents, provide the reason for such withholding or

redaction and provide the title or "re line", date, and all recipients of the document.

8. The time period covered by these discovery requests is January 20, 2025, until the date you provide complete responses to the discovery requests.

## PLAINTIFFS' INTERROGATORIES

1. The February 19, 2025, Declaration of Greg Hogan, ECF No. 40 ("Hogan Declaration") at paragraph 12 states that Hogan "directed [his] team to remove access to eOPF and EHRI for three engineers…." Identify the referenced employees and specify all PII they accessed before and after access to these two systems was removed.

2. The Hogan Declaration at paragraph 13 refers to five systems engineers implementing Executive Order 14,158. Identify each of them.

3. The Hogan Declaration at paragraph 13 states that none of the individuals have access to EHRI. What sensitive OPM data systems containing PII or PHI have they accessed?

4. Identify each and every individual who obtained access to any sensitive OPM data system; for each individual identified, describe:

   a. each data system to which the individual obtained access;

   b. the dates of access;

   c. the information accessed; and

   d. the reason(s) for such access.

5. Of all PII or PHI (both as defined above) accessed as asked and identified above, identify all decisions, directives, and actions (including personnel actions) taken at least in part because of the information accessed, and who participated in the decisions, directives, and actions. This would include, but not be limited to, decisions to place federal employees on administrative leave, fire federal employees, seek employees' resignations, cancel contracts,

cancel or suspend payments, cancel or suspend grants, not expend funds appropriated by Congress, or terminate units of or entire agencies.

6. The Hogan Declaration at paragraph 14 states that some OPM employees have "employment relationships, such as detail agreements with other agencies." Identify all such employees and all such relationships.

7. The Hogan Declaration at paragraph 14 refers to "a paid employee at another agency." Identify the employee, the other agency, what OPM data systems containing PII or PHI he or she has access to and what information from that system(s) he or she accessed.

8. For any of the individuals referenced in the Hogan Declaration who are or were DOGE employees, state whether they were interviewed by Elon Musk in connection with their prospective employment by DOGE.

9. For any of the individuals referenced in the Hogan Declaration who are or were DOGE employees, state whether they now report to anyone at DOGE and, if so, to whom and on what matters.

## DOCUMENT REQUESTS

1. Copies of any OPM policies, guidelines, or instructions regarding granting access to sensitive OPM data systems to OPM employees or employees from other federal agencies.

2. Copies or any policies, guidelines, or instructions for DOGE employee access to sensitive OPM data systems.

3. Copies of any materials used during the training described in the Hogan Declaration at paragraph 13.

4. Copies of all memoranda of understanding between OPM and the "other agencies"

referred to in the Hogan Declaration at paragraph 14.

5. All emails and texts between any employee of OPM and any employee of DOGE regarding employment of DOGE employees by or placement of DOGE employees at OPM.

6. All emails, texts, and other communications between any employee of OPM and any employee of DOGE regarding access to sensitive OPM data systems.

7. All records of disclosure, as required by 5 U.S.C. § 552a(c).

8. All emails, texts, and other communications reflecting decisions, directives, and actions (including personnel actions) taken at least in part because of the PI and PHI information accessed as referenced above, and who participated in the decisions, directives, and actions. This would include, but not be limited to, messages regarding decisions to place federal employees on administrative leave, fire federal employees, seek employees' resignations, cancel contracts, cancel or suspend payments, cancel or suspend grants, not expend funds appropriated by Congress, or terminate units of or entire agencies.

**PLAINTIFFS' PROPOSED DEPOSITIONS PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Plaintiffs seek two depositions under Fed. R. Civ. P. 30(b)(6), one each for Defendants OPM and DOGE, addressing the topics listed below. Plaintiffs propose that each deposition last a maximum of six hours.

**Defendant OPM Rule 30(b)(6) Topics:**

1. The security and privacy policies, procedures, and practices governing the access to, use of, and changes to sensitive OPM data systems and the information they contain, as of January 19, 2025, through the date of the deposition, including any modifications or suspensions of those policies, procedures, and practices as well as any copying, transmitting, or sharing

OPM data outside of OPM.

2. The role and responsibilities of DOGE employees working at OPM between January 20, 2025, and the date of the deposition, including their names and positions; their access to and use of sensitive OPM data systems; any training they actually or purportedly received; their authority with regard to OPM staff; their authority with regard to other DOGE employees working at OPM; and the policies, procedures, and practices pertaining to their work at DOGE.

3. The nature, extent, and purpose of access to sensitive OPM data systems granted to any DOGE employees.

4. Decisions, directives, and actions (including personnel actions) taken at least in part because of the PI and PHI information accessed as referenced above, and who participated in the decisions, directives, and actions. This would include, but not be limited to, decisions to place federal employees on administrative leave, fire federal employees, seek employees' resignations, cancel contracts, cancel or suspend payments, cancel or suspend grants, not expend funds appropriated by Congress, or terminate units of or entire agencies.

**Defendant DOGE Rule 30(b)(6) Topics:**

1. The mission, leadership, decision-making structure, and responsibilities of DOGE (including the relationship of DOGE to DOGE employees working at OPM) between January 20, 2025, and the date of deposition.

2. The scope of authority DOGE possesses regarding OPM, and the source and derivation of that authority between January 20, 2025, and the date of deposition.

3. The role and responsibilities of DOGE employees working at OPM between January 20, 2025, and the date of the deposition, including their names and positions; their access to and

use of sensitive OPM data systems; any training they actually or purportedly received; their authority with regard to OPM staff; their authority with regard to other DOGE employees working at OPM; and the policies, procedures, and practices pertaining to their work at DOGE.

4. Decisions, directives, and actions (including personnel actions) taken at least in part because of the PI and PHI information accessed as referenced above, and who participated in the decisions, directives, and actions. This would include, but not be limited to, copying, transmitting, or sharing OPM data outside of OPM and decisions to place federal employees on administrative leave, fire federal employees, seek employees' resignations, cancel contracts, cancel or suspend payments, cancel or suspend grants, not expend funds appropriated by Congress, or terminate units of or entire agencies.

**Topics for Depositions of Individuals:**

Plaintiffs seek to depose Greg Hogan, OPM's Chief Information Officer, limited to the topics covered in his Declaration (ECF No. 40). Plaintiffs propose that Mr. Hogan's deposition last a maximum of four hours.

Plaintiffs seek to depose Defendant Elon Musk on the topics listed below and propose that Defendant Musk's deposition last a maximum of six hours.

1. His role, responsibilities, and authority at or in connection with DOGE, including to whom he reports and the individuals he directly and indirectly supervises, including the source and derivation of that authority.
2. His involvement in DOGE employees gaining access to sensitive OPM data systems, including his participation, knowledge, or direction thereof.
3. Decisions, directives, and actions (including personnel actions) taken at least in part because

of the PI and PHI information accessed as referenced above, and who participated in the decisions, directives, and actions. This would include, but not be limited to, decisions to place federal employees on administrative leave, fire federal employees, seek employees' resignations, cancel contracts, cancel or suspend payments, cancel or suspend grants, not expend funds appropriated by Congress, or terminate units of or entire agencies.

Depending on the discovery responses, including identification of additional witnesses in written responses or in depositions, Plaintiffs reserve the right to seek additional depositions.