UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO, *et al.,*

                Plaintiffs,

          v.

U.S. OFFICE OF PERSONNEL
MANAGEMENT, *et al.*,

                Defendants.

No. 25 Civ. 1237 (DLC)

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:   (212) 637-2695/2772
*Attorney for Defendants*

JEFFREY OESTERICHER
DAVID E. FARBER
*Assistant United States Attorneys*
   - Of Counsel -

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii

PRELIMINARY STATEMENT.........................................................................................1

ARGUMENT ......................................................................................................................2

I.   Plaintiffs' Request for Expedited Discovery Is Premature and Should Be Denied
     Prior to Resolution of Defendants' Forthcoming Motion to Dismiss.......................3

II.  Plaintiffs Cannot Demonstrate that Expedited Discovery Is Warranted...................4

    A.  Discovery Is Generally Not Permitted in APA Cases, Especially Where, as Here,
        the Administrative Record Has Not Yet Been Produced ...................................4

    B.  Discovery in any APA Case Must Fit Within Narrow Exceptions to the
        Administrative Record Review Rule ..................................................................5

    C.  Document Discovery and Depositions of Witnesses in APA Cases Are Highly
        Disfavored .........................................................................................................8

    D.  Plaintiffs Have Not Demonstrated that Any Administrative Record Will Be
        Inadequate for Effective Judicial Review........................................................11

    E.  Plaintiffs Have Not Even Attempted to Demonstrate Bad Faith or
        Improper Behavior...........................................................................................14

    F.  Plaintiffs' Request for Preliminary Relief Does Not Justify Granting Expedited
        Discovery..........................................................................................................15

III. Plaintiffs' Expedited Discovery Requests Are Unreasonable and Overbroad ........16

IV.  Any Preliminary Injunction Hearing Should Not Be Consolidated on the Merits ...22

CONCLUSION..................................................................................................................24

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Ali v. Pompeo*,
  No. 16 Civ. 3691 (KAM)(SJB), 2018 WL 2058152 (E.D.N.Y. May 2, 2018) .......................... 8

*Almaklani v. Trump*,
  444 F. Supp. 3d 425 (E.D.N.Y. 2020) ...................................................................... 5

*Am. Canoe Ass'n, Inc. v. EPA*,
  46 F. Supp. 2d 473 (E.D. Va. 1999) ........................................................................ 8

*Am. Fed'n of Teachers v. Bessent*,
  No. 25 Civ. 430 (DLB), 2025 WL 582063 (D. Md. Feb. 24, 2025) ........................................ 15

*Atticus Ltd. Liab. Co. v. Dramatic Publ'g Co.*,
  No. 22 Civ. 10147 (DLC), 2023 WL 7151604 (S.D.N.Y. Oct. 31, 2023) (Cote, J.) ................ 16

*Attkisson v. Holder*,
  113 F. Supp. 3d 156 (D.D.C. 2015) ........................................................................ 21

*Ayyash v. Bank Al-Madina*,
  233 F.R.D. 325 (S.D.N.Y. 2005) ........................................................................... 16

*Bar MK Ranches v. Yuetter*,
  994 F.2d 735 (10th Cir. 1993) ............................................................................. 7

*Biden v. Texas*,
  597 U.S. 785 (2022) ........................................................................................ 14

*Brodsky v. U.S. Nuclear Regulatory Comm'n*,
  507 F. App'x 48 (2d Cir. 2013) ........................................................................... 5

*Camp v. Pitts*,
  411 U.S. 138 (1973) ...................................................................................... 5, 7

*Cheney v. U.S. Dist. Court for the Dist. of Columbia*,
  542 U.S. 367 (2004) .............................................................................. 3, 10, 19

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
  401 U.S. 402 (1971) ............................................................................... 6, 7, 14

*Colorado Wild Horse & Burro Coal., Inc. v. Kempthorne*,
  527 F. Supp. 2d 3 (D.D.C. 2007) .......................................................................... 4

*Commercial Drapery Contractors v. United States*,
  133 F.3d 1 (D.C. Cir. 1998) .............................................................................. 6

*Community for Creative Non-Violence v. Lujan*,
  908 F. 2d 992 (D.C. Cir. 1990) .......................................................................... 16

*Dep't of Commerce v. New York*,
    139 S. Ct. 2551 (2019) ........................................................................................................ 14

*Dopico v. Goldschmidt*,
    687 F.2d 644 (2d Cir. 1982) ................................................................................................. 7

*Edakunni v. Mayorkas*,
    No. 21 Civ. 00393 (TL), 2022 WL 16949330 (W.D. Wash. Nov. 15, 2022) ....................... 9

*EDF Resource Capital., Inc. v. U.S. Small Bus. Admin.*,
    910 F. Supp. 2d 280 (D.D. C. 2012) .................................................................................. 16

*Florida Power & Light Co. v. Lorion*,
    470 U.S. 729 (1985) ................................................................................................... 4, 8, 14

*Friends Of The Earth v. U.S. Dep't of Interior*,
    236 F.R.D. 39 (D.D.C. 2006) ............................................................................................... 8

*Gomez v. Trump*,
    No. 20 Civ. 0419 (APM), 2020 WL 12919371 (D.D.C. Aug. 13, 2020) ............................ 6, 8

*Hadwan v. U.S. Dep't of State*,
    340 F. Supp. 3d 351 (S.D.N.Y. 2018) ............................................................................... 14

*Hadwan v. U.S. Dep't of State*,
    No. 17 Civ. 578 (VEC), 2021 WL 4037714 (S.D.N.Y. Sept. 3, 2021) ............................ 5, 11

*In re Cheney*,
    544 F.3d 311 (D.C. Cir. 2008) .......................................................................................... 19

*In re Clinton*,
    973 F.3d 106 (D.C. Cir. 2020) .......................................................................................... 20

*In re Department of Commerce*,
    139 S. Ct. 360 (2018) (No. 18A375) ................................................................................. 20

*In re Department of Commerce*,
    139 S. Ct. 566 (2018) (No. 18-557) .................................................................................. 20

*In re Nielsen*,
    No. 17-3345 (2d Cir. Dec. 27, 2017) .................................................................................. 7

*In re U.S. Dep't of Commmerce*,
    No. 18-2652, 2018 WL 6006904 (2d Cir. Sept. 25, 2018) ............................................... 6, 13

*In re U.S. Dep't of Educ.*,
    25 F.4th 692 (9th Cir. 2022) ............................................................................................. 20

*In re United States*,
    583 U.S. 29 (2017) ...................................................................................................... 3, 12

*Lardner v. DOJ,*
No. 03 Civ. 0180, 2005 WL 758267 (D.D.C. Mar. 31, 2005).................................................. 10

*Manker v. Spencer,*
No. 18 Civ. 372 (CSH), 2019 WL 1506654 (D. Conn. Apr. 5, 2019)...................................... 14

*Moreno v. United States,*
No. 24 Civ. 245, 2024 WL 3763755 (W.D. Tex. Aug. 12, 2024)............................................... 3

*Nat. Res. Def. Council, Inc. v. FDA,*
598 F. Supp. 3d 98 (S.D.N.Y. 2022) ....................................................................................... 22

*Nat'l Audubon Soc'y v. Hoffman,*
132 F.3d 7 (2d Cir. 1997) ............................................................................................... 5, 6, 14

*Neema v. Renaud,*
No. 21 Civ. 9, 2021 WL 6803282 (D. Vt. Mar. 4, 2021) ..................................................... 9, 10

*Neighborhood Assistance Corp. of Am. v. HUD,*
No. 11 Civ. 1312 (RLW), 2011 WL 3611461 (D.D.C. Aug. 17, 2011)...................................... 9

*New York Inst. of Dietetics, Inc. v. Riley,*
966 F. Supp. 1300 (S.D.N.Y. 1997) (Cote J.)............................................................................. 5

*Off. of Foreign Assets Control v. Voices in Wilderness,*
382 F. Supp. 2d 54 (D.D.C. 2005) ............................................................................................. 6

*Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs,*
448 F. Supp. 2d 1 (D.D.C. 2006) ............................................................................................... 5

*Pension Benefit Guar. Corp. v. LTV Steel Corp.,*
119 F.R.D. 339 (S.D.N.Y. 1988) ............................................................................................... 7

*Pleasant E. Assocs. v. Martinez,*
No. 02 Civ. 4144 (LMM), 2002 WL 31458224 (S.D.N.Y. Nov. 4, 2002) ................................. 7

*Ragbir v. Homan,*
No. 18 Civ. 1159 (PKC), 2018 WL 11365231 (S.D.N.Y. Mar. 26, 2018) ................................. 3

*Reboot Macon, Inc. v. United States,*
No. 21 Civ. 221 (MTT), 2022 WL 4872480 (M.D. Ga. Oct. 3, 2022) .................................... 16

*SEC v. Chenery Corp.,*
318 U.S. 80 (1943)................................................................................................................... 14

*Sharkey v. Quarantillo,*
541 F.3d 75 (2d Cir. 2008) ........................................................................................................ 5

*Simplex Time Recorder Co. v. Secretary of Labor,*
766 F.2d 575 (D.C. Cir. 1985).................................................................................................. 19

*State v. Trump*,
    No. 25 Civ. 1144 (JAV), 2025 WL 573771 (S.D.N.Y. Feb. 21, 2025)......................................... 15

*Univ. of Tex. v. Camenisch*,
    451 U.S. 390 (1981).......................................................................................................... 22

*Utts v. Bristol-Myers Squibb Co.*,
    251 F. Supp. 3d 644 (S.D.N.Y. 2017) (Cote, J.)....................................................................... 4

**Statutes**

5 U.S.C. § 552a(b) .............................................................................................................. 18

5 U.S.C. § 552a(c) .............................................................................................................. 18

5 U.S.C. § 705 ................................................................................................................. 1, 15

**Other Authorities**

Executive Order 14,158, 90 Fed. Reg. 8441 (Jan. 20, 2025)....................................................... 10

**Rules**

Federal Rule of Civil Procedure 30(b)(6) ....................................................................... 3, 8, 9, 18

Federal Rule of Civil Procedure 65(a)(2) .............................................................................. 22

**Treatises**

11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2950 (3d ed.) ........ 22

## PRELIMINARY STATEMENT

The standard procedure in a challenge to decisions made by administrative agencies is well established. In the normal course, after the government defendant has had an opportunity to litigate threshold issues such as standing and reviewability, the defendant produces the administrative record justifying the final agency action, and the Court bases its judicial review of whether the agency's action comports with the Administrative Procedure Act ("APA") based on that administrative record alone. Occasionally, a plaintiff may seek preliminary, emergency relief, but that application must still follow the procedural dictates of the APA. Discovery is not permitted in an APA case unless the plaintiff can demonstrate that one of the narrow, circumscribed exceptions apply. And expedited discovery, which is far from the norm even in civil litigation contexts, is exceedingly rare in APA litigation.

Yet that is precisely what Plaintiffs have proposed here. Their Motion for Expedited Discovery, ECF No. 52 ("Pls' Mem."), seeks to circumvent the normal course of litigation in an APA case (and in civil litigation more generally) to gather extensive discovery before the Court has had an opportunity to adjudicate whether it even has jurisdiction to hear this dispute. That alone is reason to deny their motion. To the extent this case proceeds past the Court's determination of Defendants' forthcoming motion to dismiss, the agency at issue—the Office of Personnel Management ("OPM")—will compile the administrative record. At that time, Plaintiffs may move for supplementation of the administrative record or extra-record discovery, to the extent they believe a recognized exception to the default record review rule applies.

Moreover, the U.S. District Court for the District of Maryland has already issued a temporary restraining order against OPM in a similar case, providing all of the preliminary relief pending review that Plaintiffs seek in this action. *See* 5 U.S.C. § 705 (allowing preliminary relief in APA cases only "to the extent necessary to prevent irreparable injury"). In that case, the Court

has ordered OPM to produce the administrative record by this Friday. As a result, Plaintiffs do not have a compelling need for expedited discovery. And they have effectively conceded as much by foregoing their request for a temporary restraining order in favor of converting their request to a motion for a preliminary injunction. Moreover, Plaintiffs assert that they *already have* enough evidence to sustain their request for preliminary relief. Having decided to abandon their request for emergency relief, Plaintiffs cannot now claim that they have a need for expedited discovery.

Even if Plaintiffs had a basis to pursue expedited discovery (which they do not), their proposed expedited discovery requests are clearly unreasonable and patently overbroad. The content of their proposed discovery requests reveals the true fishing expedition Plaintiffs desire—seeking information, documents and testimony, including from the President's senior advisors, entirely unrelated to the sole claim and injury for which they seek preliminary injunctive relief—whether OPM has improperly granted government employees access to its sensitive records systems.

Given Plaintiffs' failure to demonstrate that any real exigency exists or that any exception to the APA's record review applies, this litigation should follow the ordinary procedural course: the preliminary injunction motion should be denied without prejudice or held in abeyance; the Court should adjudicate the Government's forthcoming motion to dismiss; and, if Plaintiffs' claims survive, Defendants should be required to compile and certify the administrative record, with cross-motions for summary judgment to follow.

For all of these reasons, Plaintiffs' motion for expedited discovery should be denied.

## ARGUMENT

Discovery in an APA case is generally unavailable. And expedited discovery in an APA case before resolution of the Government's motion to dismiss is even further from routine. All the more so where the requested expedited discovery would reach into the inner workings of the White

House itself. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 388 (2004). To justify such an extraordinary measure, Plaintiffs must—at bare minimum—demonstrate an exception to the APA's administrative record rule, demonstrate a legitimate need for expedited production of the material sought, and narrowly tailor any discovery requests accordingly. They have failed to do so.

## I.    Plaintiffs' Request for Expedited Discovery Is Premature and Should Be Denied Prior to Resolution of Defendants' Forthcoming Motion to Dismiss

As a threshold matter, Defendants should not be required to compile the administrative record, let alone engage in extra-record discovery, prior to this Court addressing Defendants' forthcoming motion to dismiss. *See In re United States*, 583 U.S. 29, 32 (2017) (directing district court to first rule on Government's threshold arguments before it can order supplementation of the administrative record). Here, the Government has already made (ECF No. 39 ("Gov't Mem."), at 6-23) and will further advance threshold arguments in its forthcoming motion to dismiss, including that Plaintiffs lack standing, their claims are not reviewable under the APA, and the Court does not otherwise have jurisdiction to provide their requested relief. *See In re United States*, 583 U.S. at 31-32 ("[T]hose arguments, if accepted, likely would eliminate the need for the District Court to examine a complete administrative record."). Granting Plaintiffs' application for expedited discovery "would result in the Court similarly putting the cart before the horse." *Ragbir v. Homan*, No. 18 Civ. 1159 (PKC), 2018 WL 11365231, at *2 (S.D.N.Y. Mar. 26, 2018) (denying application for expedited discovery, including document demands and a Rule 30(b)(6) deposition, prior to determination of the Government's motion to dismiss) (citing *In re United States*, 583 U.S. at 31-32); *see also Moreno v. United States,* No. 24 Civ. 245, 2024 WL 3763755, at *2 (W.D. Tex. Aug. 12, 2024) ("If discovery were to continue in this case while Defendants' motion to dismiss is

pending, Defendants would be subject to undue burden and expense undertaking discovery on claims that this Court may dismiss on immunity grounds.").

As this Court has recognized, even in non-APA cases, "[t]he motion to dismiss mechanism exists to prevent plaintiffs from conducting fishing expeditions to see if they can cobble together meritorious claims." *Utts v. Bristol-Myers Squibb Co.*, 251 F. Supp. 3d 644, 673 (S.D.N.Y. 2017) (Cote, J.), *aff'd sub nom. Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019). That maxim applies even more forcefully in a matter brought pursuant to the APA, under which discovery is generally unavailable. If OPM's decision to grant certain employees access to OPM's own records systems "is not subject to APA review, no discovery concerning its antecedents or current effect would add to this APA case and none will be allowed." *Colorado Wild Horse & Burro Coal., Inc. v. Kempthorne*, 527 F. Supp. 2d 3, 8 (D.D.C. 2007).

Moreover, even if the Court ultimately decides that some of Plaintiffs' claims survive a motion to dismiss, it is likely that resolution of the threshold issues raised by Defendants will narrow any issues that might need to be addressed on the merits, and thus the scope of the resulting administrative record. Accordingly, any motion for expedited discovery is premature and should be denied prior to resolution of Defendants' forthcoming motion to dismiss.

## II. Plaintiffs Cannot Demonstrate that Expedited Discovery Is Warranted

### A. Discovery Is Generally Not Permitted in APA Cases, Especially Where, as Here, the Administrative Record Has Not Yet Been Produced

Under the APA, review of the final agency action is limited to the certified administrative record, and the district court's role is to review the agency decision based on the record that the agency presents to the court. *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). It is a well-established general principle of administrative law that the "focal point for judicial review should be the administrative record already in existence, not some new record made

initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also New York Inst. of Dietetics, Inc. v. Riley*, 966 F. Supp. 1300, 1311 (S.D.N.Y. 1997) (Cote J.) (same).

The agency is responsible for compiling the administrative record, and it is entitled to a "strong presumption of regularity" in having properly done so. *Hadwan v. U.S. Dep't of State*, No. 17 Civ. 578 (VEC), 2021 WL 4037714, at *3 (S.D.N.Y. Sept. 3, 2021) (citing *Brodsky v. U.S. Nuclear Regulatory Comm'n*, 507 F. App'x 48, 52 (2d Cir. 2013) (court must "afford deference to the agency's determination" of the record) and *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) ("[A]bsent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record.")). It is for this reason that "under the APA, discovery rights are significantly limited. The respondent agency must turn over the whole administrative record as it existed at the time of the challenged agency action, but normally no more." *Sharkey v. Quarantillo*, 541 F.3d 75, 92 n.15 (2d Cir. 2008); *see also Nat'l Audobon Soc'y v. Hoffman,* 132 F.3d 7, 14 (2d Cir. 1997) ("Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision."). "Put differently, because the district court in an APA case 'sits not as a fact-finder, but as a reviewing court, discovery is generally not permitted.'" *Hadwan*, 2021 WL 4037714, at *3 (quoting *Almaklani v. Trump*, 444 F. Supp. 3d 425, 430 (E.D.N.Y. 2020)).

### B. Discovery in any APA Case Must Fit Within Narrow Exceptions to the Administrative Record Review Rule

In suits governed by the APA, the Supreme Court has made clear that the availability of extra-record discovery is solely dependent on whether (1) a plaintiff has made a "strong showing of bad faith or improper behavior," or (2) the court finds that the record lacks formal administrative findings necessitating extra-record evidence to allow for "effective judicial review." *Citizens to*

*Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *see also Hoffman*, 132 F.3d at 14

("[E]xtra-record investigation by the reviewing court may be appropriate when there has been a

strong showing in support of a claim of bad faith or improper behavior on the part of agency

decisionmakers or where the absence of formal administrative findings makes such investigation

necessary in order to determine the reasons for the agency's choice." (citing *Overton Park*, 401

U.S. at 420)); *Commercial Drapery Contractors v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998)

(permitting discovery in APA cases only "when there has been 'a strong showing of bad faith or

improper behavior' or when the record is so bare that it prevents effective judicial review" (citation

omitted)). This standard is, necessarily, a demanding one. Were it otherwise, "every challenge to

administrative action would turn into a fishing expedition into the motives of the defendant

agency." *Off. of Foreign Assets Control v. Voices in Wilderness*, 382 F. Supp. 2d 54, 63 (D.D.C.

2005).

     Application of these exceptions assumes: (1) that the Court has resolved the threshold

question of whether the action in question is reviewable under the APA, *see supra* at 3-4; (2) that

the government has had an opportunity to compile and provide the administrative record to the

Court and the plaintiffs; and (3) that the parties have had an opportunity to brief the issue of

whether the record is substantially complete or should be supplemented, by discovery or otherwise.

*See, e.g., Gomez v. Trump*, No. 20 Civ. 0419 (APM), 2020 WL 12919371, at *1 (D.D.C. Aug. 13,

2020) (in APA case, denying plaintiffs' request for expedited discovery and ordering government

to promptly produce the certified administrative record); *cf. In re U.S. Dep't of Commmerce*, No.

18-2652, 2018 WL 6006904, at *1 (2d Cir. Sept. 25, 2018) (affirming grant of extra-record

discovery where district court "made careful factual findings supporting its conclusion that the

initial administrative record was incomplete and that limited extra-record discovery was

warranted"); *In re Nielsen*, No. 17-3345 (2d Cir. Dec. 27, 2017), Slip Op. at 2 (affirming order to supplement administrative record where "[p]laintiffs in the District Court have identified specific materials that appear to be missing from the record"); *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) ("When a showing is made that the record may not be complete, limited discovery is appropriate to resolve that question.").

Indeed, the cases cited in Plaintiffs' motion (Pls' Mem. 15-16) make clear that extra-record discovery in APA cases is only available once the court has had an opportunity to evaluate the administrative record and the parties have had the opportunity to address whether that record should be supplemented. *See, e.g., Pension Benefit Guar. Corp. v. LTV Steel Corp.*, 119 F.R.D. 339, 343 (S.D.N.Y. 1988) ("The underlying rationale for permitting some limited discovery in this action is to *ensure the completeness* of the administrative record before the court." (emphasis added)); *Camp*, 411 U.S. at 143 ("It is in this context that the Court of Appeals should determine whether and to what extent, *in the light of the administrative record*, further explanation is necessary to a proper assessment of the agency's decision." (emphasis added)); *Overton Park*, 401 U.S. at 420 (a court's "review is to be based on the full administrative record … [b]ut since the bare record *may* not disclose the factors that were considered … it *may* be necessary for the District Court to require some explanation," (emphasis added)); *Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982) (reversing summary judgment and remanding for "appropriate discovery as to the *completeness* of the administrative record" (emphasis added)); *Pleasant E. Assocs. v. Martinez*, No. 02 Civ. 4144 (LMM), 2002 WL 31458224, at *1 (S.D.N.Y. Nov. 4, 2002) (denying summary judgment and allowing document discovery where parties disputed "whether the administrative record presented to the Court was indeed the full record that had been before the agency"). At bottom, discovery in APA cases, even when warranted pursuant to an exception to the

administrative record review rule, must come after the Government has had the opportunity to produce the administrative record and the parties have addressed whether it needs to be supplemented, by discovery or otherwise.

### C.  Document Discovery and Depositions of Witnesses in APA Cases Are Highly Disfavored

As noted above, discovery in APA cases is the exception and not the rule. And even when a plaintiff can show, after review of the administrative record, that discovery is warranted, a court should only permit discovery necessary to effectuate the court's judicial review of the action challenged. *See, e.g., Ali v. Pompeo*, No. 16 Civ. 3691 (KAM)(SJB), 2018 WL 2058152, at *4 (E.D.N.Y. May 2, 2018) ("When permitted [in an APA case], the discovery should not transform the litigation into one involving all the liberal discovery available under the Federal Rules. Rather, the Court must permit only that discovery necessary to effectuate the Court's judicial review." (citations omitted)). As a result, courts routinely deny requests for extra-record discovery in APA cases, such as the request advanced by Plaintiffs. *See, e.g., Gomez*, 2020 WL 12919371, at *1 (denying plaintiffs' Rule 30(b)(6) request as "essentially duplicative" of administrative record); *Friends Of The Earth v. U.S. Dep't of Interior*, 236 F.R.D. 39, 41-42 (D.D.C. 2006) (barring discovery and denying Rule 30(b)(6) deposition in APA case); *Am. Canoe Ass'n, Inc. v. EPA*, 46 F. Supp. 2d 473, 475 (E.D. Va. 1999) (granting protective order in APA case striking discovery requests, including a Rule 30(b)(6) deposition). Indeed, discovery in an APA case is always a last resort. Instead, where the administrative record is deemed insufficient, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation," and not to allow for discovery. *Florida Power*, 470 U.S. at 744.

Despite this clear weight of authority, Plaintiffs claim that "expedited depositions, including Rule 30(b)(6) depositions, are appropriate in the context of APA claims." Pls' Mem. at

11. In this regard, Plaintiffs' reliance on *Neighborhood Assistance Corp. of Am. v. HUD*, No. 11 Civ. 1312 (RLW), 2011 WL 3611461 (D.D.C. Aug. 17, 2011), misses the mark. *See* Pls' Mem. at 12. While Plaintiffs are correct that the court in that APA case did allow for expedited extra-record discovery in advance of a preliminary injunction hearing, it was only because plaintiffs there had "made a strong preliminary showing that the agency acted improperly or in bad faith." *Neighborhood Assistance Corp. of Am.*, 2011 WL 3611461, at *2. Plaintiffs have not done so here.

Plaintiffs also rely on *Edakunni v. Mayorkas*, No. 21 Civ. 00393 (TL), 2022 WL 16949330, at *1 (W.D. Wash. Nov. 15, 2022), in claiming that expedited depositions of agency witnesses are authorized in APA cases. Pls' Mem. at 11. However, Plaintiffs fail to note that the court in *Edakunni* only allowed for limited depositions *after* the administrative record had been produced and reviewed by the court, and *not* on an expedited basis. *Edakunni*, 2022 WL 16949330, at *2 (finding that "the information Defendant has provided in response to the motion to supplement does not provide the Court a full enough picture to determine" the issues). Moreover, the court in *Edakunni* relied on Ninth Circuit precedent allowing for an exception to the administrative record review rule in cases of "agency inaction" or delay. *See id.* at *1. Here, Plaintiffs have failed to show that any exception to the record rule applies.

Plaintiffs' reliance on *Neema v. Renaud*, No. 21 Civ. 9, 2021 WL 6803282, at *1 (D. Vt. Mar. 4, 2021), is similarly misplaced. Pls' Mem. at 11. In *Renaud*, the court ordered a Rule 30(b)(6) deposition in an APA challenge, *see* 2021 WL 6803282, at *1, but only after denying the Government's threshold motion to dismiss and transfer. *See* Mem. and Order (ECF No. 38), *Neema v. Renaud*, No. 21 Civ. 9 (D. Vt. Jan. 13, 2021). Moreover, in *Renaud*, the court based its decision to allow expedited discovery on plaintiffs' claim that the agency's policy of "purposeful delay" was "improper," and the court's recognition that such cases premised on delayed agency action

create obstacles to timely review of plaintiffs' claims. *Renaud*, 2021 WL 6803282, at *2 ("The court recognizes that plaintiffs face obstacles in seeking interlocutory review of agency action on grounds of delay." (citation omitted)). That is not the case here.

Plaintiffs' requests for discovery directed at the U.S. DOGE Service ("USDS") are even further disfavored. Litigation involving the Executive Office of the President is far different from garden variety litigation or a standard APA case. In such a case, the separation of powers "should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Cheney*, 542 U.S. at 385. Among other things, this means that before a plaintiff may demand discovery from a component within the White House, the plaintiff must "satisfy his burden of showing the propriety of the requests"—e.g., that there is a compelling "need" for such material, that the requests are not overbroad and unduly burdensome, and that "other avenues" are unavailable to obtain relevant material. *Id.* at 384-90; *see also Lardner v. DOJ*, No. 03 Civ. 0180, 2005 WL 758267, at *9 (D.D.C. Mar. 31, 2005) ("[A] court must screen a request for presidential documents to ensure that the discovery is essential to the proceedings."). The strong presumption against such discovery includes not only the President, but also his senior advisors—such as Mr. Musk.[1] *See Cheney*, 542 U.S. at 385 (discussing discovery requests directed to the Vice President "and other senior Government officials who served on the NEPDG to give advice and make recommendations to the President"). And that also includes USDS, which is "established in the Executive Office of the President." E.O. 14,158, 90 Fed. Reg. 8441, 8441 (Jan. 20, 2025). Here, Plaintiffs fail to show a compelling need for discovery from USDS or Mr. Musk, that their discovery requests directed

---

[1] Moreover, Mr. Musk is incorrectly named in this action as a defendant in his official capacity as the "apparent director of the U.S. DOGE Service Temporary Organization." *See* ECF No. 1 ¶ 27. Executive Order 14,158 established within the U.S. DOGE Service a temporary organization known as "the U.S. DOGE Service Temporary Organization." E.O. 14,158 § 3(b). The U.S. DOGE Service Temporary Organization is headed by the USDS Administrator, there is no "director." *Id.*

at USDS are not overly broad or unduly burdensome, and that other avenues for obtaining relevant materials do not exist—especially in light of the APA's administrative record review rule. Accordingly, any discovery requests directed at USDS should be rejected outright.

### D. Plaintiffs Have Not Demonstrated that Any Administrative Record Will Be Inadequate for Effective Judicial Review

Stated more broadly, Plaintiffs have not and cannot demonstrate (1) that discovery is necessary to effectuate the court's judicial review, or (2) a strong showing of bad faith or improper behavior warranting such extra-record discovery. As a result, Plaintiffs request for expedited discovery should be denied.

Because the Government has not yet produced the administrative record in this case, Plaintiffs cannot point to any gaps in that record that would frustrate effective judicial review. Plaintiffs' conclusory assertion that "no administrative record likely exists about key issues to facilitate judicial review," Pls' Mem. at 2, is woefully insufficient. To the extent the Court determines—after addressing the threshold issues to be raised by the Government in its forthcoming motion to dismiss—that this matter should proceed, the Government will compile and produce an administrative record sufficient for effective judicial review. *Cf. Hadwan*, 2021 WL 4037714, at *3 (party seeking to supplement the administrative record must "rebut the 'strong presumption' that the agency properly designated the documents to be included in the record" (citations omitted)).

Indeed, the same Maryland Court that granted injunctive relief against OPM recently denied plaintiffs' request for expedited discovery in that matter. Instead, Judge Boardman ordered that the Government should first produce the administrative record by this Friday, March 7; plaintiffs may thereafter notify the court if they still seek limited discovery after review of that record; and the Government will have an opportunity to respond, prior to a preliminary injunction

hearing on March 17. *See* Paperless Order (ECF No. 46), *Am. Fed'n of Teachers v. Bessent*, No. 25 Civ. 430 (DLB), (D. Md. Feb. 26, 2025).[2] That procedure comports with Second Circuit precedent requiring the production of the administrative record, briefing on any purported gaps in that record, and a determination by the Court as to the administrative record's substantial completeness.

Plaintiffs rely (Pls' Mem. at 12) on a recent order of the U.S. District Court for the District of Columbia granting expedited discovery in an action raising alleged Privacy Act violations at different agencies other than OPM. *See* Order (ECF No. 48), *Am. Fed'n of Labor and Congress of Ind. Orgs. v. DOL*, No. 25 Civ. 339 (JDB) (D.D.C. Feb. 27, 2025). The Government respectfully submits that this order was wrongly decided.[3] *First*, the D.C. Court did not address whether it was proper to proceed with expedited discovery prior to ruling on the Government's threshold arguments in its motion to dismiss. *Id.*; *cf. In re United States*, 583 U.S. at 32 (directing district court to first address threshold issues before ordering supplementation of administrative record). *Second*, the D.C. Court appears to have fashioned an entirely novel and *sui generis* exception to the administrative record review rule—one that rests on the court's assertion that the case before it is "not an ordinary APA case." *Id.* at 5; *see also id.* at 7 ("[T]his case merits an exception to the general prohibition of discovery in APA cases."). *Third*, the D.C. Court failed to provide an opportunity for the Government to first compile and produce the administrative record, and then determine if any "gaps" in that record exist. *See id.* at 6. Instead, the D.C. Court surmised that it

---

[2] During a February 26, 2025 status conference, Judge Boardman considered and rejected a request for expedited extra-record discovery that mirrors Plaintiffs' request here. *See* Hr'g Tr., *Am. Fed'n of Teachers v. Bessent*, No. 25 Civ. 430 (D. Md. Feb. 26, 2025) (hearing transcript attached hereto). In rejecting plaintiffs' request, Judge Boardman recognized that "[t]he bar is high to get discovery in a APA case." *Id.* at 13:12.

[3] It should be noted that the D.C. Court observed that "[w]hether to grant the motion [for expedited discovery]" was "a close question," *id.* at 1, and the Court's ruling limited the plaintiffs' discovery requests, *id.* at 12, 14, which, as discussed *infra*, were already narrower than the exceedingly broad requests at issue here.

was not "evident that there exists a standard administrative record that defendants could submit," *id.* at 6, and further concluded—without the benefit of the administrative record—that there was a need for "filling in gaps . . . to determine what the agency actually did," *id.* (internal quotation marks and citation omitted). That course of action contravenes Second Circuit precedent requiring district courts to first determine whether the administrative record is somehow incomplete before ordering discovery. *See, e.g., In re U.S. Dep't of Commmerce*, 2018 WL 6006904, at *1. Accordingly, this Court should not follow the D.C. Court's lead in granting expedited discovery here.[4]

Moreover, Plaintiffs' assertion that "[d]iscovery is especially appropriate here precisely because Defendants are acting pursuant to an unannounced and unacknowledged policy," Pls' Mem. at 16, is directly at odds with their prior assertion that OPM's decision to grant access to OPM's sensitive data systems was widely reported in the news media, *see, e.g.* ECF No. 28 at 14 ("As reported, OPM gave broad access to all OPM personnel systems to at least six newly installed DOGE agents starting on January 20, 2025. More agents later gained access."). Moreover, Plaintiffs' assertion is inexplicable in light of the sworn declaration submitted by OPM confirming that access has been granted to OPM employees implementing the USDS Executive Order. *See* Declaration of Greg Hogan (ECF No. 40). Far from being unannounced and unacknowledged, the Government has made clear that OPM's grant of access (while unreviewable by Plaintiffs under the APA) is in accordance with the strictures of the Privacy Act. *See* ECF No. 39, at 19-23.

---

[4] Plaintiffs also claim that the U.S. District Court for the Northern District of California "granted plaintiffs' motion for expedited discovery after granting a temporary restraining order enjoining OPM," Pls' Mem. at 12 (citing *Am. Fed'n of Gov't Emps. v. OPM*, No. 25 Civ. 1780 (N.D.Ca. Feb. 27, 2025) (ECF No. 41)). However, they are mistaken. Judge Alsup directed the Government to identify certain individuals on a single interagency call, and nothing more—expressly declining to allow document discovery. *See* Hr'g Tr. 71:1-11, *Am. Fed'n of Gov't Emps. v. OPM*, No. 25 Civ. 1780 (N.D.Ca. Feb. 27, 2025) (hearing transcript attached hereto).

Finally, even if "gaps" in any future administrative record *might* exist that would frustrate effective judicial review, then the proper course is for the Court "to remand to the agency for additional investigation or explanation"—not allow Plaintiffs wide-ranging discovery. *See Florida Power,* 470 U.S. at 744; *see also Hoffman*, 132 F.3d at 15-16 (affirming agency's submission of extra-record evidence to supplement the administrative record and adequately explain the agency's reasoning). Plaintiffs' request for expedited discovery is thus premature and unwarranted.

### E.  Plaintiffs Have Not Even Attempted to Demonstrate Bad Faith or Improper Behavior

As noted above, plaintiffs must make a "strong showing" of bad faith or improper behavior to warrant discovery under this exception. *See Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573-74 (2019) ("[W]e have recognized a narrow exception to the general rule against inquiring into 'the mental processes of administrative decisionmakers.' On a 'strong showing of bad faith or improper behavior,' such an inquiry may be warranted and may justify extra-record discovery.") (quoting *Overton Park*, 401 U.S. at 420)); *Biden v. Texas*, 597 U.S. 785, 812 (2022) (requiring "'strong showing of bad faith or improper behavior,' … before deviating from our normal rule that '[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based'" (quoting *Overton Park*, 401 U.S. at 420 and *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943))). This requisite "strong showing … cannot be made through naked assertions of bad faith." *Hadwan v. U.S. Dep't of State*, 340 F. Supp. 3d 351, 356 (S.D.N.Y. 2018) (cleaned up and citation omitted).  Indeed, the APA does not allow "*alleged* bias to serve as a basis for going outside of the record." *Manker v. Spencer*, No. 18 Civ. 372 (CSH), 2019 WL 1506654, at *5 (D. Conn. Apr. 5, 2019) (emphasis added).

Plaintiffs' motion fails to even allege that Defendants have engaged in bad faith or improper behavior in the conduct of this litigation, let alone make the requisite strong showing required to

permit extra-record discovery. Accordingly, any claim that extra-record discovery should proceed based on this exception to the administrative record review rule is meritless.

### F.  Plaintiffs' Request for Preliminary Relief Does Not Justify Granting Expedited Discovery

Plaintiffs argue that they should be entitled to expedited discovery because they have already established the elements necessary for a preliminary injunction. *See* Pls' Mem. at 13-14 ("Through these allegations and supporting declarations, Plaintiffs have satisfied the higher burden of likelihood of success on the merits required for granting a preliminary injunction."). But if that is the case, it is not clear what the possible justification for *expedited* discovery could be. If Plaintiffs already believe they will succeed in establishing their entitlement to injunctive relief at a preliminary injunction hearing, based on the record as it stands, then expedited discovery in advance of any preliminary injunction hearing is completely unnecessary. Notably, other plaintiffs in related litigation have succeeded in obtaining preliminary relief—and they were able to make a showing that convinced the district court without threshold discovery. *See, e.g., State v. Trump*, No. 25 Civ. 1144 (JAV), 2025 WL 573771, at *1 (S.D.N.Y. Feb. 21, 2025). Since Plaintiffs assert they already have all the information they need to prevail on their request for a preliminary injunction, then the Court should deny their motion for expedited discovery.

Moreover, another court has already provided the relief pending review that Plaintiffs seek, *see* Pls' Mem. at 14 (citing *Am. Fed'n of Teachers v. Bessent*, No. 25 Civ. 430 (DLB), 2025 WL 582063 (D. Md. Feb. 24, 2025)); *see also* Order, ECF No. 47 (citing TRO issued against OPM). Given that development, no urgency exists and further preliminary relief pending review of the administrative record is unnecessary. *See* 5 U.S.C. § 705 (court may enter injunction in APA case to preserve status quo pending conclusion of review proceedings, but only "[o]n such conditions as may be required and to the extent necessary to prevent irreparable injury"). And the mere fact

that Plaintiffs intend to seek a preliminary injunction does not alter the general administrative record review rule in APA cases. Numerous courts have denied requests for discovery in APA cases where plaintiffs sought a preliminary injunction. *See, e.g.*, *Community for Creative Non-Violence v. Lujan*, 908 F. 2d 992, 997-98 (D.C. Cir. 1990); *EDF Resource Capital., Inc. v. U.S. Small Bus. Admin.*, 910 F. Supp. 2d 280, 286 (D.D. C. 2012); *Reboot Macon, Inc. v. United States*, No. 21 Civ. 221 (MTT), 2022 WL 4872480, at \*3 (M.D. Ga. Oct. 3, 2022). This Court should do so as well.

## III.   Plaintiffs' Expedited Discovery Requests Are Unreasonable and Overbroad

While Plaintiffs claim that the "prevailing standard for granting expedited discovery is the 'flexible standard of good cause and reasonableness,'" Pls' Mem. at 13 (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)), as discussed above, that standard is not applicable to cases under the APA or cases involving the White House—where any discovery is highly disfavored and expedited discovery is exceedingly rare. However, even applying the multi-factor "reasonableness" framework suggested by Plaintiffs (Pls' Mem. at 13), their expedited discovery requests are unreasonable and patently overbroad. *See, e.g., Atticus Ltd. Liab. Co. v. Dramatic Publ'g Co.*, No. 22 Civ. 10147 (DLC), 2023 WL 7151604, at \*4 (S.D.N.Y. Oct. 31, 2023) (Cote, J.) (courts may "control the scope of discovery to save the parties' 'time and expense' and to prevent 'a fishing expedition' on 'theories that are implausible on their face'").

Plaintiffs argue that their discovery requests are narrowly tailored, Pls' Mem. at 10, 14—but that is false. Plaintiffs have requested a litany of information unrelated to the sole allegation for which they seek preliminary injunctive relief—*i.e.*, their claim that OPM has improperly granted individuals access to its sensitive records systems. Indeed, much of what they request appears to be targeted at OPM decision making generally, DOGE's structure and activities, and

other topics of Plaintiffs' general interest; a review of Plaintiffs' proposed discovery requests (ECF No. 52-1), confirms they are substantially overbroad:

1. Plaintiffs' proposed interrogatories are clearly not narrowly tailored, let alone readily comprehensible. For example, Interrogatory No. 5 requires Defendants "to identify *all* decisions, directives, and actions taken *at least in part* because of the information [PII or PHI] accessed, and who participated in the decisions, directives, and actions," ECF No. 52-1, at 3 (emphasis added)— but this request does not appear to be limited to "DOGE Employees," as defined by Plaintiffs, and directs that Defendants identify *all* decisions taken government-wide based on access to any OPM data system—which is patently overbroad. Moreover, such information is obviously irrelevant to Plaintiffs' asserted claim for preliminary relief—as it would shed no light on any purported Privacy Act violations or the irreparable harm plaintiffs claim to have suffered. Similarly overbroad is Interrogatory No. 6, which directs OPM to identify *all* OPM employees that have detail agreements with other agencies—without limitation as to whether they have access to OPM records systems or not, or whether those detail agreements are with USDS or some other agency unrelated to this case. ECF No. 52-1, at 4. Interrogatory No. 8 directs Defendants to state whether "any individuals referenced in the Hogan Declaration who are or were DOGE employees . . . were interviewed by Elon Musk in connection with their prospective employment by DOGE," *id.*—one can only guess how this information could possibly factor into Plaintiff's request for preliminary injunctive relief.

2. Plaintiffs have similarly propounded capacious document requests that are completely untethered to their request for preliminary relief. For example, Discovery Request No. 5 requests "*All* emails, texts, and other communications between *any* employee of OPM and *any* employee of DOGE regarding access to sensitive OPM data systems." ECF No. 52-1, at 5 (emphasis added).

Discovery Request No. 6 requests irrelevant "records of disclosure, as required by 5 U.S.C. § 552a(c)." *Id.*[5] And Discovery Request No. 7 requests "*All* emails, texts, and other communications reflecting decisions, directives, and actions (including personnel actions) taken *at least in part* because of the PI and PHI information accessed" in OPM's systems since January 20, 2025. *Id.* (emphasis added). That request is patently overbroad and completely unnecessary to resolution of any preliminary injunction motion. It has nothing to do with whether the alleged data access was proper.

3. Plaintiffs seek two Rule 30(b)(6) depositions of OPM and U.S. DOGE Service, each lasting six-hours, on topics that are wholly duplicative of Plaintiffs' interrogatories and document requests. ECF No. 52-1, at 5-7. Plaintiffs provide no indication why these topics are appropriate or narrowly tailored.[6] Each of the topics goes well beyond the only issue raised by Plaintiffs in their request for preliminary relief—whether OPM's grant of access to new OPM employees falls within the exception at Section 552a(b)(1) of the Privacy Act. Indeed, it is not clear why Plaintiffs or this Court would need information concerning DOGE's "mission, structure, and responsibilities, leadership, scope of authority at OPM, and the roles and responsibilities of DOGE personnel working at OPM," in order to resolve Plaintiffs' request for preliminary relief. Nor, like many of Plaintiffs' requests, is this information related to the purported injury and irreparable harm that Plaintiffs claim.

---

[5] Agencies are required to keep an accurate accounting of certain disclosures made from an agency's records systems, *see* 5 U.S.C. § 552a(c). However, this requirement does not apply to disclosures made pursuant to 5 U.S.C. § 552a(b)(1)—the sole Privacy Act exception at issue in this case. *See* 5 U.S.C. § 552a(c)(1).

[6] Furthermore, Plaintiffs have not conferred in good faith with Defendants about the matters for examination listed in its Rule 30(b)(6) requests, as required.

4. Plaintiffs also seek a four-hour deposition of OPM's declarant, Chief Information Officer Greg Hogan, "limited to the topics covered in his Declaration." ECF No. 52-1, at 7. But Plaintiffs fail to explain how a deposition of Mr. Hogan "to test the truth of and clarify [purported] discrepancies," Pls' Mem. at 10, in his sworn declaration, submitted to the Court under penalty of perjury, is at all necessary to resolution of their request for preliminary relief or why any information they might seek to elicit from him could not be provided through an administrative record. While Plaintiffs may believe that Mr. Hogan's declaration, submitted in advance of an impending TRO, "leaves questions" unanswered (Pls' Mem. at 8-9), they are not entitled to engage in a fishing expedition for information in this APA case.

5. Finally, Plaintiffs request a six-hour of deposition of Elon Musk. ECF No. 52-1, at 7-8. This last request should be rejected outright. Plaintiffs make no argument that Mr. Musk would have any relevant information concerning the Privacy Act claims they have pursued in their request for preliminary injunctive relief. *Cf.* Pls' Mem. at 10 (asserting that Mr. Musk's deposition "is necessary to address his and his deputies' role, responsibilities, and authority over DOGE personnel and activities"). Indeed, he is not a proper party in this case. *See supra* at 10 n.1. Moreover, Mr. Musk serves as a senior advisor to the President, and it is well-settled that "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985). This is because the "duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere." *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008). That extends to the President's

senior advisors. *See Cheney*, 542 U.S. at 388.[7] In sum, Plaintiffs' proposed discovery requests are far from narrowly tailored and accordingly should be rejected.

Plaintiffs' argument that "absent the requested discovery, [they] will effectively be barred from litigating their well-pleaded claims," Pls' Mem. at 14, is incorrect. As explained *supra*, to the extent this case proceeds past a determination on the Government's motion to dismiss, then the Government will compile and produce the administrative record. Plaintiffs, like all litigants under the APA, will be able to seek relief on the basis of that administrative record. Indeed, that is how this case should proceed—and this factor weighs against granting any request for expedited discovery.

Similarly, Plaintiffs' assertion—in apparent conflict with their claim that they already have enough evidence entitling them to a preliminary injunction—that their requested discovery "is material to advance [their] claims," Pls' Mem. at 14-15, is unavailing. Plaintiffs offer no details as to what "material" evidence they need, but do not yet have. Plaintiffs suggest that "[k]ey questions [] remain unanswered about whether information was transferred or shared outside of OPM systems, whether equipment or systems outside of OPM were connected to OPM's systems, and whether records of access were properly maintained," Pls' Mem. at 9. But if Plaintiffs' have no

---

[7] Circuit courts have regularly granted mandamus relief for far-reaching discovery requests like this one, as well as where the plaintiffs have failed to exhaust other sources or establish a clear need for the specific information sought. *See, e.g., Cheney*, 544 F.3d at 314; *In re Clinton*, 973 F.3d 106, 120 (D.C. Cir. 2020); *Order, In re United States*, No. 14-5146 (D.C. Cir. July 24, 2014) (per curiam) (Secretary of Agriculture) (Vilsack Order); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 701 (9th Cir. 2022) ("Although district courts have occasionally ordered such depositions, circuit courts have issued writs of mandamus to stop them when asked to, generally finding that the circumstances before them were not extraordinary.") (collecting cases). And the Supreme Court has ordered relief in cases where lower courts did not appropriately enforce these principles. *See, e.g., In re Department of Commerce*, 139 S. Ct. 360 (2018) (No. 18A375) (staying deposition of Commerce Secretary); *In re Department of Commerce*, 139 S. Ct. 566 (2018) (No. 18-557) (treating petition for writ of mandamus as petition for writ of certiorari, and granting petition).

evidence of any of the above—just speculation derived from news reporting—then their claims should be dismissed. Plaintiffs cannot file suit against the Government and then seek extra-record discovery in hopes of finding something to justify their allegations, or if not, to develop new claims. That is the definition of a fishing expedition.

Plaintiffs' further assertions that "the scant information proffered by Defendants raises more questions than it answers," and that "[t]he discovery sought will ensure the Court has a sufficient record to evaluate the preliminary injunction motion," Pls' Mem. at 15, fares no better. In an APA case, the Government's compilation of the administrative record is clothed with a presumption of regularity and generally ensures a sufficient record for effective judicial review. *See, e.g.*, *Hadwan*, 2021 WL 4037714, at *3. If a live controversy remains after resolution of the Government's forthcoming motion to dismiss, then the best course of action—and the one required by the APA—is for the Government to compile that administrative record in due course.

Finally, Plaintiffs argue that they need expedited discovery because they are seeking to preserve the status quo and stop greater harm from occurring. Pls' Mem. at 15 (citing *Attkisson v. Holder*, 113 F. Supp. 3d 156, 164 (D.D.C. 2015) ("When the plaintiff will be irreparably harmed without expedited discovery, this factor weighs in favor of granting a motion for expedited discovery.")). However, where "there is no urgency in conducting discovery, [] this factor weighs against granting expedited discovery." *Attkisson*, 113 F. Supp. 3d at 164. As noted, because Plaintiffs have decided to forego a hearing on a temporary restraining order, they have effectively conceded that no urgency exists. Indeed, as Plaintiffs themselves point out (Pls' Mem. at 14), the U.S. District Court for the District of Maryland has already granted the temporary relief against OPM that Plaintiffs seek. *See supra* at 15. That litigation is proceeding apace, with the Government producing the administrative record this Friday, and a preliminary injunction hearing scheduled

for March 17. *Supra* at 11-12. Plaintiffs are thus hard pressed to show that there is any urgency in conducting expedited discovery to preserve the status quo or prevent irreparable harm. Accordingly, this factor also weighs against granting expedited discovery.

## IV.    Any Preliminary Injunction Hearing Should Not Be Consolidated on the Merits

The Court has also asked the parties to address whether any preliminary injunction hearing, in the event one is held, should be consolidated with a trial on the merits, pursuant to Federal Rule of Civil Procedure 65(a)(2). *See* Order, ECF No. 49 at 1. Defendants respectfully submit that consolidating any preliminary injunction hearing with a trial on the merits in this case is not warranted at this juncture.

Federal Rule of Civil Procedure 65(a)(2) provides a mechanism, in limited circumstances, for acceleration of a trial on the merits: "Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." However, as the Supreme Court has explained, accelerating a trial on the merits under Rule 65(a)(2) is "generally inappropriate" because a party "is not required to prove his case in full at a preliminary-injunction hearing." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). That is especially true in connection with a case brought under the APA. As noted above, an APA action must be decided not at trial, but on the basis of the full administrative record supporting the agency's decision. That is accomplished not through an evidentiary hearing, but through cross-motions for summary judgment, and only after deciding threshold jurisdictional issues. *See, e.g., Nat. Res. Def. Council, Inc. v. FDA*, 598 F. Supp. 3d 98, 106 (S.D.N.Y. 2022) ("When a party seeks review of agency action under the APA, the entire case on review is a question of law such that judicial review of agency action is often accomplished by filing cross-motions for summary judgment." (internal quotation and citation omitted)).

In addition, in deciding whether to consolidate a preliminary injunction hearing with a trial on the merits pursuant to Rule 65(a)(2), "the trial court should consider whether a real exigency has been shown that justifies giving the case preference over other disputes that already are on the docket." 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2950 (3d ed.). Here, Plaintiffs have failed to demonstrate irreparable harm warranting preliminary relief, *see* Gov't Mem. at 7-11, 24-25, another court has already granted the preliminary relief they seek, and they have effectively conceded that no real exigency exists by foregoing their request for a temporary restraining order. Given that Plaintiffs have thus far failed to show exigency, this litigation should follow the ordinary procedural course: the preliminary injunction motion should be denied without prejudice or held in abeyance; the Court should resolve the Government's forthcoming motion to dismiss; and, if Plaintiffs' claims survive, the Defendants should be allowed to compile and certify the administrative record, and the parties should be provided an opportunity to brief cross-motions for summary judgment.

To the extent the Court is inclined to exercise its discretion to consolidate any preliminary injunction hearing with an ultimate disposition of the case on the merits, the Government should be provided with an opportunity to compile and produce the administrative record to allow for effective judicial review. Consolidation before resolution of Defendant's motion to dismiss and compilation of the administrative record would deprive Defendants of the opportunity to present more fulsome briefing on such issues based on the agency's justifications in the full administrative record.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motion for expedited discovery.

Dated: New York, New York
March 4, 2025

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:    /s/ David E. Farber
JEFFREY OESTERICHER
DAVID E. FARBER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2695/2772

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the undersigned counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 7,728 words.

*/s/ David E. Farber*
Assistant United States Attorney