```
 1                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
 2                          SOUTHERN DIVISION

 3   AMERICAN FEDERATION OF TEACHERS,  )
     et al.,                           )
 4                                     )
             Plaintiffs               )
 5         vs.                         )
                                       ) CIVIL NO.:
 6   SCOTT BESSENT in his Official     ) 8:25-cv-00430-DLB
     Capacity as Secretary of the      )
 7   Treasury, et al.,                 )
                                       )
 8           Defendants.              )
     ─────────────────────────────────)
 9

10                                     Greenbelt, Maryland
                                       February 26, 2025
11

12                     TRANSCRIPT OF PROCEEDINGS
                           STATUS CONFERENCE
13            BEFORE THE HONORABLE DEBORAH L. BOARDMAN
                          Via Teleconference
14

15   For the Plaintiffs:

16        XIAONAN APRIL HU, Esquire
          Munger, Tolles & Olson LLP
17        601 Massachusetts Ave. NW, Suite 500E
          Washington, DC 20001
18
          JOHN L. SCHWAB, Esquire
19        Munger, Tolles & Olson LLP
          355 S. Grand Avenue
20        Los Angeles, CA 90071

21        CARSON J. SCOTT, Esquire
          Munger, Tolles & Olson LLP
22        560 Mission Street, 27th Floor
          San Francisco, CA 94105
23
          MARK HANNA, Esquire
24        Murphy Anderson PLLC
          1401 K St NW, Suite 300
25        Washington, DC 20005
```

1              A P P E A R A N C E S (Cont'd)

2    For the Plaintiffs:

3          LAURENCE M. SCHWARTZTOL, Esquire
           Democracy and Rule of Law Clinic
4          Harvard Law School
           1525 Massachusetts Avenue
5          Cambridge, MA 02138

6

7    For the Defendants:

8          EMILY M. HALL, Esquire
           Civil Division, Office of the Assistant Attorney General
9          950 Pennsylvania Ave. NW
           Washington, DC 20530

10

11         ELIZABETH J. SHAPIRO, Esquire
           Department of Justice, Civil Division
           1100 L St. N.W., Suite 8142
12         Washington, DC 20530

13         ARIANA W. ARNOLD, Esquire
           U.S. Attorney's Office - District of Maryland
14         36 S. Charles Street, 4th Floor
           Baltimore, MD 21201

15

16

17            Proceedings Recorded by Audio Recording
               Transcript Produced By Stenographic
18                Computer-Aided Transcription

19

20

21

22

23

24

25

```
1              P R O C E E D I N G S

2       (11:44 a.m.)

3           THE CLERK:  The matter now pending before this Court

4  is Civil Action Number DLB-25-0430, American Federation of

5  Teachers, et al. versus Scott Bessent, et al.  We are here

6  today for the purpose of a status conference.

7       Counsel, please identify yourselves for the record.

8           MS. HU:  Good morning, Your Honor.  My name is

9  Xiaonan April Hu on behalf of the plaintiff.  I'm joined here

10 today with John Schwab, Carson Scott, Laurence Schwartztol and

11 Mark Hanna.

12          THE COURT:  All right.  Counsel for defendants.

13          MS. HALL:  Good morning, Your Honor.  This is Emily

14 Hall at Department of Justice on behalf of defendants.  I'm

15 joined by Elizabeth Shapiro and Ariana Arnold, also both of the

16 Department of Justice.

17          THE COURT:  All right, counsel.  Thank you very much

18 for getting on the line.  First off, I want to apologize

19 sincerely on behalf of the court for the delay in getting

20 started.  We had some technical difficulties and I wanted to

21 ensure that we have a public access line.  It's my

22 understanding that the public has been granted -- the public

23 that has called into the public access line has been granted --

24 or is on the line.  I just want to make sure if you are not a

25 lawyer appearing in this case that your phone is on mute, but
```

1    of course the public is welcome.

2        Okay.  So in the 45-minute delay, were you able to settle

3    the case, counsel?

4            MS. HU:  I wish we could say that we did but no such

5    luck.

6            THE COURT:  All right.  Okay, all right.  Thank you

7    very much for your joint status report.  Just a few things

8    regarding scheduling, I think the proposed schedule that you've

9    offered is completely reasonable, so thank you very much for

10   getting together on that.  Unfortunately, it doesn't work for

11   me.

12       I'm available for a hearing in this matter on a

13   preliminary injunction motion on March 17 or March 31 and

14   later.  The period in between those two dates, the Court is

15   unavailable, so there's that.  Before we get to actually when

16   we'll do the hearing, let me ask you this.  I noted that in the

17   New York case, State of New York versus Trump before Judge

18   Vargas, the Court there turned the TRO into a preliminary

19   injunction without any production of the administrative record,

20   without any discovery or evidence at a hearing.

21       So with that in mind, help me understand why this case is

22   different.  Let me start with you, Ms. Hall.  Is there an

23   administrative record to be produced?

24           MS. HALL:  Your Honor, can you hear me?  I'm sorry, I

25   just want to make sure --

1      THE COURT:  I can hear you.

2      MS. HALL:  Thank you, Your Honor.  Your Honor, I

3  think that this case is somewhat different in that we are

4  willing and able to produce an administrative record, as we

5  indicated in the joint status report, but we do believe this

6  case could be decided by Your Honor turning the TRO into a

7  preliminary injunction and entering that at this time based on

8  the current record.

9      THE COURT:  Oh, so we could -- so full stop, I could

10  just enter an order turning the TRO into a preliminary

11  injunction without additional briefing or hearing?  Is that

12  what I heard?

13      MS. HALL:  Yes, Your Honor.

14      THE COURT:  All right.  Ms. Hu, any opposition to

15  that?

16      MS. HU:  Yes, Your Honor.  I think plaintiffs would

17  oppose converting the TRO into a PI, in part because we

18  understand defendants' arguments have consistently been that

19  there is insufficient evidence to support a conclusion or

20  finding that plaintiffs have shown a likelihood of success on

21  the merits that there has been an agency action that violates

22  the Privacy Act; and so we are concerned that if the TRO gets

23  converted to a PI such that we are unable to obtain the

24  administrative record or any evidence, the Government will then

25  on appeal assert that there was insufficient evidence which

1    would, we think, really be unfair because we would have been

2    deprived the ability to access that evidence.

3        I would also, Your Honor, note that one important

4    distinction between our case and the SDNY case is the basis for

5    the Court's decision, so in the SDNY action, the Court

6    determined that the agency's decision to grant access or the

7    Treasury's decision to grant access was arbitrary and

8    capricious.  It did not address the merits of whether the

9    access fit into the need-to-know exception.  And so I do think

10   that puts us in a slightly different position, and the SDNY

11   court did order a limited production in the form of, I believe,

12   a joint status report to be delivered on March 24th.  So there

13   is going to be some amount of information that is tendered to

14   the court in that action.

15       Here, of course, because defendants have invoked the

16   need-to-know exception and have represented to us that there

17   will be an administrative record, we think the factual nature

18   of that inquiry would counsel in favor of obtaining that record

19   and then having an evidentiary hearing exception with the

20   preliminary injunction hearing.

21            THE COURT:  So, Ms. Hall, you touched on this issue

22   at the hearing last week and ultimately the Government said

23   that it would continue to argue before the Fourth Circuit if

24   you appeal that there was an insufficient evidentiary record,

25   and for that reason, you did not want to turn the TRO into a

PI.  Has that position changed?  In other words, if we convert
this into a preliminary injunction, will you maintain on appeal
that there's an insufficient evidentiary record for the
preliminary injunction?

          **MS. HALL:**  Your Honor, if the Court were to convert
the TRO into a PI, we would maintain, I think, several
arguments; one of which is that the plaintiffs have not shown
on the current record that they're entitled to a PI.  As we
said in our submission to the Court the day of the hearing last
week, we are not willing to affirmatively waive arguments on
appeal at this time.

          **THE COURT:**  I understand that, but you've just asked
me to convert the TRO into a PI and in doing that, you are then
saying you don't want to produce documents, "We want you to
turn it into a PI, but yet we are going to argue to the Court
of Appeals that there was no factual record."

     Or are you saying, "We won't be arguing the absence of a
factual record; we will be arguing" -- for example -- "Judge
Boardman, you made a mistake, there's no standing"?  Or, "Judge
Boardman, you made a mistake, there's no final agency action"?

     Will you be making legal arguments, or will you be
claiming that the plaintiffs failed to meet their burden with
respect to the factual record?

          **MS. HALL:**  Your Honor, my understanding is that on
appeal, we might make both types of argument.  I think there

1  are arguments that we made in our TRO opposition that are

2  purely legal arguments, but there may also be arguments that,

3  for example -- as far as I know, there's been no discussion of

4  plaintiffs providing more evidence or discovery from

5  plaintiffs' perspective, and so in that respect we might argue

6  that the plaintiffs have not produced evidence, for example, of

7  irreparable harm.

8           THE COURT:  Okay.  Well, I don't think I can convert

9  this to a PI based on the representations of the Government.  I

10  just don't think that would -- I think that would be wrong

11  actually.  I think that would be unfair to the plaintiffs, and

12  I think that might be -- I think that would be a problem.

13      So let's proceed as the parties had proposed in their

14  joint status report.  So back to my question, Ms. Hall:  Is

15  there an administrative record to be produced?  It looks like

16  there is but I just want to know for sure.

17           MS. HALL:  Yes, Your Honor.  We are prepared to

18  produce an administrative record in this case by next Friday,

19  March 7.

20           THE COURT:  Okay.  From both agencies, right?

21           MS. HALL:  Yes.  Your Honor, we discussed yesterday

22  in our meet and confer whether the Court anticipated the

23  administrative record to involve Treasury and we anticipated

24  that it might, but we were not certain what the scope of Your

25  Honor's order was.

1    THE COURT:  Right now the TRO is with respect to two
2   agencies but if there's a PI that's filed, it's possible it
3   could be filed against all three.  So what's the
4   plaintiffs' position on this?
5    MS. HU:  Your Honor, our position is that we would
6   file a PI seeking to enjoin all three agencies, in part,
7   because of the different nature of the SDNY action and the
8   basis on which that action was decided.
9    THE COURT:  Okay.  So you'll produce the
10  administrative record with respect to all three agencies by
11  next Friday.  Is that right, Ms. Hall?
12    MS. HALL:  That's right, Your Honor.
13    THE COURT:  All right, okay.  Now let's circle back
14  to where we started which is I've got available March 17 and
15  March 31st or thereafter.  If we do March 31, we would need the
16  Government's consent to extend the TRO past the 28 days.
17    Ms. Hall, what is your position?
18    MS. HALL:  Your Honor, we oppose extending the TRO
19  and we would be willing to prepare to hold the PI hearing on
20  March 17.
21    THE COURT:  Okay.  Are you willing to produce the
22  administrative records sooner than?
23    MS. HALL:  Your Honor, in conferring with -- excuse
24  me?
25    THE COURT:  That might be the consequence, which is

1    fine.  Go ahead, your concern?

2         **MS. HALL:**  Your Honor, producing an administrative

3    record in this case is going to be a substantial undertaking

4    particularly to prepare all of these documents and produce them

5    to the Court.  In order to meet an earlier deadline, I'm not

6    sure that our clients will be able to do that.

7         **THE COURT:**  Okay.  I'm not at all trying to pressure

8    you into extending by a week, but I would just like to know

9    why.

10        **MS. HALL:**  Your Honor, there are -- as you know,

11   there are three different agencies involved and it's several

12   agency actions, as you identified in your order, regarding

13   decisions to grant access to agency record systems.  So

14   compiling those, all of the documents that the agency

15   considered in making those decisions when, as the Government

16   argued at the TRO, this is not -- we did not internally

17   consider this to be final agency action, although we recognize

18   that Your Honor found differently in her order.

19        Because of that, there are substantial efforts that need

20   to be made in order to just figure out exactly where the

21   relevant documents are in the system, then to compile those

22   into an administrative record, and to ensure that only

23   materials that can be properly included in that record are

24   included.

25        Your Honor, to the extent this may help, we certainly can

1   try, as we mentioned in the joint status report, to produce the
2   administrative record as quickly as possible, and we think it's
3   possible that we could move that timeline up by a day or two,
4   but we are trying to move as quickly as possible, and I'm not
5   in a position to commit to getting that done quicker.  But we
6   would be willing to consolidate the briefing schedule into
7   something faster to ensure that Your Honor's March 17th
8   availability would work.
9            **THE COURT:**  Okay.  I think perhaps I might have not
10  been clear in my question, but I appreciate that information on
11  how you're compiling the administrative record.
12           What my question was is I can't -- and I'm not --
13  pressuring you to consent to an additional week extension of
14  the TRO so we could have the hearing on the 31st of March.  You
15  told me you were unwilling to do that.  I'm asking you why.
16  Why can't we extend the TRO until March 31st?
17           **MS. HALL:**  Oh, I'm sorry, Your Honor.  I
18  misunderstood your question.
19           **THE COURT:**  I might have not asked it correctly.
20  We're on the same page now.
21           **MS. HALL:**  Got it, thank you, Your Honor.  We oppose
22  extending the TRO because the Government's interests are being
23  harmed during the duration and pendency of the TRO.  Our
24  employees who are subject to the TRO by its terms are unable to
25  complete the functions of their jobs as they can't access the

1   relevant systems and perform all of the tasks that they are

2   endeavoring to do under their detail assignments and particular

3   job responsibilities at the Education Department and OPM.

4           **THE COURT:**  Okay.  So the Government does not consent

5   to an extension, certainly its prerogative.  Without consent, I

6   can't extend the time frame and that's fine.

7       So now let's talk about a schedule.  I think we need to

8   move the deadline for the motion... we could have the -- why

9   don't I do this.  Let me punt to you.  Ms. Hu, what do you

10  suggest?  What's a briefing schedule that you suggest?  And

11  I'll have you respond, Ms. Hall.

12      In order to prepare for this, I need this motion fully

13  ripe by the end of the day March 14th.

14          **MS. HU:**  Your Honor, I think we could -- looking at

15  the constraints here -- if defendants can produce the

16  administrative record by March 7 at 5:00 p.m., we could put in

17  a brief on, I believe, the 10th, and then they could have until

18  the 13th for their opposition, and then we would put in our

19  reply on the 14th by 5:00 p.m.

20      That being said, Your Honor, we do have serious concerns,

21  given the lack of information from defendants about what

22  exactly the administrative record will encompass, that the

23  schedule leaves us no time to resolve any disputes that arise

24  from any incomplete administrative record that is tendered to

25  us on the 7th.  We don't want to be in a position where

1    defendants come to us on the 7th, they've produced 20 sheets of

2    paper, it doesn't answer basic questions similar to the ones

3    that Your Honor proposed at the TRO hearing; and then we're

4    left scrambling to request relief from the Court ordering the

5    production of critical documents that would ensure there could

6    be meaningful judicial review under the APA.

7             **THE COURT**:  A couple things.  Are you saying that the

8    Government may not be able to produce the entire administrative

9    record by March 7th?  Or are you saying you might not be

10   satisfied with the administrative record and try to seek

11   additional discovery which, as you know, is a challenge for

12   you.  The bar is high to get discovery in a APA case.  So which

13   of those two are you saying?

14            **MS. HU**:  I believe what we're saying here is the

15   latter, Your Honor.  I recognize the bar is high but we have

16   also not received any clarity into what the administrative

17   record will contain, including basic facts such as who the DOGE

18   affiliates are, what kinds of systems they were granted access

19   to, what their official duties are, what their responsibilities

20   are, and what they have used their access for.  So we view

21   those -- of course, the exceptions to the rule against extra

22   record evidence is if the record is incomplete or if it is

23   impossible or difficult for the Court to render meaningful

24   judicial review, and we think an administrative record that

25   lacks documents that speak to those critical questions would be

1    manifestly incomplete and would not facilitate meaningful

2    judicial review under the circumstances.

3         THE COURT:  Okay.  Ms. Hall, do you care to be heard

4    on this particular issue?

5         MS. HALL:  Your Honor, I think on this point, we

6    would still favor the -- on the first point that Ms. Hu raised,

7    we would be fine with the schedule of briefing on the 10th, the

8    13th and 14th in order to have a March 17th hearing.  That

9    schedule is acceptable to the Government.

10        As to the discovery issue, plaintiffs could argue about

11   the incompleteness of the administrative record in their merits

12   section of the preliminary injunction brief.  If they think

13   that the record that we have provided to sustain the agency's

14   decision is insufficient, that's the core of APA review.  So if

15   they believe that we have provided an insufficient basis for

16   the agency action, that would be a reason to grant the

17   preliminary injunction and enjoin the agency action.

18        THE COURT:  Ms. Hu.

19        MS. HU:  Your Honor, I think our concern here is that

20   we understand defendant's position to be they will assemble an

21   administrative record ex post facto where they get to decide

22   effectively what they want to give us.  But courts have been

23   clear that an agency "may not unilaterally determine what

24   constitutes the administrative record."  I can certainly

25   provide the Court with citations for that.

1      But we are concerned here that the compressed schedule

2   means effectively whatever they give us is whatever they

3   unilaterally determine to give us and we will have no ability

4   to challenge that determination which would be contra the rules

5   and standards for APA actions requiring a record that can

6   ensure meaningful judicial review here.

7           **THE COURT:**  Okay.  We're going to go with the

8   briefing schedule that you proposed.  So the administrative

9   record will be produced by the Government to the plaintiffs by

10  March 7 at 5:00 p.m.; preliminary injunction motion will be due

11  by March 10 at 5:00 p.m.; Government's opposition March 13th at

12  5:00 p.m.; and any reply by March 14th at 5:00 p.m.

13     If upon production of the administrative record, the

14  plaintiffs believe that they are entitled under the law to

15  additional information, they need to notify the Court by

16  midnight Saturday, March 8th.  The Government needs to respond

17  by midnight, Sunday, March 9th, and I will do my very best to

18  address it on -- I'll give myself about 48 hours to deal with

19  it.

20     The plaintiffs' motion is still due.  They can supplement

21  their position in the reply brief if any additional discovery

22  is produced.  So that's where we're at.

23          **MS. HU:**  Understood, Your Honor.  Thank you.

24          **MS. HALL:**  Thank you, Your Honor.

25          **THE COURT:**  All right.  Are the deadlines clear?  In

1    other words, March 8th is a Saturday.  Midnight that night,

2    Saturday night it's due.  Government then will get 24 hours so

3    that I can review these papers first thing Monday morning.  All

4    right?

5            **MS. HALL:**  Yes, Your Honor.

6            **THE COURT:**  Okay.

7            **MS. HU:**  Yes, Your Honor.

8            **THE COURT:**  The time on the 17th...  Let's start it

9    at 10:30, same courtroom.  I'll give you extra bonus points if

10   anybody shows up with a green suit.  All right, these jokes are

11   falling flat.

12       Is there anything else from the plaintiffs' perspective?

13           **MS. HU:**  Your Honor, may I ask a quick clarifying

14   question for the hearing on the 17th?  Does Your Honor

15   anticipate that we may be able to present or call witnesses at

16   this hearing?  In other words, will it be an evidentiary

17   hearing, or is the Court reserving a decision on that pending

18   the production of the administrative record?

19           **THE COURT:**  So it's your burden.  If you believe that

20   you need evidence, you should identify that ahead of time

21   and allow the Government to respond as to whether that's

22   appropriate.  I think that should come out in the briefing.

23           **MS. HU:**  To clarify, Your Honor, would that be the

24   briefing that would be filed on the 8th before midnight?  So

25   any request for additional discovery plaintiffs believe they're

1    entitled to, as well as any witnesses they feel they're

2    entitled to call based on the administrative record?

3            THE COURT:  Ms. Hu, that seems fine.  It's hard for

4    me to tell you exactly where it should be -- come in.  I just

5    need it communicated to me ahead of time so that I'm able to

6    make a decision.  The Government needs to be on notice as soon

7    as possible.  So if you think it makes sense to identify why

8    you need this information and why you need to have

9    evidentiary -- testimony at the evidentiary hearing, then you

10   can bring it up in your March 8th filing.  I'm letting you also

11   bring it up in your motion papers.  That's up to you.

12       I just need you to communicate effectively and early to me

13   about the issues so that I can make a decision.  That's the

14   best guidance I can give you right now.  Does that make sense?

15           MS. HU:  That makes sense, Your Honor.  I appreciate

16   that clarification.

17           THE COURT:  Yeah, I don't know how much of a

18   clarification it was.  All right.

19       Ms. Hall, anything to add from your perspective?

20           MS. HALL:  Nothing further from the Government, Your

21   Honor.

22           THE COURT:  Okay.  We'll issue a paperless order

23   memorializing the deadlines, and I will see you on March 17th.

24   Thank you very much.

25           MS. HALL:  Thank you, Your Honor.

1           **MS. HU:**  Thank you, Your Honor.

2        (Proceedings concluded at 12:08 p.m.)

3

4

5                  CERTIFICATE OF OFFICIAL REPORTER

6

7          I, Patricia G. Mitchell, RMR, CRR, do hereby certify

8  that the foregoing is a correct transcript of the

9  audio-recorded proceedings in the above-entitled matter, audio

10 recorded via FTR Gold on February 26, 2025, and transcribed

11 from the audio recording to the best of my ability and that

12 said transcript has been compared with the audio recording.

13       Dated this 3rd day of March 2024.

14

15

16           _____

17            Patricia G. Mitchell
          Official Court Reporter

18

19

20

21

22

23

24

25

**< Dates >.**

**3rd day of March 2024.**
    18:15 .
**April**  3:9 .
**APRIL**  1:31 .
**February 26, 2025**  1:20 .
**February 26, 2025,**  18:11 .
**March**  6:12, 15:16, 17:23 .
**March 10**  15:11 .
**March 13th**  15:11 .
**March 14th**  12:13, 15:12 .
**March 17**  4:13, 9:14, 9:20 .
**March 17th**  11:7, 14:8 .
**March 31**  4:13 .
**March 31,**  9:15 .
**March 31st**  11:16 .
**March 31st**  9:15 .
**March 7**  8:19, 12:16, 15:10 .
**March 7th**  13:9 .
**March 8th**  16:1, 17:10 .
**March 9th,**  15:17 .
    .

**< 0 >.**

**00**  12:16, 12:19, 15:10, 15:11,
    15:12 .
**02138**  2:8 .
**08**  18:2 .
    .

**< 1 >.**

**10**  16:9 .
**10th**  12:17, 14:7 .
**11**  3:2 .
**1100**  2:21 .
**12**  18:2 .
**13th**  12:18, 14:8 .
**1401**  1:48 .
**14th**  12:19, 14:8 .
**1525**  2:7 .
**17th**  16:8, 16:14, 17:23 .
    .
    .

**< 2 >.**

**20**  13:1 .
**20001**  1:34 .
**20005**  1:49 .
**20530**  2:17, 2:22 .
**21201**  2:27 .
**24**  16:2 .

**24th**  6:12 .
**27th**  1:43 .
**28**  9:16 .
    .

**< 3 >.**

**30**  16:9 .
**300**  1:48 .
**31st**  11:14 .
**355**  1:38 .
**36**  2:26 .
    .

**< 4 >.**

**44**  3:2 .
**45-minute**  4:2 .
**48**  15:18 .
**4th**  2:26 .
    .

**< 5 >.**

**5**  12:16, 12:19, 15:10, 15:11,
    15:12 .
**5-cv-00430-dlb**  1:11 .
**500E**  1:33 .
**560**  1:43 .
    .

**< 6 >.**

**601**  1:33 .
    .
    .

**< 7 >.**

**7th**  12:25, 13:1 .
    .
    .

**< 8 >.**

**8142**  2:21 .
**8:**  1:11 .
**8th**  15:16, 16:24 .
    .
    .

**< 9 >.**

**90071**  1:39 .
**94105**  1:44 .
**950**  2:16 .
    .
    .

**< A >.**

**a.m.**  3:2 .

**ability**  6:2, 15:3, 18:12 .
**able**  4:2, 5:4, 10:6, 13:8, 16:15,
    17:5 .
**above-entitled**  18:10 .
**absence**  7:17 .
**acceptable**  14:9 .
**access**  3:21, 3:23, 6:2, 6:6, 6:7,
    6:9, 10:13, 11:25, 13:18,
    13:20 .
**Act**  5:22 .
**Action**  3:4, 5:21, 6:5, 6:14, 7:20,
    9:7, 9:8, 10:17, 14:16,
    14:17 .
**actions**  10:12, 15:5 .
**actually**  4:15, 8:11 .
**add**  17:19 .
**additional**  5:11, 11:13, 13:11,
    15:15, 15:21, 16:25 .
**address**  6:8, 15:18 .
**administrative**  4:19, 4:23, 5:4,
    5:24, 6:17, 8:15, 8:18, 8:23,
    9:10, 9:22, 10:2, 10:22, 11:2,
    11:11, 12:16, 12:22, 12:24,
    13:8, 13:10, 13:16, 13:24,
    14:11, 14:21, 14:24, 15:8,
    15:13, 16:18, 17:2 .
**affiliates**  13:18 .
**affirmatively**  7:10 .
**agencies**  8:20, 9:2, 9:6, 9:10,
    10:11 .
**agency**  5:21, 6:6, 7:20, 10:12,
    10:13, 10:14, 10:17, 14:13,
    14:16, 14:17, 14:23 .
**ahead**  10:1, 16:20, 17:5 .
**al**  1:6, 1:13, 3:5 .
**allow**  16:21 .
**although**  10:17 .
**American**  1:5, 3:4 .
**amount**  6:13 .
**Anderson**  1:47 .
**Angeles**  1:39 .
**answer**  13:2 .
**anticipate**  16:15 .
**anticipated**  8:22, 8:23 .
**anybody**  16:10 .
**APA**  13:6, 13:12, 14:14, 15:5 .
**apologize**  3:18 .
**appeal**  5:25, 6:24, 7:2, 7:11,
    7:25 .
**Appeals**  7:16 .

**appearing**  3:25 .
**appreciate**  11:10, 17:15 .
**appropriate**  16:22 .
**arbitrary**  6:7 .
**argue**  6:23, 7:15, 8:5, 14:10 .
**argued**  10:16 .
**arguing**  7:17, 7:18 .
**argument**  7:25 .
**arguments**  5:18, 7:7, 7:10, 7:21,
    8:1, 8:2 .
**Ariana**  2:24, 3:15 .
**arise**  12:23 .
**Arnold**  2:24, 3:15 .
**assemble**  14:20 .
**assert**  5:25 .
**assignments**  12:2 .
**Assistant**  2:15 .
**Attorney**  2:15, 2:25 .
**Audio**  2:32, 18:10, 18:12,
    18:13 .
**audio-recorded**  18:10 .
**availability**  11:8 .
**available**  4:12, 9:14 .
**Ave.**  1:33, 2:16 .
**Avenue**  1:38, 2:7 .
    .

**< B >.**

**back**  8:14, 9:13 .
**Baltimore**  2:27 .
**bar**  13:12, 13:15 .
**based**  5:7, 8:9, 17:2 .
**basic**  13:2, 13:17 .
**basis**  6:4, 9:8, 14:15 .
**behalf**  3:9, 3:14, 3:19 .
**believe**  5:5, 6:11, 12:17, 13:14,
    14:15, 15:14, 16:19,
    16:25 .
**Bessent**  1:11, 3:5 .
**best**  15:17, 17:14, 18:12 .
**Boardman**  7:18, 7:19 .
**bonus**  16:9 .
**brief**  12:17, 14:12, 15:21 .
**briefing**  5:11, 11:6, 12:10, 14:7,
    15:8, 16:22, 16:24 .
**bring**  17:10, 17:11 .
**burden**  7:22, 16:19 .
    .

**< C >.**

CA 1:39, 1:44 .
call 16:15, 17:2 .
called 3:23 .
Cambridge 2:8 .
Capacity 1:12 .
capricious 6:8 .
care 14:3 .
Carson 1:41, 3:10 .
case 3:25, 4:3, 4:17, 4:21, 5:3, 5:6,
    6:4, 8:18, 10:3, 13:12 .
certain 8:24 .
certainly 10:25, 12:5, 14:24 .
CERTIFICATE 18:6 .
certify 18:8 .
challenge 13:11, 15:4 .
changed 7:1 .
Charles 2:26 .
circle 9:13 .
Circuit 6:23 .
circumstances 14:2 .
citations 14:25 .
Civil 1:10, 2:15, 2:20, 3:4 .
claiming 7:22 .
clarification 17:16, 17:18 .
clarify 16:23 .
clarifying 16:13 .
clarity 13:16 .
clear 11:10, 14:23, 15:25 .
CLERK 3:3 .
clients 10:6 .
Clinic 2:5 .
commit 11:5 .
communicate 17:12 .
communicated 17:5 .
compared 18:13 .
compile 10:21 .
compiling 10:14, 11:11 .
complete 11:25 .
completely 4:9 .
compressed 15:1 .
Computer-aided 2:34 .
concern 10:1, 14:19 .
concerned 5:22, 15:1 .
concerns 12:20 .
concluded 18:2 .
conclusion 5:19 .
confer 8:22 .
CONFERENCE 1:24, 3:6 .
conferring 9:23 .
consent 9:16, 11:13, 12:4,

12:5 .
consequence 9:25 .
consider 10:17 .
considered 10:15 .
consistently 5:18 .
consolidate 11:6 .
constitutes 14:24 .
constraints 12:15 .
Cont'd 2:1 .
contain 13:17 .
continue 6:23 .
contra 15:4 .
convert 7:1, 7:5, 7:13, 8:8 .
converted 5:23 .
converting 5:17 .
core 14:14 .
correct 18:9 .
correctly 11:19 .
Counsel 3:7, 3:12, 3:17, 4:3,
    6:18 .
couple 13:7 .
course 4:1, 6:15, 13:21 .
courtroom 16:9 .
courts 14:22 .
critical 13:5, 13:25 .
CRR 18:8 .
current 5:8, 7:8 .

< D > .
Dated 18:15 .
dates 4:14 .
day 7:9, 11:3, 12:13 .
days 9:16 .
DC 1:34, 1:49, 2:17, 2:22 .
deadline 10:5, 12:8 .
deadlines 15:25, 17:23 .
deal 15:18 .
DEBORAH L. BOARDMAN
    1:25 .
decide 14:21 .
decided 5:6, 9:8 .
decision 6:5, 6:6, 6:7, 14:14,
    16:17, 17:6, 17:13 .
decisions 10:13, 10:15 .
defendant 14:20 .
Defendants 1:15, 2:12, 3:12, 3:14,
    5:18, 6:15, 12:15, 12:21,
    13:1 .
delay 3:19, 4:2 .

delivered 6:12 .
Democracy 2:5 .
Department 2:20, 3:14, 3:16,
    12:3 .
deprived 6:2 .
detail 12:2 .
determination 15:4 .
determine 14:23, 15:3 .
determined 6:6 .
different 4:22, 5:3, 6:10, 9:7,
    10:11 .
differently 10:18 .
difficult 13:23 .
difficulties 3:20 .
discovery 4:20, 8:4, 13:11, 13:12,
    14:10, 15:21, 16:25 .
discussed 8:21 .
discussion 8:3 .
disputes 12:23 .
distinction 6:4 .
District 1:1, 1:2, 2:25 .
Division 1:3, 2:15, 2:20 .
DLB-25-0430 3:4 .
documents 7:14, 10:4, 10:14,
    10:21, 13:5, 13:25 .
DOGE 13:17 .
doing 7:13 .
done 11:5 .
due 15:10, 15:20, 16:2 .
duration 11:23 .
during 11:23 .
duties 13:19 .

< E > .
earlier 10:5 .
early 17:12 .
Education 12:3 .
effectively 14:22, 15:2,
    17:12 .
efforts 10:19 .
Elizabeth 2:19, 3:15 .
Emily 2:14, 3:13 .
employees 11:24 .
encompass 12:22 .
end 12:13 .
endeavoring 12:2 .
enjoin 9:6, 14:17 .
ensure 3:21, 10:22, 11:7, 13:5,
    15:6 .

enter 5:10 .
entering 5:7 .
entire 13:8 .
entitled 7:8, 15:14, 17:1,
    17:2 .
Esquire 1:31, 1:36, 1:41, 1:46,
    2:4, 2:14, 2:19, 2:24 .
et 1:6, 1:13, 3:5 .
evidence 4:20, 5:19, 5:24, 5:25,
    6:2, 8:4, 8:6, 13:22,
    16:20 .
evidentiary 6:19, 6:24, 7:3, 16:16,
    17:9 .
ex 14:21 .
exactly 10:20, 12:22, 17:4 .
example 7:18, 8:3, 8:6 .
exception 6:9, 6:16, 6:19 .
exceptions 13:21 .
excuse 9:23 .
extend 9:16, 11:16, 12:6 .
extending 9:18, 10:8, 11:22 .
extension 11:13, 12:5 .
extent 10:25 .
extra 13:21, 16:9 .
.

< F > .
facilitate 14:1 .
facto 14:21 .
facts 13:17 .
factual 6:17, 7:16, 7:17,
    7:23 .
failed 7:22 .
falling 16:11 .
far 8:3 .
faster 11:7 .
favor 6:18, 14:6 .
Federation 1:5, 3:4 .
feel 17:1 .
few 4:7 .
figure 10:20 .
file 9:6 .
filed 9:2, 9:3, 16:24 .
filing 17:10 .
final 7:20, 10:17 .
finding 5:20 .
fine 10:1, 12:6, 14:7, 17:3 .
First 3:18, 14:6, 16:3 .
fit 6:9 .
flat 16:11 .

Floor 1:43, 2:26 .
foregoing 18:9 .
form 6:11 .
found 10:18 .
Fourth 6:23 .
frame 12:6 .
Francisco 1:44 .
Friday 8:18, 9:11 .
FTR 18:11 .
full 5:9 .
fully 12:12 .
functions 11:25 .

< G > .
G. 18:8, 18:21 .
General 2:15 .
gets 5:22 .
getting 3:18, 3:19, 4:10, 11:5 .
give 14:22, 15:2, 15:3, 15:18, 16:9, 17:14 .
given 12:21 .
Gold 18:11 .
Government 5:24, 6:22, 8:9, 9:16, 10:15, 11:22, 12:4, 13:8, 14:9, 15:9, 15:11, 15:16, 16:2, 16:21, 17:6, 17:20 .
Grand 1:38 .
grant 6:6, 6:7, 10:13, 14:16 .
granted 3:22, 3:23, 13:18 .
green 16:10 .
Greenbelt 1:19 .
guidance 17:14 .

< H > .
HALL 2:14, 3:13, 3:14, 4:22, 4:24, 5:2, 5:13, 6:21, 7:5, 7:24, 8:14, 8:17, 8:21, 9:11, 9:12, 9:17, 9:18, 9:23, 10:2, 10:10, 11:17, 11:21, 12:11, 14:3, 14:5, 15:24, 16:5, 17:19, 17:20, 17:25 .
Hanna 1:46, 3:11 .
hard 17:3 .
harm 8:7 .
harmed 11:23 .
Harvard 2:6 .
hear 4:24, 5:1 .

heard 5:12, 14:3 .
hearing 4:12, 4:16, 4:20, 5:11, 6:19, 6:20, 6:22, 7:9, 9:19, 11:14, 13:3, 14:8, 16:14, 16:16, 16:17, 17:9 .
help 4:21, 10:25 .
hereby 18:8 .
high 13:12, 13:15 .
hold 9:19 .
HONORABLE 1:25 .
hours 15:18, 16:2 .
HU 1:31, 3:8, 3:9, 4:4, 5:14, 5:16, 9:5, 12:9, 12:14, 13:14, 14:6, 14:18, 14:19, 15:23, 16:7, 16:13, 16:23, 17:3, 17:15, 18:1 .

< I > .
identified 10:12 .
identify 3:7, 16:20, 17:7 .
important 6:3 .
impossible 13:23 .
in. 17:4 .
included 10:23, 10:24 .
including 13:17 .
incomplete 12:24, 13:22, 14:1 .
incompleteness 14:11 .
indicated 5:5 .
information 6:13, 11:10, 12:21, 15:15, 17:8 .
injunction 4:13, 4:19, 5:7, 5:11, 6:20, 7:2, 7:4, 14:12, 14:17, 15:10 .
inquiry 6:18 .
insufficient 5:19, 5:25, 6:24, 7:3, 14:14, 14:15 .
interests 11:22 .
internally 10:16 .
invoked 6:15 .
involve 8:23 .
involved 10:11 .
irreparable 8:7 .
issue 6:21, 14:4, 14:10, 17:22 .
issues 17:13 .

< J > .

J. 1:41, 2:19 .
job 12:3 .
jobs 11:25 .
John 1:36, 3:10 .
joined 3:9, 3:15 .
joint 4:7, 5:5, 6:12, 8:14, 11:1 .
jokes 16:10 .
Judge 4:17, 7:18, 7:19 .
judicial 13:6, 13:24, 14:2, 15:6 .
Justice 2:20, 3:14, 3:16 .

< K > .
kinds 13:18 .

< L > .
L. 1:36 .
lack 12:21 .
lacks 13:25 .
last 6:22, 7:9 .
later 4:14 .
latter 13:15 .
Laurence 2:4, 3:10 .
Law 2:5, 2:6, 15:14 .
lawyer 3:25 .
leaves 12:23 .
left 13:4 .
legal 7:21, 8:2 .
letting 17:10 .
likelihood 5:20 .
limited 6:11 .
line 3:18, 3:21, 3:23, 3:24 .
LLP 1:32, 1:37, 1:42 .
looking 12:14 .
looks 8:15 .
Los 1:39 .
luck 4:5 .

< M > .
M. 2:4, 2:14 .
MA 2:8 .
maintain 7:2, 7:6 .
manifestly 14:1 .
March 11:14 .
Mark 1:46, 3:11 .
Maryland 1:2, 1:19, 2:25 .

Massachusetts 1:33, 2:7 .
materials 10:23 .
matter 3:3, 4:12, 18:10 .
MD 2:27 .
meaningful 13:6, 13:23, 14:1, 15:6 .
means 15:2 .
meet 7:22, 8:22, 10:5 .
memorializing 17:23 .
mentioned 11:1 .
merits 5:21, 6:8, 14:11 .
Midnight 15:16, 15:17, 16:1, 16:24 .
mind 4:21 .
Mission 1:43 .
mistake 7:19, 7:20 .
misunderstood 11:18 .
Mitchell 18:8, 18:21 .
Monday 16:3 .
morning 3:8, 3:13, 16:3 .
motion 4:13, 12:8, 12:12, 15:10, 15:20, 17:11 .
move 11:3, 11:4, 12:8 .
Munger 1:32, 1:37, 1:42 .
Murphy 1:47 .
mute 3:25 .
myself 15:18 .

< N > .
name 3:8 .
nature 6:17, 9:7 .
need 9:15, 10:19, 12:7, 12:12, 15:15, 16:20, 17:5, 17:8, 17:12 .
need-to-know 6:9, 6:16 .
needs 15:16, 17:6 .
New 4:17 .
next 8:18, 9:11 .
night 16:1, 16:2 .
NO. 1:10 .
note 6:3 .
noted 4:16 .
Nothing 17:20 .
notice 17:6 .
notify 15:15 .
Number 3:4 .
NW 1:33, 1:48, 2:16 .

**< O >.**

obtain 5:23 .

obtaining 6:18 .

offered 4:9 .

Office 2:15, 2:25 .

Official 1:11, 13:19, 18:6, 18:22 .

Okay 4:2, 4:6, 8:8, 8:20, 9:9, 9:13, 9:21, 10:7, 11:9, 12:4, 14:3, 15:7, 16:6, 17:22 .

Olson 1:32, 1:37, 1:42 .

one 6:3, 7:7 .

ones 13:2 .

OPM 12:3 .

oppose 5:17, 9:18, 11:21 .

opposition 5:14, 8:1, 12:18, 15:11 .

order 5:10, 6:11, 8:25, 10:5, 10:12, 10:18, 10:20, 12:12, 14:8, 17:22 .

ordering 13:4 .

.

**< P >.**

p.m. 12:16, 12:19, 15:10, 15:11, 15:12, 18:2 .

page 11:20 .

paper 13:2 .

paperless 17:22 .

papers 16:3, 17:11 .

part 5:17, 9:6 .

particular 12:2, 14:4 .

particularly 10:4 .

parties 8:13 .

past 9:16 .

Patricia 18:8, 18:21 .

pendency 11:23 .

pending 3:3, 16:17 .

Pennsylvania 2:16 .

perform 12:1 .

perhaps 11:9 .

period 4:14 .

perspective 8:5, 16:12, 17:19 .

phone 3:25 .

PI 5:17, 5:23, 7:1, 7:6, 7:8, 7:13, 7:15, 8:9, 9:2, 9:6, 9:19 .

Plaintiff 1:29, 3:9 .

Plaintiffs 1:8, 2:2, 5:16, 5:20, 7:7, 7:22, 8:4, 8:5, 8:6, 8:11, 9:4,

14:10, 15:9, 15:14, 15:20, 16:12, 16:25 .

please 3:7 .

PLLC 1:47 .

point 14:5, 14:6 .

points 16:9 .

position 6:10, 7:1, 9:4, 9:5, 9:17, 11:5, 12:25, 14:20, 15:21 .

possible 9:2, 11:2, 11:3, 11:4, 17:7 .

post 14:21 .

preliminary 4:13, 4:18, 5:7, 5:10, 6:20, 7:2, 7:4, 14:12, 14:17, 15:10 .

prepare 9:19, 10:4, 12:12 .

prepared 8:17 .

prerogative 12:5 .

present 16:15 .

pressure 10:7 .

pressuring 11:13 .

Privacy 5:22 .

problem 8:12 .

proceed 8:13 .

Proceedings 1:23, 2:32, 18:2, 18:10 .

produce 5:4, 7:14, 8:18, 9:9, 9:21, 10:4, 11:1, 12:15, 13:8 .

Produced 2:33, 4:23, 8:6, 8:15, 13:1, 15:9, 15:22 .

producing 10:2 .

production 4:19, 6:11, 13:5, 15:13, 16:18 .

properly 10:23 .

proposed 4:8, 8:13, 13:3, 15:8 .

provide 14:25 .

provided 14:13, 14:15 .

providing 8:4 .

public 3:21, 3:22, 3:23, 4:1 .

punt 12:9 .

purely 8:2 .

purpose 3:6 .

put 12:16, 12:18 .

puts 6:10 .

.

**< Q >.**

question 8:14, 11:10, 11:12, 11:18, 16:14 .

questions 13:2, 13:25 .

quick 16:13 .

quicker 11:5 .

quickly 11:2, 11:4 .

.

**< R >.**

raised 14:6 .

really 6:1 .

reason 6:25, 14:16 .

reasonable 4:9 .

received 13:16 .

recognize 10:17, 13:15 .

record. 7:16, 14:24 .

Recorded 2:32, 18:11 .

Recording 2:32, 18:12, 18:13 .

records 9:22 .

regarding 4:8, 10:12 .

relevant 10:21, 12:1 .

relief 13:4 .

render 13:23 .

reply 12:19, 15:12, 15:21 .

report 4:7, 5:5, 6:12, 8:14, 11:1 .

Reporter 18:6, 18:22 .

representations 8:9 .

represented 6:16 .

request 13:4, 16:25 .

requiring 15:5 .

reserving 16:17 .

resolve 12:23 .

respect 7:23, 8:5, 9:1, 9:10 .

respond 12:11, 15:16, 16:21 .

responsibilities 12:3, 13:19 .

review 13:6, 13:24, 14:2, 14:14, 15:6, 16:3 .

ripe 12:13 .

RMR 18:8 .

Rule 2:5, 13:21 .

rules 15:4 .

.

**< S >.**

S. 1:38, 2:26 .

San 1:44 .

satisfied 13:10 .

Saturday 15:16, 16:1, 16:2 .

saying 7:14, 7:17, 13:7, 13:9, 13:13, 13:14 .

schedule 4:8, 11:6, 12:7, 12:10,

12:23, 14:7, 14:9, 15:1, 15:8 .

scheduling 4:8 .

School 2:6 .

Schwab 1:36, 3:10 .

Schwartztol 2:4, 3:10 .

scope 8:24 .

Scott 1:11, 1:41, 3:5, 3:10 .

scrambling 13:4 .

SDNY 6:4, 6:5, 6:10, 9:7 .

Secretary 1:12 .

section 14:12 .

seek 13:10 .

seeking 9:6 .

seems 17:3 .

sense 17:7, 17:14, 17:15 .

serious 12:20 .

settle 4:2 .

several 7:6, 10:11 .

Shapiro 2:19, 3:15 .

sheets 13:1 .

shown 5:20, 7:7 .

shows 16:10 .

similar 13:2 .

sincerely 3:19 .

slightly 6:10 .

somewhat 5:3 .

soon 17:6 .

sooner 9:22 .

sorry 4:24, 11:17 .

SOUTHERN 1:3 .

St 1:48 .

St. 2:21 .

standards 15:5 .

standing 7:19 .

start 4:22, 16:8 .

started 3:20, 9:14 .

State 4:17 .

STATES 1:1 .

STATUS 1:24, 3:6, 4:7, 5:5, 6:12, 8:14, 11:1 .

Stenographic 2:33 .

stop 5:9 .

Street 1:43, 2:26 .

subject 11:24 .

submission 7:9 .

substantial 10:3, 10:19 .

success 5:20 .

suggest 12:10 .

suit 16:10 .

**Suite** 1:33, 1:48, 2:21 .
**Sunday** 15:17 .
**supplement** 15:20 .
**support** 5:19 .
**sustain** 14:13 .
**system** 10:21 .
**systems** 10:13, 12:1, 13:18 .
.
**< T > .**
**tasks** 12:1 .
**Teachers** 1:5, 3:5 .
**technical** 3:20 .
**Teleconference** 1:26 .
**tendered** 6:13, 12:24 .
**terms** 11:24 .
**testimony** 17:9 .
**thereafter** 9:15 .
**they've** 13:1 .
**three** 9:3, 9:6, 9:10, 10:11 .
**timeline** 11:3 .
**today** 3:6, 3:10 .
**together** 4:10 .
**Tolles** 1:32, 1:37, 1:42 .
**touched** 6:21 .
**transcribed** 18:11 .
**Transcript** 1:23, 2:33, 18:9,
    18:13 .
**Transcription** 2:34 .
**Treasury** 1:13, 6:7, 8:23 .
**TRO** 4:18, 5:6, 5:10, 5:17, 5:22,
    6:25, 7:6, 7:13, 8:1, 9:1, 9:16,
    9:18, 10:16, 11:14, 11:16,
    11:22, 11:23, 11:24, 13:3 .
**Trump** 4:17 .
**try** 11:1, 13:10 .
**trying** 10:7, 11:4 .
**turn** 6:25, 7:15 .
**turned** 4:18 .
**turning** 5:6, 5:10 .
**two** 4:14, 9:1, 11:3, 13:13 .
**types** 7:25 .
.
**< U > .**
**U.S.** 2:25 .
**ultimately** 6:22 .
**unable** 5:23, 11:24 .
**unavailable** 4:15 .
**understand** 4:21, 5:18, 7:12,

    14:20 .
**understanding** 3:22, 7:24 .
**Understood** 15:23 .
**undertaking** 10:3 .
**unfair** 6:1, 8:11 .
**Unfortunately** 4:10 .
**unilaterally** 14:23, 15:3 .
**UNITED** 1:1 .
**until** 11:16, 12:17 .
**unwilling** 11:15 .
.
.
**< V > .**
**Vargas** 4:18 .
**versus** 3:5, 4:17 .
**Via** 1:26, 18:11 .
**view** 13:20 .
**violates** 5:21 .
**vs** 1:9 .
.
.
**< W > .**
**W.** 2:21, 2:24 .
**waive** 7:10 .
**wanted** 3:20 .
**Washington** 1:34, 1:49, 2:17,
    2:22 .
**week** 6:22, 7:10, 10:8, 11:13 .
**welcome** 4:1 .
**whatever** 15:2 .
**whether** 6:8, 8:22, 16:21 .
**Will** 5:24, 6:17, 7:2, 7:18, 7:21,
    10:6, 12:22, 13:17, 14:20,
    15:3, 15:9, 15:10, 15:17, 16:2,
    16:16, 17:23 .
**willing** 5:4, 7:10, 9:19, 9:21,
    11:6 .
**wish** 4:4 .
**Without** 4:19, 4:20, 5:11,
    12:5 .
**witnesses** 16:15, 17:1 .
**words** 7:1, 16:1, 16:16 .
**work** 4:10, 11:8 .
.
.
**< X > .**
**Xiaonan** 1:31, 3:9 .
.
.
**< Y > .**

**yesterday** 8:21 .
**York** 4:17 .
**yourselves** 3:7 .