```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
AMERICAN FEDERATION OF GOVERNMENT        :
EMPLOYEES, AFL-CIO, et al.,              :
                                         :   25cv1237 (DLC)
                       Plaintiffs,       :
           -v-                           :   ORDER
                                         :
U.S. OFFICE OF PERSONNEL MANAGEMENT,     :
an agency of the United States, et       :
al.,                                     :
                                         :
                       Defendants.       :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

This Order addresses the plaintiffs' request for expedited discovery before their anticipated briefing of a motion for a preliminary injunction. Their request is granted in part.

This action was filed on February 11, 2025, against the U.S. Office of Personnel Management ("OPM") and other defendants, asserting violations of the Privacy Act of 1974, 5 U.S.C. § 552a, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., as well as ultra vires actions. On February 24, in an action proceeding in the District of Maryland, the Honorable Deborah Boardman granted a temporary restraining order ("TRO") that includes preliminary relief as to OPM. Am. Fed'n of Teachers v. Bessent, No. 25cv430, 2025 WL 582063, at *15 (D. Md. Feb. 24, 2025) ("Maryland Action").

The plaintiffs in the instant action sought, in a motion filed on February 14, the following TRO:

> (1) Defendants are enjoined from disclosing to DOGE-affiliated agents any OPM records, as defined by the Privacy Act; from granting DOGE-affiliated agents access to OPM's records; and from allowing such agents to obtain personal information about individuals contained therein; (2) Defendants are enjoined to ensure future disclosure of individual records will occur only in accordance with the Privacy Act and the Administrative Procedure Act; (3) DOGE Defendants are enjoined to impound and destroy all copies of individuals' personal information that has been unlawfully disclosed by OPM; (4) Defendants are enjoined to file a status report within 48 hours of the issuance of this order indicating whether any DOGE-affiliated agents continue to have access to any OPM systems that contain records and whether DOGE Defendants have destroyed all copies.

The February 24 TRO in the Maryland Action enjoined OPM, its Acting Director, and their officers, agents, servants, employees, and attorneys, from:

> disclosing the personally identifiable information of the plaintiffs and the members of the plaintiff organizations to any OPM employee working principally on the DOGE agenda who has been granted access to OPM records for the principal purpose of implementing the DOGE agenda (other than OPM Chief Information Officer Greg Hogan)

The plaintiff organizations in the Maryland Action represent current and former federal employees. This TRO is set to expire on March 17. OPM is producing an administrative record to the plaintiffs in the Maryland Action today and the plaintiffs in

2

that action have until tomorrow to request "limited discovery." A preliminary injunction hearing is scheduled for March 17.

Meanwhile, the defendants in the instant action opposed the plaintiffs' motion for a TRO on February 19 and, in connection with that opposition, submitted a declaration from OPM's Chief Information Officer, Greg Hogan. That declaration provided only limited information regarding OPM's actions that are at issue here. The defendants also requested that the plaintiffs' motion for a TRO be converted to a motion for a preliminary injunction. The plaintiffs have consented to that request.

The parties have also conferred and proposed dates for multiple prospective motions. In an Order of February 25, the Court adopted the proposed schedules for the plaintiffs' motion for expedited discovery and for the defendants' motion to dismiss. The motion for expedited discovery was fully submitted yesterday; the motion to dismiss will be fully submitted on March 31.

In their March 4 opposition to the plaintiffs' request for expedited discovery, the defendants explain, <u>inter alia</u>, that OPM will be compiling the administrative record for its actions and presenting it in the Maryland Action today, and that the law permits litigants to obtain supplementation of the administrative record or extra-record discovery in the event

3

that they show a right to such additional materials. They also argue that there is no exigency in this action so long as a TRO or injunction remains in place in the Maryland Action.

The plaintiffs have shown a right to review the administrative record that is relevant to their claims against OPM. An administrative record is being compiled for the Maryland Action and produced today. It presents no burden to the defendants to produce that record, insofar as it relates to OPM, in this action as well, along with any additional discovery materials that will be produced by OPM in the Maryland Action in connection with the March 17 preliminary injunction hearing. Accordingly, it is hereby

ORDERED that the defendants shall provide to the plaintiffs the administrative record for the actions by OPM at issue in this litigation no later than tomorrow, March 8, 2025.

IT IS FURTHER ORDERED that, to the extent further discovery materials relating to those OPM actions are produced in the Maryland Action in connection with the preliminary injunction hearing, those materials shall also be promptly produced to the plaintiffs.

IT IS FURTHER ORDERED that the remainder of the plaintiffs' motion for expedited discovery is denied without prejudice to

4

renewal following completion of the preliminary injunction hearing in the Maryland Action.

Dated:   New York, New York
         March 7, 2025

                                                _____
                                                    DENISE COTE
                                      United States District Judge