UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO, *et al.*,

                        Plaintiffs,

                   -v.-

U.S. OFFICE OF PERSONNEL
MANAGEMENT, *et al.*,

                        Defendants.

25 Civ. 1237 (DLC)

**DEFENDANTS' ANSWER**

---

Defendants the U.S. Office of Personnel Management ("OPM"); Charles Ezell, in his official capacity as Acting Director of OPM; U.S. DOGE Service ("USDS"); the Acting USDS Administrator; U.S. DOGE Temporary Service; and Elon Musk, in his official capacity as Director of USDS (collectively, "Defendants"), by their attorney, Matthew Podolsky, Acting United States Attorney for the Southern District of New York, hereby answers the Complaint (ECF No. 1, "Complaint") of plaintiffs American Federation of Government Employees, AFL-CIO, Association of Administrative Law Judges, International Federation of Professional and Technical Engineers Judicial Council 1, AFL-CIO, Vanessa Barrow, George Jones, Deborah Toussant, and Does 1-100 (collectively, "Plaintiffs"), upon information and belief as follows:

## NATURE OF THE ACTION AND THE RELIEF SOUGHT

1.     Paragraph 1 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, deny that Plaintiffs are entitled to the requested relief.

2.     Admit the first and second sentences of Paragraph 2 of the Complaint, otherwise deny knowledge or knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 2 of the Complaint.

3. Admit.

4. Admit.

5. Paragraph 5 of the Complaint consists of Plaintiffs' characterization of Executive Order 14,158 (the "USDS E.O."), to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the USDS E.O. for a complete and accurate statement of its contents.

6. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Deny.

8. The first sentence of Paragraph 8 of the Complaint consists of legal conclusions concerning the Privacy Act, to which no response is required. To the extent a response is deemed required, deny. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 8 of the Complaint.

9. Deny.

10. Paragraph 10 of the Complaint consists of legal conclusions concerning the Privacy Act, to which no response is required. To the extent a response is deemed required, deny.

11. Deny.

12. Paragraph 12 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, deny that Plaintiffs are entitled to the requested relief.

## JURISDICTION AND VENUE

13. Paragraph 13 of the Complaint contains legal conclusions as to jurisdiction, to which no response is required. To the extent a response is deemed required, deny the Court has jurisdiction over this action.

14. Paragraph 14 of the Complaint contains legal conclusions as to venue, to which no response is required. To the extent a response is deemed required, deny.

## PARTIES

15. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Admit.

23. Admit.

24. Admit only that USDS is a subcomponent of the Executive Office of the President, and otherwise deny.

25. Admit.

26. Admit only that U.S. DOGE Temporary Service is a subcomponent of the Executive Office of the President, and otherwise deny.

27. Deny.

## FACTUAL ALLEGATIONS

28. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Deny, and aver that OPM provided access to certain OPM data systems to six OPM employees on January 20, 2025, and provided access to certain OPM data systems to other employees on January 28, 2025.

30. Deny.

31. Deny.

32. Admit that the Complaint accurately quotes a portion of a Washington Post article, and otherwise deny.

33. Deny.

34. Deny, and aver that on January 20, 2025, OPM's Chief Information Officer directed that certain OPM employees' access to two OPM data systems be removed.

35. Paragraph 35 of the Complaint consists of legal conclusions concerning the Privacy Act, to which no response is required. To the extent a response is deemed required, deny.

36. Deny.

37. Deny.

4

38. Paragraph 38 of the Complaint consists of legal conclusions concerning the Privacy Act, to which no response is required. To the extent a response is deemed required, deny.

39. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 40 of the Complaint, and otherwise deny.

41. Deny the allegations contained in the first sentence of Paragraph 41 of the Complaint, and otherwise deny knowledge or knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 41 of the Complaint.

42. Deny.

43. Admit that a data breach of OPM data occurred in 2015, otherwise deny OPM has improperly disclosed any information protected by the Privacy Act to "DOGE Defendants," and otherwise deny knowledge or knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 43 of the Complaint.

44. Deny.

45. Paragraph 45 of the Complaint contains legal conclusions as to the Privacy Act and the Administrative Procedure Act, to which no response is required. To the extent a response is deemed required, deny.

46. Deny.

**FIRST CLAIM FOR RELIEF**

47.     Defendants incorporate by reference their responses to the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

48.     The allegations in Paragraph 48 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

49.     The allegations in Paragraph 49 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

50.     The allegations in Paragraph 50 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

51.     The allegations in Paragraph 51 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

52.     The allegations in Paragraph 52 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

53.     The allegations in Paragraph 53 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

54. The allegations in Paragraph 54 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

### SECOND CLAIM FOR RELIEF

55. Defendants incorporate by reference their responses to the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

56. The allegations in Paragraph 56 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, respectfully refer the Court to the cited section of the Privacy Act for a full and accurate statement of its contents.

57. The allegations in Paragraph 57 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

58. The allegations in Paragraph 58 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

59. The allegations in Paragraph 59 of the Complaint relate to a claim that was dismissed by the Court, and therefore no response is required. *See* ECF No. 72. To the extent a response is deemed required, deny.

## **THIRD CLAIM FOR RELIEF**

60. Defendants incorporate by reference their responses to the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

61. Paragraph 61 of the Complaint consists of legal conclusions concerning the Administrative Procedure Act, to which no response is required. To the extent a response is deemed required, respectfully refer the Court to the cited section of the Administrative Procedure Act for a full and accurate statement of its contents.

62. Deny.

63. Deny.

64. Deny.

65. Paragraph 65 of the Complaint consists of legal conclusions concerning the Privacy Act and the Administrative Procedure Act, to which no response is required. To the extent a response is deemed required, deny.

66. Paragraph 66 of the Complaint consists of legal conclusions concerning the Federal Information Security Management Act, to which no response is required. To the extent a response is deemed required, deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

## FOURTH CLAIM FOR RELIEF

71. Defendants incorporate by reference their responses to the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

72. Paragraph 72 of the Complaint consists of legal conclusions concerning the Administrative Procedure Act, to which no response is required. To the extent a response is deemed required, respectfully refer the Court to the cited section of the Administrative Procedure Act for a full and accurate statement of its contents.

73. Paragraph 73 of the Complaint consists of legal conclusions concerning the Administrative Procedure Act, to which no response is required. To the extent a response is deemed required, respectfully refer the Court to the cited section of the Administrative Procedure Act for a full and accurate statement of its contents.

74. Deny.

75. Paragraph 75 of the Complaint consists of legal conclusions concerning the Privacy Act and the Administrative Procedure Act, to which no response is required. To the extent a response is deemed required, deny.

## FIFTH CLAIM FOR RELIEF

76. Defendants incorporate by reference their responses to the allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

77. Admit.

78. Deny.

79. Deny.

80. Deny.

81. Paragraph 81 of the Complaint consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendants aver that the DOGE Defendants may take actions that are authorized by law or other authority.

82. Deny.

83. Deny.

84. Deny.

## PRAYER FOR RELIEF

85. The unnumbered paragraph following Paragraph 84, beginning with "WHEREFORE," consists of Plaintiffs' requests for relief, to which no response is required. To the extent a response is deemed required, deny that Plaintiffs are entitled to the requested relief or to any relief.

## DEFENSES

Any allegations not specifically admitted or denied are hereby denied. For further defenses, Defendants allege as follows:

## FIRST DEFENSE

This Court lack subject matter jurisdiction over Plaintiffs' claims.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendants for which relief may be granted.

## THIRD DEFENSE

No agency action at issue was arbitrary, capricious, an abuse of discretion, a violation of due process, or otherwise not in accordance with law.

**FOURTH DEFENSE**

Under the Administrative Procedure Act, 5 U.S.C. § 501 *et seq.*, judicial review of a final agency decision is limited to the administrative record of the proceedings below.

**FIFTH DEFENSE**

Any errors of law committed by Defendants, which Defendants expressly deny, were harmless and not prejudicial, and warrant none of the relief requested in the Complaint. *See* 5 U.S.C. § 706.

**SIXTH DEFENSE**

Defendants did not act contrary to, or in violation of, any federal law.

Defendants may have additional defenses that are not known at this time but may become known after compilation of the whole record. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated:   April 17, 2025
         New York, New York

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By:   */s/ David Farber*
JEFFREY OESTERICHER
DAVID E. FARBER
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2695/2772