UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 25-cv-1237-DLC<br><br>**NOTICE OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction, dated April 25, 2025, the accompanying declarations, the administrative record, and all prior pleadings and proceedings herein, Plaintiffs will move this Court before the Honorable Denise L. Cote, at the United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, on a date and at a time designated by the Court, for a preliminary injunction under Federal Rule of Civil Procedure 65, and granting such other and further relief as the Court deems just and proper, ordering that:

(1) OPM Defendants[1] are enjoined from disclosing to DOGE Defendants,[2] including all DOGE agents,[3] any OPM records, as defined by the Privacy Act; from granting DOGE Defendants, including all DOGE agents, access to OPM's records; and from allowing

---

[1] "OPM Defendants" refers to the U.S. Office of Personnel Management and its Acting Director.
[2] "DOGE Defendants" refers to the U.S. DOGE Service, its Acting Director, the U.S. DOGE Service Temporary Organization, and Elon Musk.
[3] "DOGE agents" refers to individuals whose principal role is to implement the DOGE agenda as described in Executive Order 14,158 and who were granted access to agency systems of records for the principal purpose of implementing that agenda.

such Defendants and agents to obtain personal information contained in those records of Plaintiffs and members of Plaintiff organizations;

(2) OPM Defendants are enjoined to ensure future disclosure of individual records will occur only in accordance with the Privacy Act and the Administrative Procedure Act;

(3) DOGE Defendants, including all DOGE agents, are enjoined to impound and destroy all copies of Plaintiffs' and union Plaintiffs' members' personal information that OPM has disclosed to them;

(4) OPM Defendants are enjoined to establish appropriate safeguards to ensure the security and confidentiality of Plaintiffs' and union Plaintiffs' members' records and to protect against any anticipated threats or hazards to their security or integrity, including, but not limited to, the security risks created by DOGE agents' access; and

(5) Defendants are enjoined to file a status report within 48 hours of the issuance of this Order indicating whether any DOGE Defendants or agents continue to have access to any OPM systems that contain records and whether DOGE Defendants, including all DOGE agents, have destroyed all copies of Plaintiffs' and Plaintiffs' members' records.

Dated:  April 25, 2025                    Respectfully submitted,

*/s/ Rhett O. Millsaps II*
Rhett O. Millsaps II
Mark A. Lemley (admitted pro hac vice)
Mark P. McKenna (admitted pro hac vice)
Christopher J. Sprigman
LEX LUMINA LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
(646) 898-2055

F. Mario Trujillo (admitted pro hac vice)
Victoria Noble
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333

Norman L. Eisen (admitted pro hac vice)
STATE DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003

Subodh Chandra (admitted pro hac vice)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 W. 6th Street, Suite 400
Cleveland, OH  44113

*Counsel for Plaintiffs*