# EXHIBIT F

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, *et al.*,

    *Plaintiffs*,

v.

U.S. DEPARTMENT OF THE TREASURY, *et al.*,

    *Defendants*.

Case No. 25 Civ. 01144 (JAV)

**DEFENDANTS' REPORT IN SUPPORT OF ANTICIPATED MOTION TO PARTIALLY DISSOLVE THE PRELIMINARY INJUNCTION**

Defendants respectfully submit this report, and the attached declarations of Joseph Gioeli III, Kari Mencl, Michael J. Wenzler, and Daniel Katz, as provided for in the Court's Opinion and Order dated February 21, 2025, ECF No. 76 (the "PI Order"), in order to certify Defendants' compliance with the PI Order's requirements as to Treasury employee Ryan Wunderly, and in support of Defendants' anticipated motion to partially dissolve the preliminary injunction ("PI") entered on February 21, 2025, as to Mr. Wunderly.[1]  Mr. Wunderly's expertise and anticipated work to strengthen the Treasury Department's information technology systems are critical to the agency's time sensitive efforts to promote inter-operability between agency networks and systems, ensure data integrity, facilitate responsible data collection and synchronization, and identify new opportunities for efficiency and the elimination of waste, pursuant to the President's announced policies and directives.

---

[1] Defendants presently intend to make a further submission by March 24, 2025, with respect to other Treasury DOGE Team members who seek access to Treasury Department systems, as contemplated by the PI Order.  *See* PI Order at 63-64.

Defendants further respectfully request that the Court enter the following proposed briefing schedule with respect to Defendants' anticipated motion to partially dissolve the PI as to Mr. Wunderly, as also provided for in the PI Order: Defendants shall file their motion no later than Monday, March 10, 2025; Plaintiffs shall file their opposition no later than Thursday, March 13, 2025; and Defendants shall file their reply no later than Friday, March 14, 2025.

## PROCEDURAL BACKGROUND

On February 21, 2025, the Court issued the PI Order and entered a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, restraining the United States Department of the Treasury and the Secretary of the Treasury "from granting access to any Treasury Department payment record, payment systems, or any other data systems maintained by the Treasury Department containing personally identifiable information and/or confidential financial information of payees to any employee, officer, or contractor employed or affiliated with the United States DOGE Service, DOGE, or the DOGE Team established at the Treasury Department." PI Order at 63. The Court's entry of the PI rested on its determination that Plaintiffs had met the requirements for preliminary relief as to their "arbitrary and capricious" claim under the Administrative Procedure Act ("APA"), which was the only claim as to which the Court concluded Plaintiffs had a likelihood of success on the merits. *Id.* at 50. In fashioning the PI, the Court noted that "the issues identified by the Court largely have to do with the processes followed by the agency, and not with the substance of its decisions." *Id.* at 62.

Against that backdrop, the Court ordered the Treasury Department, by March 24, 2025, to submit a report certifying and describing certain steps and processes within Treasury that pertained to concerns identified by the Court in the PI Order and during oral argument on February 14, 2025; and averred that upon receipt of these submissions, the Court would "schedule prompt briefing to

address whether the Treasury Department has adequately redressed the violations of the APA found herein, so as to justify the termination or modification of the preliminary injunction." *Id.* at 64.

As set forth in the attached declarations of Treasury Department employees, Defendants hereby provide the information specified in the PI Order as to Treasury employee Ryan Wunderly[2], in anticipation of their motion to partially dissolve the PI as to Mr. Wunderly.

## TREASURY DOGE TEAM

Executive Order ("E.O.") 14,158, issued on January 20, 2025, established the President's "Department of Government Efficiency" ("DOGE"), and called for the creation of DOGE Teams within each executive agency. *Id.* § 3(c); PI Order at 5-6. Currently, the DOGE Team at the Treasury Department consists of Thomas Krause, Linda Whitridge, Ryan Wunderly, Sam Corcos, and Gavin Kliger[3]. *See* Declaration of Daniel Katz Dated March 4, 2025 ("Katz Decl."), ¶ 7. As detailed further below, Mr. Wunderly was appointed on February 19, 2025, as Special Advisor for Information Technology and Modernization, and his position description and job duties will be substantially the same as those of former Treasury employee Marko Elez. *See* Declaration of Michael J. Wenzler Dated March 5, 2025 ("Wenzler Decl."), ¶ 12. These responsibilities include conducting "special and confidential studies on a variety of strategies and issues related to Treasury's information technology," and identifying, analyzing, and making "recommendations to strengthen Treasury's hardware and software." *Id.* ¶ 9.

---

[2] Several categories of information provided herein pertain to all of the current members of the Treasury DOGE Team.

[3] An additional, new member of the Treasury DOGE Team will be onboarding on March 6, 2025. Defendants are not currently seeking any relief as to this new employee, and the employee will comply with the terms of the PI.

3

Mr. Wunderly's expertise is critical to the Treasury DOGE Team's efforts "to make the Treasury Department more effective, more efficient, and more responsive to the policy goals of this Administration through the use of cutting-edge technologies," and to "tackle[] certain longstanding issues identified by the Government Accountability Office (GAO), including on the topic of improper and fraudulent payments." Katz Decl. ¶ 4. In addition, given the time-limited nature of the Treasury DOGE Team's work, it is critical that Mr. Wunderly commence his work expeditiously, consistent with all applicable legal and regulatory requirements, including the requirements of the PI in this case. *Id.* ¶¶ 4-5.

## CERTIFICATION OF COMPLIANCE

As further detailed in the attached declarations of Treasury Department employees Joseph Gioeli III, Kari Mencl, Michael J. Wenzler, and Daniel Katz, Treasury provides the following information as required by the PI Order, as to Mr. Wunderly.

1. <u>Required Training.</u>

Defendants hereby certify that Mr. Wunderly has been provided with all training that is typically required of individuals granted logical access to Bureau of the Fiscal Service ("BFS") payment systems. *See* PI Order at 63. In particular, on February 28, 2025, Mr. Wunderly completed the following nine trainings: Annual Privacy Awareness Training, Annual Cybersecurity Awareness Training, Sexual Harassment Prevention in the Workplace, Treasury NO FEAR Training (New Hire), New Employee Ethics Training, Fundamentals of Record Management, Treasury Insider Threat Awareness, 2025 Safeguarding Federal Tax Information, and Bureau of the Fiscal Service Rules of Behavior. Wenzler Decl. ¶¶ 18, 22. These include the five trainings that are required of any individual who is granted logical access (*i.e.*, permission given to users to access specific parts of a computer system or software) to any BFS computer

system.  *See* Declaration of Joseph Gioeli III Dated March 4, 2025 ("Second Gioeli Decl."), ¶¶ 10-11.  If, in the future, Mr. Wunderly requests access that would require specific payment system trainings, he will be required to complete those trainings.  *Id.* ¶¶ 14, 19.

Defendants further certify that all current and future Treasury DOGE Team members, regardless of the hiring authority used to appoint them, will be required to take the nine trainings enumerated above.  *See* Wenzler Decl. ¶ 23; Katz Decl. ¶ 8; Second Gioeli Decl. ¶ 19.  The only exception to this instruction is that, in the case of a detailee who has already taken a training on the same topic at their agency, the detailee would not be required to take a duplicative training.  *See* Wenzler Decl. ¶ 23; Katz Decl. ¶ 8.

2. <u>Vetting and Security Clearance Processes.</u>

Defendants certify that Mr. Wunderly has undergone the same type of vetting and security clearance process applied to career employees who have previously been granted access to the BFS payment systems that is comparable to the access contemplated here.  *See* PI Order at 63. These processes are described in detail in the declaration of Kari Mencl, Chief of Personnel Security in the Office of Security Programs ("OSP") in the Office of Intelligence and Analysis for the Treasury Department.  *See* Declaration of Kari Mencl Dated March 5, 2025 ("Mencl Decl.").

OSP conducted the national security vetting process for all of the current and former Treasury DOGE Team members "in the same manner used for career employees seeking access to classified Treasury information."  *Id.* ¶ 11.  At Treasury, all career federal employees and political appointees, regardless of the level of their position, undergo the same overall vetting process, including a background investigation and an adjudication in accordance with national standards and guidelines.  *Id.* ¶ 10.  This OSP-coordinated process is also the same with respect to all individuals who will conduct work on BFS systems.  *See* Second Gioeli Decl. ¶ 3.  With respect

5

specifically to Mr. Wunderly, OSP conducted his security vetting process as a political appointee, including National Vetting Database checks. Mencl Decl. ¶ 13. OSP determined that because a qualifying background check had already been completed, no background investigation was required under the standards OSP generally applies to Treasury employees. *Id.*; *see also id.* ¶ 7 (regarding the process of revalidating a prior qualifying favorable background investigation). On February 28, 2025, OSP's Personnel Security Branch granted Mr. Wunderly a Top Secret clearance with Sensitive Compartmented Information ("SCI") access after completion of his security briefings and his signing of required non-disclosure agreements. *Id.* ¶ 13. BFS obtained assurance from Main Treasury regarding Mr. Wunderly's vetting process and his level of clearance. *Id.*; *see also* Second Gioeli Decl. ¶¶ 4, 6.[4]

3. Mitigation Procedures.

Defendants have previously described the mitigation procedures put into place to minimize risk when former Treasury employee Marko Elez was given limited access to certain BFS systems. *See* ECF No. 34, Declaration of Joseph Gioeli III Dated February 11, 2025 ("First Gioeli Decl."), ¶¶ 11-15. As described in Mr. Gioeli's February 11 Declaration, Mr. Elez was provided with a BFS laptop as his only method of connecting to Treasury payment systems; BFS used several cybersecurity tools to monitor Mr. Elez's usage of his BFS laptop at all times and continuously log his activity; BFS enabled enhanced monitoring on Mr. Elez's laptop; the laptop contained data exfiltration detection and was encrypted in accordance with Bureau policy; BFS provided Mr. Elez with read-only access to the systems (with one inadvertent exception that was promptly corrected, as described in Mr. Gioeli's February 11 Declaration), and required that any reviews using that

---

[4] Thomas Krause, the Treasury DOGE Team lead, has also completed his Treasury vetting and clearance process. *See* Mencl Decl. ¶ 12; Second Gioeli Decl. ¶ 5.

6

access would occur during low-utilization time periods; provided safeguarding and handling instructions for Treasury data for the duration of the project; instructed Mr. Elez and Thomas Krause that no Treasury information or data could leave the BFS laptop; and created a secure code depository, or "sandbox," in which Mr. Elez could securely access and explore source code outside the production environment.  *Id*. ¶¶ 12-16; Second Gioeli Decl. ¶ 18.  Moreover, the Treasury DOGE Team agreed that at the end of the project, it would provide BFS with an attestation statement that any copies made of Treasury information would be properly destroyed, and confirmation that no suspicious or unauthorized access to Bureau information or data had occurred during the engagement.  First Gioeli Decl. ¶ 14.

If the Court dissolves the PI as to Mr. Wunderly and he subsequently gains logical access to any BFS systems, Treasury will implement the same above-described mitigation measures, and any additional appropriate mitigation, with respect to Mr. Wunderly's access.  Second Gioeli Decl. ¶ 19.

4. <u>Employment or Detail Authorities.</u>

The authorities pursuant to which each Treasury DOGE Team member is employed or detailed are described in the Wenzler Declaration.  *See* Wenzler Decl. ¶¶ 3-17; *see* PI Order at 64.

    a. Thomas Krause was initially appointed under 5 U.S.C. § 3109 as a Consultant for Treasury (Departmental Offices, Office of the Chief of Staff), with the title of Senior Advisor for Technology and Modernization.  Wenzler Decl. ¶ 3.  The relevant statute underlying Mr. Krause's Section 3109 appointment authority was 31 U.S.C. § 332(1), which provides that the Treasury Secretary "may to the extent provided in advance by appropriation acts . . . contract for the temporary or intermittent services of experts or consultants as authorized by" Section 3109.  The relevant appropriation is section 113

of Division B of Pub. L. No. 118-47 ("Appropriations to the Department of the Treasury in this Act shall be available for . . . services authorized by 5 U.S.C. § 3109"). Consultants appointed under 5 U.S.C. § 3109 are Federal civil service employees under 5 U.S.C. § 2105. *See* 5 C.F.R. § 304.101; Wenzler Decl. ¶ 3. In February 2025, Mr. Krause became a temporary transitional Schedule C employee, at which point he was no longer employed as a Consultant under 5 U.S.C § 3109. *See* 5 C.F.R. § 213.3302; Wenzler Decl. ¶ 8. Throughout his employment at Treasury, Mr. Krause has also been designated as a Special Government Employee ("SGE") under 18 U.S.C. § 202. *Id.* ¶¶ 4, 8.

b. Mr. Wunderly was appointed on February 19, 2025, as Special Advisor for Information Technology and Modernization (Treasury Departmental Offices, Office of the Chief of Staff), under Treasury's authority to establish temporary transitional Schedule C positions. *See* 5 C.F.R. § 213.3302; Wenzler Decl. ¶ 12. Mr. Wunderly is not designated as an SGE. *See* Wenzler Decl. ¶ 12.

c. On February 25, 2025, Treasury appointed Linda Whitridge as a Special Advisor in the Office of the Chief of Staff under Treasury's authority to establish temporary transitional Schedule C positions. *See* 5 C.F.R. § 213.3302; Wenzler Decl. ¶ 14. Ms. Whitridge is not designated as an SGE. *See* Wenzler Decl. ¶ 14.

d. On February 28, 2025, Samuel Corcos was appointed under 5 U.S.C. § 3109 as a Consultant for Treasury (Departmental Offices, Office of the Chief of Staff) with the title of Senior Advisor for Technology and Modernization. Wenzler Decl. ¶ 15. As detailed above, the relevant statutory authority is 31 U.S.C. § 332(1) and the relevant appropriation is section 113 of Division B of Pub. L. No. 118-47, and

        Consultants appointed under Section 3109 are Federal civil service employees under 5 U.S.C. § 2105.  *See* 5 C.F.R. § 304.101.  Mr. Corcos is currently designated as an SGE.  *See* Wenzler Decl. ¶¶ 15-17.

   e. According to documentation Mr. Wenzler received and reviewed in the course of his duties, on February 19, 2025, Treasury's Acting Assistant Secretary for Management entered into a Memorandum of Understanding with the Acting Director of the Office of Personnel Management ("OPM") for the temporary detail of Gavin Kliger from OPM to the Internal Revenue Service ("IRS") to "provide experienced engineering assistance that would contribute to more effective and efficient tax administration practices in support of fulfilling the President's DOGE mission at the IRS." Wenzler Decl. ¶ 13.  The detail was effective on February 19, 2025, for a period not to exceed 120 days, but may be extended for up to 120 additional days, subject to the availability of appropriations.  *See id*.

5. <u>Reporting Chains.</u>

The Katz Declaration explains in detail the reporting chains that govern the relationship between the Treasury DOGE Team, the United States DOGE Service ("USDS")/DOGE, and Treasury leadership.  *See* PI Order at 64.  Daniel Katz is the Chief of Staff of the Department of the Treasury.  Katz Decl. ¶ 1.  Mr. Katz reports directly to the Treasury Secretary and is the primary aide to the Secretary responsible for exercising supervision over the Deputy Chiefs of Staff, Executive Secretary, Director of Scheduling, and other officials and offices within the Office of the Chief of Staff.  *Id.*

Mr. Katz is also the primary official responsible for assisting the Secretary in overseeing the work of the Treasury DOGE Team.  *Id.* ¶ 3.  Thomas Krause, the Treasury DOGE Team lead,

9

reports to Mr. Katz,[5] as do all the other members of the Treasury DOGE Team who are Treasury employees. *Id.* ¶¶ 3, 7. The only exception is Gavin Kliger, who is a detailee to the IRS from OPM. *Id.* ¶ 7. Consistent with the terms of his detail agreement, Mr. Kliger reports to Treasury Department Assistant Secretary for Management John York (or his designee) for the duration of his detail (although Mr. Kliger coordinates closely with the rest of the Treasury DOGE Team). *Id.* ¶ 7 & n.2.

Mr. Krause and the other members of the Treasury DOGE Team collaborate closely with staff at the USDS consistent with direction from Secretary Bessent and Mr. Katz, but they do not report to anyone outside of the Treasury Department. *Id.* ¶ 3. There is no Memorandum of Understanding or other agreement between Treasury and USDS regarding the Treasury DOGE Team. *Id.* ¶ 6. Although the Treasury DOGE Team and others at Treasury coordinate with the White House and USDS to set high-level policy direction and priorities, only the Offices of the Treasury Secretary and Chief of Staff are responsible for overseeing the Treasury DOGE Team. *Id.*

---

[5] With respect to his duties as Fiscal Assistant Secretary, Mr. Krause reports directly to Secretary Bessent. Katz Decl. ¶ 3 n.1.

## CONCLUSION

Having provided the above information required by the PI Order, Defendants respectfully request that the Court enter the proposed briefing schedule with respect to their anticipated motion to partially dissolve the PI with respect to Mr. Wunderly.

Dated: March 5, 2025

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

JOHN R. GRIFFITHS
Director
Federal Programs Branch

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Senior Trial Counsel
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: (202) 305-0878
Bradley.Humphreys@usdoj.gov

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: */s/ Jeffrey Oestericher*
JEFFREY OESTERICHER
REBECCA S. TINIO
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2695/2774
Email: jeffrey.oestericher@usdoj.gov
           rebecca.tinio@usdoj.gov

11