# Lex Lumina LLP

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

May 14, 2025

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
500 Pearl Street, Room 1910
New York, NY  10007

>     Re:     *American Federation of Government Employees, AFL-CIO, et al v. U.S. Office of Personnel Management, et al.,* **25-cv-1237-DLC**

Dear Judge Cote:

The parties met and conferred by videoconference regarding the Court's April 28, 2025, Order (ECF No. 90) ("Order") and disagree about whether the Order requires the parties to make their declarants available for cross-examination at the scheduled May 29 hearing ("Hearing") on Plaintiffs' motion for a preliminary injunction ("Motion"). The parties thus write jointly to request clarification of the Order and set out their respective positions below.

**Plaintiffs' Position**

Plaintiffs interpret the Order's instruction that the parties "shall confer and advise the Court as to whether any witnesses should be present at the hearing to be cross-examined" to mean that the parties are expected to produce any of their declarants at the Hearing if the opposing party indicates that they wish to cross-examine them. Plaintiffs advised Defendants that at this point they do not intend to cross-examine Defendants' sole declarant, Greg Hogan, based on his prior declaration submitted in this case (ECF No. 40), but that Plaintiffs might want to cross-examine Defendants' declarants based on declarations they submit with their forthcoming opposition to Plaintiffs' Motion. For obvious reasons, Plaintiffs cannot make that determination until they see what is contained in those declarations, which are forthcoming according to Defendants' counsel.

Plaintiffs' counsel asked Defendants' counsel if Defendants intend to cross-examine any of Plaintiffs' declarants—three individual Plaintiffs and three expert witnesses—based on the declarations submitted on February 14, 2025, and April 25, 2025, respectively, so that Plaintiffs can arrange to have any of their witnesses necessary present at the Hearing or discuss alternative arrangements for those that have travel conflicts on May 29. Defendants' counsel replied that as of now Defendants do not intend to cross-examine any of Plaintiffs' witnesses, but that Defendants reserve their right to do so if the Plaintiffs seek to cross examine Defendants' forthcoming declarants. Defendants' counsel further stated that the Order does not require Defendants to produce any of their declarants for cross-examination, and that the Court does not have the authority to order Defendants to do so at the May 29 Hearing.

Courts in this District and elsewhere regularly hold evidentiary hearings in connection with motions for preliminary injunctions and order that declarants be available for cross-examination. *See, e.g.*, *Time Warner Cable of New York City, a Div. of Time Warner Entertainment Co., L.P. v. City of New York*, 943 F. Supp. 1357, (S.D.N.Y. 1996) (Cote, J.) ("The parties agreed, pursuant to this Court's rules, to have the direct testimony of all witnesses presented by affidavit. Prior to the hearing, the parties were to designate which witnesses they wished to cross-examine in person."); *New York ex rel. Spitzer v. Cain*, 418 F. Supp. 2d 457, 468–69 (S.D.N.Y. 2006) (Cote, J.) (describing court-ordered "procedural framework" for evidentiary hearing on motion for preliminary injunction, which included ten hours of cross examination and redirect examination of witnesses); *Applied Bolting Technology Products, LLC v. TurnaSure LLC*, 22-CV-10506 (JMF), 2023 WL 196148, at *2 (S.D.N.Y. Jan. 17, 2023) ("Three business days after submission of the affidavits discussed above, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the hearing. Only those witnesses who will be cross-examined need to appear at the hearing."); *Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Off. of Pers. Mgmt., et al.*, 25-cv-1780 (N.D. Cal. March 10, 2025), ECF No. 89 (Order) (denying defendants' motion to vacate order that OPM's acting director Charles Ezell appear or be deposed for cross-examination in connection with his sworn declaration, and ruling, "If Ezell does not appear in violation of that order, then the Court will have to decide the sanction, including whether or not to strike or limit his sworn declaration."). Courts have required federal agency officials to testify at evidentiary hearings on motions for preliminary injunctions premised on claims under the Administrative Procedure Act. *See, e.g.*, *Nat'l Treasury Emps. Union v. Vought*, No. CV 25-0381 (ABJ), --- F.Supp.3d ----, 2025 WL 942772, at *23-37 (D.D.C. Mar. 28, 2025).[1]

Accordingly, Plaintiffs respectfully request that the Court clarify that the Order requires Defendants to make available for cross-examination, either by advance deposition or live at the Hearing, any of their declarants that Plaintiffs designate for cross-examination. Plaintiffs also respectfully request that the Court order Defendants to designate, by May 16, Plaintiffs' declarants, if any, whom Defendants wish to cross-examine so that Plaintiffs can arrange to have those declarants present at the Hearing or the parties can make alternative arrangements (such as advance depositions) for Plaintiffs' declarants who are unavailable on May 29. Plaintiffs seek to resolve the parties' dispute over the Order's interpretation now given the short time between now and the Hearing and so that Plaintiffs can make the necessary logistical arrangements for any of their declarants who must be available for cross-examination in the next two weeks.

**Defendants' Position**

Defendants respectfully submit that this issue is unripe and entirely premature. As Plaintiffs note, they currently do not intend to cross-examine Mr. Hogan, and Defendants similarly do not currently intend to cross-examine any of Plaintiffs' declarants. Plaintiffs "might" want to cross-examine Defendants' contemplated declarants—all three of whom are employees of the Office of Personnel Management ("OPM")—based on declarations they would submit in connection with

---

[1] That the parties *agreed* to forego an evidentiary hearing in another case is inapposite here. *See New York v. Trump*, No. 25-CV-01144 (JAV), --- F.Supp.3d ----, 2025 WL 573771, at *9 (S.D.N.Y. Feb. 21, 2025), *opinion modified on denial of reconsideration*, No. 25-CV-1144 (JAV), 2025 WL 1095147 (S.D.N.Y. Apr. 11, 2025).

Defendants' forthcoming opposition. None of the parties have requested an evidentiary hearing, and other cases involving similar Privacy Act issues under the Administrative Procedure Act ("APA"), as well as *ultra vires* claims, have been readily decided without one. *See, e.g., New York v. Trump,* No. 25 Civ. 01144 (JAV), 2025 WL 573771, at *2 (S.D.N.Y. Feb. 21, 2025) (deciding preliminary injunction involving APA and *ultra vires* claims premised on alleged violations of the Privacy Act by the Treasury Department on the "the entire record including affidavits," and without testimony). At this point, it is not clear that an evidentiary hearing would even be needed.[2] Given the above, Defendants submit that it would be most efficient to wait until after they file their opposition briefing and declarations on May 16 to allow Plaintiffs to determine whether there is even a live controversy at all.

To the extent Plaintiffs argue that Defendants should be compelled to make their declarants appear at any evidentiary hearing that may be ordered in the future, their contention is unavailing. Plaintiffs' principal claims are brought pursuant to the APA, under which discovery (and *especially* compelled testimony) is presumptively not permitted. *See* Gov't Br. on Mot. for Exp. Discovery, ECF No. 54. Furthermore, cases under the APA are generally resolved by motions for summary judgment on the administrative record, *see, e.g., Nat. Res. Def. Council, Inc. v. FDA*, 598 F. Supp. 3d 98, 106 (S.D.N.Y. 2022), and the fact that Defendants intend to include declarations to explain that record is entirely appropriate and does not somehow transform this matter into one requiring testimony at any evidentiary hearing.[3] *See, e.g., Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 16 (2d Cir. 1997) (court may allow "agency to introduce additional explanations" via declarations when administrative record does not "adequately explain" the issues for review). This case is thus different than disputes between private parties or under causes of action where discovery may be had and where witnesses may be required to be cross-examined at a preliminary injunction hearing. *Cf. Applied Bolting Technology Products, LLC v. TurnaSure LLC*, 22 Civ. 10506 (JMF), 2023 WL 196148, at *2 (S.D.N.Y. Jan. 17, 2023). Even then, courts generally make an independent assessment as to whether an evidentiary hearing is necessary—*i.e.*, whether materials facts are clearly in dispute. Moreover, having declined to renew their motion for expedited discovery and instead having filed their motion for a preliminary injunction, *see* ECF Nos. 75 & 77, Plaintiffs cannot now claim that they would somehow be prejudiced as a result of any lack of testimony.

---

[2] Evidentiary hearings involving compelled testimony are not required on motions for preliminary injunctions, and courts routinely decide such motions on the papers alone. *See, e.g., St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 108 (2d Cir. 2025). For example, in *Time Warner Cable v. City of New York*, 943 F. Supp. 1357, 1366 (S.D.N.Y. 1996), the parties *agreed* on the procedures for the preliminary injunction hearing in a case in which a bevy of declarations and deposition testimony were submitted, but ultimately "[t]he parties chose not to call any witnesses for cross examination," and an evidentiary hearing did not occur. In *New York ex rel. Spitzer v. Cain*, 418 F. Supp. 2d 457, 468-69 (S.D.N.Y. 2006), the parties held a conference with the Court in which a framework for an evidentiary hearing (which the parties and the Court apparently agreed was necessary in that case) was established and memorialized in a subsequent scheduling order—that has not occurred here as no party has suggested that an evidentiary hearing is required.

[3] Requiring an agency defendant to submit its employees to cross-examination in connection with a preliminary injunction hearing, where such testimony could not normally be compelled prior to resolution of the case, would vitiate the principles underlying the APA's record review rule.

Finally, Defendants have never claimed that this Court could not generally require witnesses to attend an evidentiary hearing—only that, in the circumstances of this case, it was unclear that OPM's declarants could be compelled to attend such a hearing. All of Defendants' proposed declarants are OPM employees who are located in Washington, D.C., and thus outside of the subpoena power under Federal Rule of Civil Procedure 45(c)(1)(A).[4] *Cf. Nat'l Treasury Emps. Union v. Vought*, No. 25 Civ. 0381 (ABJ), 2025 WL 942772, at *23-37 (D.D.C. Mar. 28, 2025) (preliminary injunction hearing held in the District of Columbia, where one agency declarant worked and was called to testify). Having decided to file this matter in a forum hundreds of miles from Washington, D.C., Plaintiffs cannot now complain that these witnesses are beyond that subpoena power. And that fact does not mean, as Plaintiffs appear to suggest, that the Court should simply strike their forthcoming declarations if they do not appear at an evidentiary hearing (if one is even required to be held). None of the OPM employee declarants are named parties in this matter, and as Plaintiffs' own cases make clear, that distinction is crucial. In the Northern District of California, Judge Aslup actually granted the Government's motions to quash subpoenas directed at OPM officials in advance of the preliminary injunction hearing, except for Acting OPM Director Charles Ezell, "who *uniquely was a party* and had volunteered his own testimony." See *Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*, No. 25 Civ. 01780 (WHA), 2025 WL 820782, at *4 (N.D. Cal. Mar. 14, 2025) (emphasis added). As a result, the Government submits that in this circumstance—where none of the forthcoming OPM declarants are named parties—they should not be compelled to attend any contemplated evidentiary hearing.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ *David E. Farber*  /s/ *Rhett O. Millsaps II*

Assistant U.S. Attorney for the Southern District of New York

*Counsel for Plaintiffs*

*Counsel for Defendants*

---

[4] Plaintiffs' suggestion that these declarants could be cross-examined by "advance deposition," amounts to an impermissible request for expedited discovery, without attendant briefing, and after Plaintiffs already decided to forego a renewed motion for such discovery. Moreover, an advance deposition would not serve the principal purpose of taking such testimony at an evidentiary hearing—i.e., to allow the Court to make credibility determinations.