# Lex Lumina LLP

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

May 21, 2025

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
500 Pearl Street, Room 1910
New York, NY  10007

> Re:   *American Federation of Government Employees, AFL-CIO, et al v. U.S. Office of Personnel Management, et al.,* 25-cv-1237-DLC

Dear Judge Cote:

The parties submit this joint letter in accordance with the Court's Order entered on May 20, 2025 (ECF No. 103). The parties met and conferred, and Plaintiffs advised Defendants that they wish to cross-examine one of Defendants' declarants, Gregory J. Hogan, at the May 29 hearing. The parties set out below their respective positions on this matter.

**Plaintiffs' Position**

As an initial matter, the Court's focus here should be on the administrative record materials compiled by the agency *before* it made a decision to disclose Plaintiffs' records to DOGE agents.  *See Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir.1997) (citing *Camp v Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").  The three artfully worded declarations submitted by Defendants with their opposition to Plaintiffs' motion for a preliminary injunction raise more questions than they answer and fail to address critical gaps in the administrative record. They are silent about DOGE Defendants' widely reported coordination and/or direction of DOGE agents' activities at OPM. They provide no information about access to or use of OPM data by DOGE agents after March 6, 2025.  They provide no ethics training documents used for any of the DOGE agents at OPM, no security training documents for employees labeled OPM-3, OPM-4, and OPM-6, and no information at all about employees labeled OPM-9 through OPM-18.  They offer little more than post-hoc, half-baked attempts to sanitize an administrative record that shows that Defendants' admittedly rushed and unnecessary disclosures of Plaintiffs' protected information violated the Privacy Act.

Courts in this District and elsewhere regularly order that declarants be available for cross-examination at hearings on motions for preliminary injunctions. *See, e.g.*, *Time Warner Cable of New York City, a Div. of Time Warner Entertainment Co., L.P. v. City of New York*, 943 F. Supp. 1357, (S.D.N.Y. 1996) (Cote, J.) ("The parties agreed, pursuant to this Court's rules, to have the direct testimony of all witnesses presented by affidavit. Prior to the hearing, the parties were to designate which witnesses they wished to cross-examine in person."); *New York ex rel. Spitzer v. Cain*, 418 F.

Supp. 2d 457, 468–69 (S.D.N.Y. 2006) (Cote, J.) (describing court-ordered "procedural framework" for evidentiary hearing on motion for preliminary injunction, which included ten hours of cross examination and redirect examination of witnesses); *Applied Bolting Technology Products, LLC v. TurnaSure LLC*, 22-CV-10506 (JMF), 2023 WL 196148, at *2 (S.D.N.Y. Jan. 17, 2023) ("Three business days after submission of the affidavits discussed above, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the hearing. Only those witnesses who will be cross-examined need to appear at the hearing."); *Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Off. of Pers. Mgmt., et al.*, 25-cv-1780 (N.D. Cal. March 10, 2025), ECF No. 89 (Order) (denying defendants' motion to vacate order that OPM's acting director Charles Ezell appear or be deposed for cross-examination in connection with his sworn declaration, and ruling, "If Ezell does not appear in violation of that order, then the Court will have to decide the sanction, including whether or not to strike or limit his sworn declaration."); *see also* 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2949 (3d ed.) ("When the outcome of a Rule 65(a) application depends on resolving a factual conflict by assessing the credibility of opposing witnesses, it seems desirable to require that the determination be made on the basis of their demeanor during direct and cross-examination, rather than on the respective plausibility of their affidavits."). Courts have required federal agency officials to testify at evidentiary hearings on motions for preliminary injunctions premised on claims under the Administrative Procedure Act. *See*, *e.g.*, *Nat'l Treasury Emps. Union v. Vought*, No. CV 25-0381 (ABJ), --- F.Supp.3d ----, 2025 WL 942772, at *23-37 (D.D.C. Mar. 28, 2025).

Hogan, as OPM's Chief Information Officer, has submitted three declarations in this case: two substantive declarations and a declaration introducing the administrative record that Defendants filed on April 23, 2025. ECF No. 78-1 at 1. While Hogan submitted a declaration in another DOGE- and OPM-related case certifying that the administrative record was "complete," Hogan did not so certify the administrative record in this case. Compare *Am. Fed'n of Teachers v. Bessent*, No. CV DLB-25-0430, 2025 WL 895326, ECF No. 51-1 at 2-3 (D. Md. Mar. 7, 2025) with ECF No. 78-1 at 1 in this case. Moreover, Hogan's declarations are riddled with misleading and incomplete statements ripe for cross-examination. For example, Hogan says that he removed DOGE agents' permissions from EHRI and eOPF because they were "currently unnecessary" and the individuals "no longer needed access." Decl. of Gregory Hogan, May 16, 2025, ECF No. 98 ("Second Hogan Decl.") ¶ 10. But this is misleading, as the administrative record shows that Hogan previously admitted that the employees at issue "never needed access to ERHI/eOPF." AR at OPM-000026. In another example, Hogan discusses in general terms what "administrative access" to OPM's systems might or might not entail, but he does not dispute that DOGE agents had "administrative access" that would allow DOGE agents to delete access logs. Second Hogan Decl. ¶ 9. In a third example, Hogan says that "career OPM staff," not DOGE agents, used the EHRI and eOPF systems—but he does not specify which career staff, and the administrative record does not show this. *Id.* ¶ 12. The list goes on.

Plaintiffs additionally have identified many examples of inconsistencies and shortcomings in Hogan's declarations and the administrative record in their prior motion for expedited discovery (ECF No. 52) and their papers in support of their motion for a preliminary injunction (ECF Nos. 84-88). Hogan's declarations are in material conflict with voluminous evidence submitted by Plaintiffs to date, including public statements by the President and other government officials, prior sworn statements by other government officials in other DOGE-related cases, credible, widespread news reports, and Plaintiffs' own declarations. *See* ECF Nos. 37, 85-88. To the extent that any of the evidence constitutes

hearsay, it is well settled in this Circuit that "hearsay evidence may be considered by a district court in determining whether to grant a preliminary injunction." *Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010).

Plaintiffs thus respectfully request that the Court order Defendants to produce Hogan, whose affirmative testimony they have chosen to offer, for cross-examination at the May 29 hearing.

**Defendants' Position**

Plaintiffs have requested to cross-examine Mr. Hogan at the upcoming preliminary injunction hearing on May 29th. However, they have not made any showing that an evidentiary hearing would be required or even useful in deciding Plaintiffs' motion for a preliminary injunction.[1]

An evidentiary hearing in this case is not required. "[O]n a motion for preliminary injunction, where 'essential facts are in dispute, there must be a hearing . . . and appropriate findings of fact must be made.'" *Republic of Philippines v. New York Land Co.*, 852 F.2d 33, 37 (2d Cir. 1988) (quoting *Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745, 747 (2d Cir. 1987) (alteration omitted)). However, "[i]t is not a rigid requirement that oral testimony be taken on a motion for a preliminary injunction." *Id.* (citing *Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir. 1968)). Significantly, "[a]n evidentiary hearing is not required when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case . . . or when the disputed facts are amenable to complete resolution on a paper record." *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998). Where a party cannot identify a genuine dispute with respect to facts essential to any of the elements of the preliminary injunction standard, evidentiary hearings are not necessary. *See St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 108 (2d Cir. 2025) (evidentiary hearing not necessary, where party "has not identified any factual dispute in the record that was essential to the district court's decision").[2] In cases brought under the Administrative Procedure Act ("APA"), courts

---

[1] Plaintiffs largely restate their position included in the May 14 joint letter as to why cross-examination should be required. *See* ECF No. 92 at 1-2. Rather than repeat their arguments in response, Defendants incorporate their position as outlined in the May 14 joint letter at pages 2-4, *see* ECF No. 92.

[2] In keeping with their burden on a preliminary injunction motion, *see Do No Harm v. Pfizer Inc.*, 126 F.4th 109, 119 (2d Cir. 2025), Plaintiffs "'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.'" *United Spinal Ass'n v. Bd. of Elections in City of New York*, 882 F. Supp. 2d 615, 622–23 (S.D.N.Y. 2012), *aff'd sub nom. Disabled in Action v. Bd. of Elections in City of New York*, 752 F.3d 189 (2d Cir. 2014) (quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir.2010). "Establishing such evidence requires going beyond the allegations of the pleadings, as the moment has arrived 'to put up or shut up.'" *Id.* (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000)). "Rather than merely 'deny the moving party's allegations in a general way,' the party opposing summary judgment 'must present competent evidence that creates a genuine issue of material fact.'" *Cestaro v. Rodriguez*, No. 23 Civ. 593 (DLC), 2024 WL 1116876, at *3 (S.D.N.Y. Mar. 13, 2024), *aff'd*, No. 24-973, 2025 WL 783636 (2d Cir. Mar. 12, 2025)) (quoting *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022)). "Unsupported allegations do not create a material issue of fact." *Id.* That hearsay evidence—such as the parties' declarations—may be admissible in a preliminary injunction hearing, *see Mullins*, 626 F.3d at 52, does not alter the requirement that a party

have decided that evidentiary hearings—including cross-examination of agency declarants—are not necessary where plaintiffs' allegations "were not sufficient to create a dispute of fact as to any of the elements of the preliminary injunction standard, and thus did not merit a separate evidentiary hearing." *Matter of Defend H20 v. Town of E. Hampton*, 147 F. Supp. 3d 80, 97 (E.D.N.Y. 2015); *see also Brezler v. Mills*, 86 F. Supp. 3d 208, 213 n.2 (E.D.N.Y. 2015) (concluding there was "no need for an evidentiary hearing" in APA case). Furthermore, the introduction of an agency declaration in opposition to a preliminary injunction in an APA case does not transform the matter into one allowing for *de novo* review, or in which agency declarants may be subject to cross-examination. *See Nat'l Nutritional Foods Ass'n v. Weinberger*, 512 F.2d 688, 701 (2d Cir. 1975) ("A failure of the agency adequately to explain its actions is not a warrant to the district court to conduct a *de novo* evidentiary hearing." (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

Plaintiffs have not identified any material facts supplied by Mr. Hogan that are subject to genuine dispute. They claim that "Hogan's declarations are riddled with misleading and incomplete statements ripe for cross-examination," but they don't point to any genuine factual disputes, backed up by competent evidence, that bear on any of the preliminary injunction factors. For example, Plaintiffs assert that Hogan's statement that certain individuals "no longer needed access" to EHRI and eOPF, Second Hogan Decl. ¶ 10, is misleading because in the administrative record, he wrote that "they never needed access." AR at OPM-000026. But both statements are true—and thus, there is no dispute of fact. They also claim that Hogan does *not* dispute "that DOGE agents had 'administrative access' that would allow DOGE agents to delete access logs," but they point to no competent evidence that even suggests anyone was granted access permissions that would enable them to delete access logs—and Plaintiffs' unsupported allegations do not suffice to create a genuine dispute of fact.[3] Finally, they note that Hogan "does not specify which career staff" supplied name and email address data to create the Government-Wide Email System ("GWES"), *see* Second Hogan Decl. ¶ 12, but Plaintiffs do not dispute, despite their past allegations to the contrary, that no "DOGE agents" accessed EHRI and eOPF to create the GWES—and that fact is supported by the account access review performed by OPM's CISO team, *see id.* ¶ 11; AR at OPM-000103. Because Plaintiffs have not shown any genuine disputes of material facts, this is not a situation where "a court must make credibility determinations to resolve key factual disputes in favor of the moving party," which would necessitate an evidentiary hearing. *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004).

Plaintiffs assert "[t]he list goes on" with respect to potential questions they would like to ask Mr. Hogan on cross-examination; however, an evidentiary hearing is not an opportunity for Plaintiffs' counsel to engage in impermissible extra-record discovery. Plaintiffs have not demonstrated a genuine dispute of material fact requiring an evidentiary hearing, and the Court should not direct that Defendants produce Mr. Hogan absent such a showing.

---

asserting that a fact is genuinely disputed must support the assertion by setting out facts that "*would* be admissible in evidence," Fed. R. Civ. P. 56(c)(2), (c)(4) (emphasis added). Unsupported allegations contained in news articles, blog posts, letters from Congressmen, or other materials that would be inadmissible hearsay, do not create material issues of fact.

[3] Mr. Hogan further stated, under penalty of perjury, that he is "not aware of anyone at OPM taking the above actions [*i.e.,* disabling logging or audit trails], or even requesting that they be taken, while [he has] been employed at OPM." Second Hogan Decl. ¶ 9.

Hon. Denise L. Cote
Page 5 of 5
May 21, 2025

                                                                                         Respectfully submitted,

/s/ *David E. Farber*                           /s/ *Rhett O. Millsaps II*

Assistant U.S. Attorney for the       *Counsel for Plaintiffs*
Southern District of New York

*Counsel for Defendants*