# Lex Lumina LLP

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

May 24, 2025

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY  10007

      Re:   *American Federation of Government Employees, AFL-CIO, et al v. U.S. Office of Personnel Management, et al.,* **25-cv-1237-DLC**

Dear Judge Cote:

      We represent Plaintiffs in the above-referenced matter.  We write in response to Defendants' letter to the Court filed yesterday (ECF No. 108) requesting, *inter alia*, to cross-examine all three of Plaintiffs' experts at next week's May 29 hearing on Plaintiffs' motion for a preliminary injunction—after Defendants ignored the Court's May 20 Order requiring the parties to advise the Court on May 21 if they would seek to cross-examine any declarants at the hearing.  ECF No. 103.  For the reasons stated herein, Plaintiffs oppose Defendants' belated request to cross-examine two of their experts, which is nothing more than a transparent attempt to postpone the May 29 hearing. In good faith, however, Plaintiffs consent to Defendants' request to cross-examine David Nesting, who submitted a new reply declaration yesterday and who is prepared to appear in person at the May 29 hearing.

      At Plaintiffs' request, the parties met and conferred on May 12 to discuss cross-examining declarants at the May 29 hearing.  See ECF No. 92.  Even though Plaintiffs' witnesses already had submitted declarations, Defendants' counsel engaged in apparent gamesmanship by stating that Defendants' request to cross-examine those declarants would depend on whether Plaintiffs would request to cross-examine Defendants' declarants, who had not yet submitted declarations.  *Id.*  The parties then submitted a joint letter to the Court seeking clarification about the May 29 hearing.  *Id.*

      In response to that joint letter, on May 20, the Court ordered both parties to "confer and advise by tomorrow, May 21, whether they seek to cross-examine any declarants at the May 29 hearing."  ECF No. 103.  The parties met and conferred that day, and Plaintiffs' counsel notified Defendants' counsel that Plaintiffs would seek to cross-examine one of Defendants' three declarants, Gregory Hogan, based on the new declarations Defendants submitted on May 16 with their opposition papers.  Defendants' counsel did not advise that Defendants would seek to cross-examine any of Plaintiffs' declarants.  The parties then wrote a joint letter to the Court advising the Court of this, which they filed on May 21 and in which Defendants did not seek to cross-examine any of Plaintiffs' declarants.  ECF No. 105.  The Court issued an Order the next day noting, "In letters of May 14 and May 21, the parties conveyed their agreement, with one exception, that no declarant need appear at the hearing to be cross-examined.  The sole exception is Gregory Hogan, a declarant for the

defendants who the plaintiffs seek to cross-examine." ECF No. 106. The Court ordered Defendants to advise Plaintiffs and the Court yesterday whether Hogan would appear for cross-examination, and further ordered that if Hogan did not appear, the Court would hear argument at the hearing as to whether his "May 16 declaration should be stricken or an inference should be drawn against the statements therein." *Id.*

Before Defendants filed their letter yesterday advising the Court that Hogan would appear for cross-examination, the parties met and conferred at Defendants' request. In addition to discussing matters related to Hogan's testimony, Defendants' counsel said that Defendants now would seek to cross-examine one or more of Plaintiffs' experts, asked which ones had conflicts on May 29, and suggested that the parties seek to postpone the hearing if Plaintiffs' experts could not be available for it. Plaintiffs' counsel responded that we would not at this point identify our experts with conflicts, given that Defendants had declined to identify any of Plaintiffs' declarants that they would seek to cross-examine when Plaintiffs notified them that Plaintiffs would seek to cross Hogan, as required by the Court's May 20 Order. Plaintiffs' counsel further stated that it was apparent that Defendants are now raising the issue in an obvious, last-minute effort to postpone the hearing or otherwise delay the Court's decision on a preliminary injunction.

Plaintiffs are willing to produce David Nesting for cross-examination at the May 29 hearing given that he submitted an additional declaration last night with Plaintiffs' reply papers. But the Court should deny Defendants' belated request, in contravention of the Court's May 20 Order, to cross-examine Plaintiffs' other expert declarants (Ann Lewis and Bruce Schneier). Both are unavailable on May 29 because of travel conflicts, and there now is no time to make alternative arrangements for their cross-examination before the hearing. Plaintiffs went through the effort of meeting and conferring with Defendants earlier this month, and seeking clarification from the Court, precisely to avoid the problem that Defendants are now trying to manufacture. Defendants have had Lewis's and Schneier's declarations since April 25; as the Court ordered, they could and should have informed Plaintiffs and the Court by May 21, but did not, that they wished to cross-examine Lewis and/or Schneier. Defendants have no good faith reason for ignoring the Court's May 20 Order, and their request now should therefore be denied.

Respectfully submitted,

/s/ *Rhett O. Millsaps II*

*Counsel for Plaintiffs*

cc: All Counsel of Record (via ECF)