

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 12, 2025

**By ECF**
The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Office of Personnel Mgmt., et al., No.* 25 Civ. 1237 (DLC)

Dear Judge Cote:

      This Office represents Defendants in the above-referenced case. Pursuant to the Court's Order (ECF No. 122), we write to provide the Court with Defendants' proposal concerning the terms of the Court's preliminary injunction order in this matter. Defendants make this submission without waiving and explicitly reserving any and all defenses, arguments and rights to appeal. Defendants also request a limited stay of any preliminary injunction issued by the Court, including, but not limited to, the Court's Opinion and Order at ECF No. 121, to allow Defendants the opportunity expeditiously to determine whether they will seek emergency appellate relief, before any such injunction takes effect. Defendants also write to provide the Court with an overview of the most salient issues Defendants identified during the parties' meet and confer concerning the parties' proposed terms of a preliminary injunction order.[1] Last, Defendants request that the Court hold the telephonic conference contemplated by the Court's Order (ECF No. 122) to fully address these issues.

**Defendants' Proposed Order**

      Pursuant to the Court's Order, the parties met and conferred on June 11 to discuss proposed language for a preliminary injunction order, exchanging proposals in advance of that meeting. Subsequent to the parties' meet and confer, Plaintiffs provided Defendants with an updated proposal that largely incorporates Defendants' formulation for the structure of a preliminary injunction order. *See* Redline Comparison of Proposed Orders ¶ 4.

      Defendants' proposal (and paragraph 4 of Plaintiffs' proposal) is modeled on the February 21 preliminary injunction order and April 11 modified order issued by Judge Vargas in *New York v. Trump*, 767 F. Supp. 3d 44, 85 (S.D.N.Y. 2025), *opinion modified on denial of reconsideration*,

---

[1] Both Defendants' proposed preliminary injunction order, as well as a redline showing differences between that language and Plaintiffs' proposed order, are attached to this submission.

2025 WL 1095147 (S.D.N.Y. Apr. 11, 2025), both of which the Court cited with approval during oral argument on the preliminary injunction. *See* Tr. 217:23-218:7.[2] It provides for the same types of submissions required by Judge Vargas and which this Court suggested should be required in this case, while allowing Plaintiffs an opportunity to object and for the Court to pass judgment on such submissions. Defendants' proposal also seeks to mitigate concerns that Judge Vargas expressed in her May 27 decision further modifying the preliminary injunction order at issue by allowing further granting of access without the need to request permission from the Court for each new individual granted access. *See New York v. Trump*, No. 25 Civ. 1144, 2025 WL 1504697, at *3 (S.D.N.Y. May 27, 2025) ("[T]here is little utility in having this Court function as Treasury's de facto human resources officer each time a new team member is onboarded.").

Defendants' proposal also provides for a time-limited stay, pursuant to Federal Rule of Civil Procedure 62(c), of the preliminary injunction to allow Defendants to appeal to, and seek a further stay from, the Second Circuit. *See* Defendants' Proposed Order ¶ 2. For the avoidance of doubt, Defendants reiterate their request made on the record at the preliminary injunction hearing that this Court stay its preliminary injunction order for a reasonable time necessary to seek and obtain an additional stay and expedited appeal from the Second Circuit. *See, e.g., Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 235 (2d Cir. 1999) (district court may grant "a brief stay of a preliminary injunction in an appropriate case in order to permit the Court of Appeals an opportunity to consider an application for a stay pending an expedited appeal"). In light of the Supreme Court's recent decision in *Social Security Admin. v. Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, No. 24A1063, 2025 WL 1602349 (June 6, 2025), which granted the government's request for a stay pending appeal of a similar data access preliminary injunction premised on alleged violations of the Privacy Act, a brief stay to allow for expedited appellate review is entirely justified here. Defendants' request for a stay will allow for an orderly appeal of the Court's preliminary injunction, while avoiding undue disruption to OPM's operations. Plaintiffs are opposed to this request.

**Plaintiffs' Proposed Order Runs Afoul of the Requirements of Rule 65**

While Plaintiffs' proposal at paragraph 4 largely adopts Defendants' proposed language, the remaining paragraphs of Plaintiffs' proposal suffer from serious deficiencies that would unduly disrupt OPM's operations, run afoul of the requirements of Rule 65 of the Federal Rules of Civil Procedure, and are otherwise unjustified by the evidentiary record.

Plaintiffs' proposed definition of "DOGE agents" in paragraph 1 is modeled on the definition used by Judge Boardman in the now-stayed injunction issued against OPM in *Am. Fed'n of Tchrs. v. Bessent*, No. 25 Civ. 430 (DLB), 2025 WL 895326, at *33 (D. Md. Mar. 24, 2025). However, Plaintiffs' proposed definition inexplicably goes beyond even that capacious formulation to include both OPM's Chief Information Officer ("CIO") Gregory Hogan (OPM-1) and OPM's current Chief of Staff James Sullivan (OPM-8)—roles which Judge Boardman specifically carved out in her preliminary injunction order. *See id.* As Judge Boardman explained, OPM's CIO and Chief of Staff were excluded from that preliminary injunction "because these

---

[2] "Tr." citations are to the transcript of the preliminary injunction hearing that the Court held on May 29, 2025.

individuals, by virtue of their positions at OPM, would otherwise have access to OPM systems and were not granted access for the principal purpose of implementing the President's DOGE agenda." *Id.* at *4 n.3. This definition of "DOGE agents" also conflicts with the Court's definition of that term—which specifically excluded OPM's Acting Director Charles Ezell, OPM's former Chief of Staff Amanda Scales, and CIO Hogan. *See* ECF No. 121 at 40 n.19. Requiring OPM to remove administrative access permissions for its CIO and Chief of Staff will unduly hamper and inhibit the ability of these officials to carry out their official duties, and there is no basis in the evidentiary record for such restrictions.

Plaintiffs' proposed definition also runs afoul of the dictates of Rule 65 because it fails to state its terms specifically. An order granting an injunction must "state its terms specifically," and must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained," Fed. R. Civ. P. 65(d)(1)(B)-(C). Plaintiffs' proposed definition of "DOGE agents" does neither. Rule 65 "reflects Congress' concern with the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party may unwittingly and unintentionally transcend its bounds." *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004) (quoting *Sanders v. Airline Pilots' Ass'n, Int'l*, 473 F.2d 244, 247 (2d Cir. 1972)). Under this standard, the enjoined party must be able to "ascertain from the four corners of the order precisely what acts are forbidden." *Id.* (quoting *Sanders*, 473 F.2d at 247). An injunction violates Rule 65's specificity requirement if a party "would have to resort to extrinsic documents to comply with the order's commands." *Id.* Here, the second portion of the definition proposed by Plaintiffs—"individuals whose principal role is to implement the DOGE agenda as established by Executive Order 14,158"—would require OPM to resort to this extrinsic executive order, attempt to interpret what the undefined term "DOGE agenda" means in that order,[3] and then determine whether an individual's "principal" (but not only) role is to advance that undefined agenda. As a result, Plaintiffs' proposed definition of "DOGE agents" is improper.

Paragraphs 2, 3, and 5 of Plaintiffs' proposal—requiring Defendants to "impound and destroy" copies of Plaintiffs' PII extracted from OPM systems that have been disseminated "outside of OPM systems" and provide a status report concerning the same—are clearly overbroad and unjustified by the evidentiary record in this case. A preliminary injunction "should be narrowly tailored to fit specific legal violations," and "should not impose unnecessary burdens on lawful activity." *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994) (citation omitted). Accordingly, "[a]n injunction is overbroad when it seeks to restrain the defendants from engaging in legal conduct, or from engaging in illegal conduct that was not fairly the subject of litigation." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 145 (2d Cir. 2011) (citation omitted). There is no evidence that anyone's PII has been extracted from OPM data systems and

---

[3] Executive Order 14,158 does not include a definition of the term "DOGE agenda." *See* E.O. 14,158 § 1 ("This Executive Order establishes the Department of Government Efficiency to implement the President's DOGE Agenda, by modernizing Federal technology and software to maximize governmental efficiency and productivity."). To the extent Plaintiffs believe the "DOGE agenda" encompasses any effort to "moderniz[e] Federal technology and software to maximize governmental efficiency and productivity," their proposed definition would be extremely overbroad and encompass dozens of career OPM staff (or more) working on statutorily-mandated information technology modernization initiatives.

disseminated in violation of the Privacy Act, and the Court has not made a finding to that effect.. Furthermore, having no basis in the evidentiary record, these provisions cannot be justified simply as a "precautionary measure." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 120 (2d Cir. 2009) (finding district court was "without authority" to enjoin defendant "as a precautionary measure" without any factual findings or pointing to evidence in the record to support such restrictions). And no court that has issued a temporary restraining order or preliminary injunction in any similar case has granted such relief.

We thank the Court for its consideration of this submission.

          Respectfully submitted,

          JAY CLAYTON
          United States Attorney for the
          Southern District of New York

By: /s/ *David Farber*
          JEFFREY OESTERICHER
          DAVID E. FARBER
          Assistant United States Attorneys
          86 Chambers Street, Third Floor
          New York, New York 10007
          Tel.: (212) 637-2695/2772

Encls.

cc: Plaintiffs' counsel (by ECF)