UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>                      Plaintiffs,<br><br>                 v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>                      Defendants. | No. 25-cv-1237-DLC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

For the reasons stated in the Opinion and Order issued on June 9, 2025, it is hereby ORDERED that:

(1) The Office of Personnel Management ("OPM") and Charles Ezell, in his official capacity as the Acting Director of OPM (collectively "OPM Defendants") are ENJOINED from granting access to, continuing to allow to access to, or otherwise disclosing the personally identifiable information ("PII") of the plaintiffs and the members of plaintiff organizations to any "DOGE agents," consisting of (i) the individuals designated by Defendants as OPM-1 to OPM-18 and (ii) individuals whose principal role is to implement the DOGE agenda as established by Executive Order 14,158, unless and until the requirements of section 4 of this Order have been satisfied as to an individual to whom disclosure is made;

(2) U.S. DOGE Service, the Acting DOGE Administrator, U.S. DOGE Temporary Service, and Elon Musk (collectively "DOGE Defendants"), and all DOGE agents, are ENJOINED to impound and destroy any and all copies of the plaintiffs' and the plaintiff organizations' members' records containing PII that were copied or extracted from OPM systems and are in their possession, custody, or control outside of OPM systems;

(3) DOGE Defendants and all DOGE agents, are ENJOINED to make reasonable efforts to ensure the destruction and/or deletion of all copies of the plaintiffs' and the plaintiff organizations' members' records containing PII that were copied or extracted from OPM systems and that DOGE Defendants and all DOGE agents have further disclosed to others outside of OPM systems;

(4) Prior to OPM Defendants disclosing (including granting access to) records containing PII of the plaintiffs or the members of plaintiff organizations to any DOGE agent, OPM Defendants are ENJOINED first to submit a report to this Court:

  (i) certifying that such DOGE agent has been provided with all training that is required by federal law, administrative regulations, official policies, and standard OPM practices of individuals granted access to OPM systems containing PII, including training regarding the federal laws, regulations, and policies governing the handling of PII, and maintaining the integrity and security of OPM data and technology, and attesting that any future DOGE agents will be provided with the same before they are granted access to OPM systems containing PII;

  (ii) certifying that such DOGE agent has undergone all vetting and background investigations, and security-clearance processes where applicable, that are typically required for individuals appointed or hired as regular OPM employees in the normal course;

  (iii) describing and certifying the Privacy Act exception applicable to such grant of access, including, where applicable, describing such DOGE agent's need for access to each OPM system containing PII;

(iv) certifying that OPM has implemented mitigation procedures, and describing such procedures, developed to minimize any security threats that may result from the granting of access to PII to such DOGE agent;

(v) describing and certifying that such DOGE agent is an employee of OPM hired and appointed in accordance with governing statutes and regulations, or a detailee properly detailed to OPM (with reference, if applicable, to any Memorandum of Understanding, or similar agreement, setting forth that relationship), and that such DOGE agent is currently employed by OPM on a full-time basis and does not simultaneously hold appointments or detail assignments at another federal agency; and

(vi) describing and certifying that such DOGE agent is supervised by, and directly reports to, OPM officials, with a description of the reporting chains that govern the DOGE agent's relationship with OPM leadership.

Upon receipt of the above submissions from OPM Defendants, Plaintiffs may object to the sufficiency of such submissions within seven (7) days. Absent further Order of this Court, OPM may proceed to grant access to DOGE agents twenty-one (21) days after its submissions outlined above.

(5) Defendants are ENJOINED to file a status report within ten (10) days of the issuance of this Order reporting whether any DOGE Defendants or agents continue to have access to any OPM systems that contain plaintiffs' or the plaintiff organizations' members' PII and whether DOGE Defendants and agents have impounded and destroyed, and where applicable made reasonable efforts to ensure the deletion of, all copies of the plaintiffs' and the plaintiffs' members' records containing PII outside of OPM systems.

(6) ORDERED that the plaintiffs must post security of $100 with the Clerk of Court within fourteen (14) days of this Order, and such security once posted must remain in the Court registry until further Order of this Court.

DATED:     New York, New York

                                          DENISE COTE
                            United States District Judge

.