# Lex Lumina LLP

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

June 19, 2025

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY  10007

      **Re:**    *American Federation of Government Employees, AFL-CIO, et al v. U.S. Office of Personnel Management, et al.,* **25-cv-1237-DLC**

Dear Judge Cote:

      In accordance with the Court's instructions at the June 13, 2025, telephone conference, and in accordance with the Court's Opinion and Order granting Plaintiffs' motion for a preliminary injunction (ECF No. 121), Plaintiffs hereby respectfully submit their proposed changes, shown in redline, to the Court's Draft Preliminary Injunction ("Draft").

      The parties met and conferred regarding the terms of the Draft but were unable to reach agreement regarding the basic framework of the contemplated order and the Court's authority. Specifically, Defendants maintain that the Court does not have authority to order OPM to conduct an audit as set out in the Draft. Plaintiffs believe that the terms set out by the Court in the Draft are proper. But we have proposed a path that we believe obviates the issue by first removing DOGE agents' access to PII at OPM—which would begin to restore the status quo ante, and which the Court undoubtedly has the authority to order—and conditioning any access going forward on compliance with certain conditions and reporting requirements set by the Court.  Plaintiffs also believe that such an order is necessary to stem the irreparable harm that the Court has identified, which should be assumed to be ongoing in light of the firm, unrepentant position Defendants have taken regarding their actions and their failure to represent to the Court that they now are taking action to remedy and mitigate the harms shown in the administrative record from a few months ago. *See* May 29, 2025, hearing transcript ("Tr.") at 2:24-4:7.

      Defendants also maintain that conditions in the preliminary injunction related to accounting for extraction, copying, and/or sharing of PII with DOGE agents or outside of OPM would be improper because, Defendants aver, the record does not contain evidence to support this part of the injunction. This is incorrect. The administrative record shows that DOGE agents used records extracted from OPM systems to create a government-wide email system. OPM-000119. And when asked at the May 29 hearing if there were other examples of extraction like this, OPM's Chief Information Officer, Gregory Hogan, testified, "I know that there is a retirement services modernization project that I can't say for certain, but, for example, may have something like that, for example." Tr. at 173:1-3. This evidence corroborates widespread, credible news reports, of which the

Hon. Denise L. Cote
June 19, 2026
Page 2 of 2

Court may take judicial notice at this stage, that DOGE agents have been extracting data from agencies including OPM for various purposes, including to create a centralized database. *See, e.g.*, ECF No. 111-5 (May 7, 2025, *Washington Post* article titled, "DOGE aims to pool federal data, putting personal information at risk").

Plaintiffs request that the Court impose a nominal bond under Rule 65(c) or waive the bond entirely, whereas Defendants propose a bond of $10,000, a significant amount that would be excessive under these circumstances. The Second Circuit has held that "district court[s have] wide discretion to set the amount of a bond, and even to dispense with the bond requirement." *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997). Defendants bear the burden of establishing a rational, non-speculative basis for the amount of the proposed bond. *Int'l Equity Investments, Inc. v. Opportunity Equity Partners Ltd.*, 441 F. Supp. 2d 552, 565–66 (S.D.N.Y. 2006), *aff'd*, 246 Fed. App'x 73 (2d Cir. 2007). No bond is required where government defendants have failed to establish a likelihood of financial harm. *Regeneron Pharms., Inc. v. U.S. Dep't of Health & Hum. Servs.*, 510 F. Supp. 3d 29, 51 & n.6 (S.D.N.Y. 2020). There is also a recognized exception to the bond requirement for public interest litigation like this matter, where the suit vindicates public rights. *Pharm. Soc'y of State of N.Y., Inc. v. N.Y.S. Dep't of Soc. Servs.*, 50 F.3d 1168, 1174–75 (2d Cir. 1995); *Widakuswara v. Lake*, No. 2025 WL 945869, at *11 (S.D.N.Y. Mar. 28, 2025). Here, Defendants claim that a high bond is necessary because of the burden imposed by compliance with the proposed order, which essentially entails documenting who has been granted access to sensitive data systems and the need for such access. That burden does not constitute a likelihood of financial harm, and in seeking a Rule 65(c) bond, "Defendants can hardly gripe about abiding by [the law] as members of the executive branch." *Id.*

Finally, the parties conferred about a plan for bringing this case to a final resolution. The parties agree that cross-motions for summary judgment would be the most efficient way to close this case. The parties agreed that Defendants will first move for summary judgment, with Plaintiffs filing a combined opposition and cross-motion. Plaintiffs, however, need a complete administrative record for their opposition and cross-motion. Defendants' counsel stated that Defendants will complete the administrative record, and certify its completion, if the Court sets the boundaries for (i) the relevant individuals (*i.e.*, OPM employees and/or DOGE agents) and (ii) the relevant time period, which Defendants maintain is January 20 to February 11, 2025 (the date on which Plaintiffs filed this action). Once Defendants have completed the administrative record, Plaintiffs will be able to determine if they need to seek extra-record discovery or if they are prepared to move forward immediately with summary judgment motions.

Respectfully submitted,

/s/ *Rhett O. Millsaps II*

*Counsel for Plaintiffs*

cc:  All Counsel of Record (via ECF)