```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
AMERICAN FEDERATION OF GOVERNMENT     :
EMPLOYEES, AFL-CIO, et al.,           :
                                      :   25cv1237 (DLC)
                Plaintiffs,           :
                                      :   PRELIMINARY
                -v-                   :   INJUNCTION
                                      :
U.S. OFFICE OF PERSONNEL MANAGEMENT,  :
an agency of the United States, et    :
al.,                                  :
                                      :
                Defendants.           :
                                      :
------------------------------------- X
```

DENISE COTE, District Judge:

On May 29, 2025, a hearing was held on the plaintiffs' motion for a preliminary injunction against the U.S. Office of Personnel Management ("OPM") and others. As described in an Opinion of June 9, the plaintiffs carried their burden at this stage of the proceedings of showing violations of the Privacy Act, 5 U.S.C. § 552a, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. Am. Fed'n of Gov't Emps. v. OPM, No. 25cv1237, 2025 WL 1621714 (S.D.N.Y. June 9, 2025).

Following receipt of the parties' proposals for an injunction, the Court provided the parties with a draft of an injunction and held a conference on June 13. The parties conferred and submitted their revised proposals on June 19.

In its June 19 submission, the Government explained that three Government audits touching upon DOGE access to OPM data systems are underway or will be conducted: (1) the Government Accountability Office is auditing DOGE access to data systems at OPM and other agencies to assess the impact of that access, including what information was put into data systems or taken out of data systems; (2) OPM's Office of the Inspector General ("OIG") is conducting a review of access to OPM data systems in response to a Congressional request; and (3) OPM's OIG conducts an annual audit of OPM's information technology security practices to ensure compliance with the Federal Information Security Management Act.  Another conference with the parties took place on June 20.  Having considered the record in this action, the findings and conclusions in the June 9 Opinion, and the parties' proposals, it is hereby

ORDERED that within two weeks of the effective date of this Order, OPM file a report which describes the processes and procedures put in place by OPM since March 6, 2025, to ensure adherence to the requirements of the Privacy Act with respect to any new grant of access permissions by OPM to any records

containing personally identifiable information ("PII") of the plaintiffs[1] that exist in any OPM system of records.

IT IS FURTHER ORDERED that within four weeks of the effective date of this Order, OPM file a report concerning OPM's grant of access permissions to any records containing PII of the plaintiffs that exist in any OPM system of records made to any DOGE Agent, where such access permissions are in effect as of the date of this Order ("DOGE Access Report").  For purposes of this Order, DOGE Agents are defined as (1) the individuals listed on page OPM-103 of the administrative record; (2) any individuals employed by the United States DOGE Service ("USDS") and detailed to OPM; (3) any individuals employed by OPM and detailed to USDS; (4) any individuals employed by OPM who are detailed to any other federal agency for the principal purpose of implementing initiatives that are directed by USDS; and (5) any individuals who were not employees or contractors of OPM prior to January 20, 2025 and who have been given access to any OPM system of records containing PII for the principal purpose of implementing initiatives that are directed by USDS.  Excluded from this definition are Charles Ezell, Gregory Hogan, Amanda Scales, and James Sullivan.

---

[1] For purposes of this Order, the "plaintiffs" include the members of the plaintiff organizations.

The DOGE Access Report will include the following for each such DOGE Agent and will be signed by an official with knowledge thereof, under oath:

(1) A summary of access for the DOGE Agent, which may follow the format of the OPM audit contained on page OPM-103 of the administrative record. The summary shall specify the system to which access is granted, when access was granted, whether the access granted is regular user access or administrative access, OPM's determination as to whether the DOGE Agent logged in to the system, and if so the most recent date when they logged in.

(2) Whether such DOGE Agent has been provided with all training that is typically required of individuals granted access permissions to the system to which access was granted, including training regarding the federal laws, regulations, and policies governing the handling of PII, and maintenance of the integrity and security of OPM data and technology ("Training").

(3) If such Training was not given before the grant of access permissions, an explanation of whether it was given and when.

(4) A description of the vetting (and where applicable, security clearance) processes that such DOGE Agent underwent prior to the grant of access permissions.

(5) A description of the implementation of any mitigation procedures that have been developed by OPM to minimize any security threats that may result from granting access permissions to such DOGE Agent.

(6) A description of whether such DOGE Agent is an employee or contractor of OPM hired and appointed in accordance with governing statutes and regulations, or properly detailed to OPM (with reference, if applicable, to any Memorandum of Understanding, or similar agreement, setting forth that relationship).

(7) A description of whether such DOGE Agent is supervised by, and directly reports to, OPM officials, with a description of the reporting chains that govern the DOGE Agent's relationship with OPM leadership.

(8) A description of the Privacy Act exception applicable to such grant of access permissions.

(9) In the case of access permissions granted pursuant to 5 U.S.C. § 552a(b)(1), a description of the DOGE Agent's need for the access and whether the DOGE Agent:

  (a) works at OPM on a full-time basis;

(b) is paid by OPM; and

(c) simultaneously holds appointments at or is detailed to or from USDS or any federal agency other than OPM.

IT IS FURTHER ORDERED that this Order is administratively stayed for fourteen days pursuant to Rule 62(c), Fed. R. Civ. P.

IT IS FURTHER ORDERED that as a condition of the preliminary injunction, the plaintiffs shall post a bond pursuant to Rule 65(c), Fed. R. Civ. P., in the amount of $1,000. This injunction shall become effective upon the posting of the bond.

Dated:   New York, New York
         June 20, 2025

                                                  DENISE COTE
                                     United States District Judge