

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

June 27, 2025

**By ECF**
The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Office of Personnel Mgmt., et al.*, No. 25 Civ. 1237 (DLC)

Dear Judge Cote:

      This Office represents Defendants in the above-referenced case. Pursuant to the Court's direction at the teleconference held on June 20, 2025, we write respectfully to provide the Court with Defendants' proposal for a schedule to complete the administrative record.[1]

**Defendants' Proposal**

      The Office of Personnel Management ("OPM") has reviewed the definition of "DOGE Agent" included in the Court's preliminary injunction order, ECF No. 134 at 3, and has determined that no other individuals beyond those designated as OPM-2 through OPM-7, and OPM-9 through OPM-18, fall within that definition during the time period from January 20 to February 11, 2025. OPM has already produced documentation and information concerning the appointment, vetting, training, and particular grants of access to the individuals identified as OPM-2 through OPM-7 (as well as for James Sullivan). Of the remaining individuals at issue (OPM-9 through OPM-18), OPM has determined that OPM-9, and OPM-11 through OPM-17, are no longer employees of the federal government and thus no longer have access to any OPM data systems. Accordingly, to the extent Plaintiffs' claims under the Administrative Procedure Act ("APA") challenge OPM's decision to grant those individuals access to OPM data systems, it is Defendants' position that those claims are now moot with respect to those particular individuals who are no longer government employees. *See, e.g., Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 224 (E.D.N.Y. 2021) (APA challenge to USCIS adjudication policies was moot with respect to group of plaintiffs whose petitions had been adjudicated). Supplementing the administrative record to include information concerning those individuals would thus be unnecessary.

      OPM proposes to supplement and complete the administrative record by producing documentation and information concerning the appointment, vetting, training, and particular grants of access with respect to OPM-10 and OPM-18 on or before July 28, 2025. To the extent

---

[1] The parties met and conferred on June 26 concerning this issue.

the Court agrees with Plaintiffs that OPM must produce such documentation and information for the other eight individuals (OPM-9, and OPM-11 through OPM-17), OPM will need until August 29, 2025, to supplement and complete the administrative record.

**Plaintiffs' Position**

The administrative record should include documentation about the appointment, vetting, training, and particular grants of access for all "DOGE Agents," as defined by the Court's preliminary-injunction order, irrespective of current employment status. Documentation related to those Agents is relevant to the Privacy Act violations at issue before the Court on motions for summary judgment and to the scope of a permanent injunction seeking destruction of files certain agents may have taken without authorization.

While Plaintiffs believe the government should include documentation about all ten DOGE Agents (OPM-9 through OPM-18), they also recognize that the government effectively determines the administrative record. *See, e.g., Comprehensive Cmty. Dev. Corp. v. Sebelius,* 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012) ("deference is due to the agency's judgment as to what constitutes the whole administrative record."). And ultimately, Defendants' conduct will "stand or fall" based on the justifications included in the administrative record. *Camp v. Pitts,* 411 U.S. 138, 143 (1973). Thus—unless Defendants are willing to concede they did not comply with the Privacy Act as to the eight of the ten remaining DOGE Agents, the Court will not have answers from Defendants to address "the gravity of gaps in the onboarding process," ECF No. 121 at 61. The Court can then draw reasonable inferences and conclusions from Defendants' failure to produce all relevant documents.

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ *David Farber*
JEFFREY OESTERICHER
DAVID E. FARBER
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2695/2772

cc: Plaintiffs' counsel (by ECF)

*[Handwritten note:]* The Government should produce the administrative record for each DOGE Agent, including OPM 9, and 11-17. That record shall be due August 29.

/s/ Denise Cote
6/27/25