

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 18, 2025

**By ECF**
The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Office of Personnel Mgmt., et al., No.* 25 Civ. 1237 (DLC)

Dear Judge Cote:

      This Office represents Defendants in the above-referenced case. Pursuant to the Court's preliminary injunction order dated June 20, 2025 (ECF No. 134 at 2), we write respectfully to provide the Court with a report on behalf of the U.S. Office of Personnel Management ("OPM") which describes the processes and procedures put in place by OPM since March 6, 2025, to ensure adherence to the requirements of the Privacy Act with respect to any new grant of access permission by OPM to any records containing personally identifiable information ("PII") of the plaintiffs that exist in any OPM system of records.

**Additional Processes and Procedures Implemented by OPM**

      OPM had established processes and procedures that were in place prior to March 6, 2025, to ensure adherence to the requirements of the Privacy Act—including appointment, training, vetting, and other data protection and privacy policies and procedures. OPM maintains that those processes and procedures are adequate to ensure compliance with the Privacy Act,[1] and OPM continues to utilize these established processes and procedures for new grants of access made to all of its employees and contractors with respect OPM systems of records.

---

[1] As Defendants previously noted (ECF No. 131 at 4), OPM's independent Office of the Inspector General ("OPM OIG") already conducts an annual evaluation and audit of OPM's information technology security program and practices—including data protection and privacy—to ensure compliance with the Federal Information Security Management Act. *See, e.g.,* OPM OIG, *Final Audit Report: Federal Information Security Modernization Act Audit – Fiscal Year 2023* (Oct. 30, 2024), *available at* https://www.oversight.gov/sites/default/files/documents/reports/2024-11/2024-ISAG-008.pdf. OPM OIG's 2024 annual report noted that those policies and procedures have been "consistently implemented" by OPM. *See id.* at 18-23.

Nevertheless, since April 2025, in response to a preliminary injunction issued by the District Court of the District of Maryland, OPM has documented in memoranda prepared by the Chief Information Officer, and reviewed by agency counsel, the applicable Privacy Act provision(s) which allow for access to PII in a specified OPM data system for individuals who will be granted access in connection with high profile initiatives, which include projects that could be construed as falling under the "DOGE agenda."[2]

In addition, in response to this court's preliminary injunction opinion and order (ECF Nos. 121 and 134), OPM has put in place, on an interim basis, certain additional protocols that are to be followed before granting new access to PII contained in OPM data systems to (1) any U.S. Digital Service ("DOGE") employee, contractor, or detailee, or (2) any OPM employee, contractor, or detailee hired after January 20, 2025, and who requires access for the primary purpose of working on an initiative or project involving DOGE. A copy of those interim protocols is attached to this letter as an appendix, and they have been disseminated to the appropriate staff in the Office of the Chief Information Officer, the Chief Information Security Officer, the Office of the Chief Human Capital Officer, and Facilities, Security and Emergency Management at OPM.

OPM notes that these additional measures, including the interim protocols, are not required to be implemented, including under the Privacy Act, Federal Information Security Management Act, or otherwise. In addition, these protocols pertain exclusively to internal agency management or personnel, and are not intended to, and do not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person. Furthermore, these measures have been instituted as time-limited remedial measures specifically in response to the above-referenced litigations. Finally, OPM will review whether these interim protocols should remain in place 90 days after submission of this report.

    Respectfully submitted,

    JAY CLAYTON
    United States Attorney for the
    Southern District of New York

By: /s/ *David Farber*
    JEFFREY OESTERICHER
    DAVID E. FARBER
    Assistant United States Attorneys
    86 Chambers Street, Third Floor
    New York, New York 10007
    Tel.: (212) 637-2695/2772

cc: Plaintiffs' counsel (by ECF)

---

[2] The preliminary injunction in that matter was stayed pending appeal on April 7, 2025, *see Am. Fed'n of Tchrs. v. Bessent*, No. 25-1282, 2025 WL 1023638 (4th Cir. Apr. 7, 2025); however, OPM has still continued to prepare such memoranda since that date.