IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 25-cv-1237-DLC |

**SECOND REPORT PURSUANT TO PRELIMINARY INJUNCTION ORDER**

I, Gregory J. Hogan, pursuant to 28 U.S.C. § 1746, make this report pursuant to the preliminary injunction order entered in the above-captioned matter (ECF No. 134), under penalty of perjury, as follows:

1.  I make this report based on my personal knowledge and on information contained in the Office of Personnel Management's (OPM's) files, as well as information provided to me in the course of performing my duties, including information provided by OPM's Chief Information Security Officer (CISO), OPM's human resources (HR) department, and OPM's Facilities, Security and Emergency Management (FSEM) division.

2.  The purpose of this report is to provide the information ordered by the Court concerning OPM's grant of access permissions to any records containing personally identifiable information (PII) of the plaintiffs that exist in any OPM system of records made to any DOGE

Agent,[1] where such access permissions were in effect as of the date of the preliminary injunction order—i.e., June 20, 2025—referred to as the DOGE Access Report by the Court.

## DOGE Access Report

1. A summary of access for each applicable DOGE Agent is included as a spreadsheet attached to this report. The summary was prepared by OPM's CISO and OPM's database administrators, and includes the following information: (1) name of DOGE Agent, (2) the specific system or systems to which access was granted, (3) when access was granted and removed, (4) whether the access granted is regular user access or administrative access, (5) OPM's determination as to whether the DOGE Agent logged in to the system, and (6) if so, the most recent date when such DOGE Agent last logged in.

2. Each DOGE Agent listed in this report has been provided with all training that is typically required of individuals granted access permissions to such systems, including training regarding the federal laws, regulations, and policies governing the handling of PII, and maintenance of the integrity and security of OPM data and technology. Such training is detailed at paragraphs 16 through 18 of the Declaration of Carmen Garcia-Whiteside (ECF No. 100), who oversees OPM's HR department.

3. As detailed in the Declaration of Carmen Garcia-Whiteside, all such training was completed after the granting of the specific access permissions that are detailed in the summary spreadsheet attached to this report, except for the following access permissions:

    a.    OPM-3    – System Name: OPM Data: eOPF Azure PROD

    b.    OPM-2    – System Name: USA Performance

    c.    OPM-2    – System Name: OPM Data: EHRI Databricks

---

[1] The term DOGE Agent is defined at page 3 of the preliminary injunction order (ECF No. 134).

4. The vetting processes that each such DOGE Agent underwent prior to the grant of access permissions is detailed at paragraphs 17, 18 and 21 of the Declaration of Everette Hilliard (ECF No. 101), who oversees OPM's FSEM division. FSEM has also supplied the following information: OPM-2's background investigation for his permanent appointment was favorably adjudicated by FSEM on May 29, 2025, and FSEM cleared OPM-2 to enter on duty in this permanent appointment. That same day, FSEM also sponsored OPM-2 for a PIV credential in accordance with established credentialing standards. OPM-2's PIV credential was delivered to an issuance facility on June 3, 2025, but has not yet been activated. OPM's HR team has requested clearance to convert OPM-3's position to a permanent appointment with the same position description—i.e., expert. FSEM is in the process of reviewing a prior background investigation for OPM-3 which closed on April 21, 2025, and FSEM will adjudicate that investigation according to established standards and guidelines, including Security Executive Agent Directive 7, *Reciprocity of Background Investigations and National Security Adjudications* (Nov. 9, 2018).

5. A description of mitigation procedures that have been developed by OPM to minimize any security threats that may result from new grants of access permissions to DOGE Agents is contained in the report filed with the Court on July 18, 2025 (ECF No. 140). Currently, none of the DOGE Agents listed in this report have access permissions to OPM data systems containing plaintiffs' PII. No further mitigation procedures are contemplated with respect to past access granted to such DOGE Agents.

6. Each DOGE Agent included in this report is or was an employee of OPM as described at paragraphs 6, 7, and 12 of the Declaration of Carmen Garcia-Whiteside. OPM's HR team and the CISO also supplied the following information: OPM-6 resigned from OPM effective July 2, 2025. His network access credentials were deactivated on July 21, 2025. OPM-2

OPM-2's position has been converted to a permanent appointment with the same position description. OPM-3's temporary employment expired on July 18, 2025. His network access credentials were deactivated on July 21, 2025. OPM's HR team has requested clearance to convert OPM-3's position to a permanent appointment with the same position description. When he is cleared by FSEM to enter on duty in this permanent position, his network access credentials may be restored.

7. Each DOGE Agent included in this report is or was supervised by, and directly reports or reported to, OPM officials when performing their official duties at OPM. A description of the reporting chains is included below:

    a. OPM-3: While performing work for OPM, OPM-3 is supervised by CIO Greg Hogan and OPM's Chief of Staff, who in turn report directly to the Director of OPM.

    b. OPM-6: While performing work for OPM, OPM-6 was supervised by CIO Greg Hogan and OPM's Chief of Staff, who in turn report directly to the Director of OPM.

    c. OPM-2: While performing work for OPM, OPM-2 is supervised by CIO Greg Hogan and OPM's Chief of Staff, who in turn report directly to the Director of OPM.

8. The Privacy Act exception applicable to the grant of access permissions included in this report is 5 U.S.C. 552a(b)(1). A description of the need for access by each DOGE Agent to each specific system is included below:

a. OPM-3:

   i. USA Performance: access was granted in order to be prepared to implement changes to this system.

   ii. OPM Data: eOPF Azure PROD: access was granted in order to assist with a project to ensure data quality in the EHRI and eOPF data systems, including identifying inaccuracies in data fields and employing modern software practices to efficiently investigate and enhance data quality.

b. OPM-6:

   i. USA Performance: access was granted in order to be prepared to implement changes to this system.

   ii. Agency Talent Portal: access was granted in order to be prepared to implement changes to this system.

   iii. Web Admin - USA Jobs: access was granted in order to be prepared to implement changes to this system.

   iv. OPM Data : EHRI Databricks: access was granted in order to ensure changes to the USA Staffing system made in support of the executive order implementing the hiring freeze were properly implemented. USA Staffing provides electronic forms and data for new agency hires to the EHRI system through a secure interconnection.

   v. Government-Wide Email System: access was granted in order to assist in the design and buildout of this system.

  c. OPM-2 :

    i. USA Performance: access was granted in order to be prepared to implement changes to this system.

    ii. OPM Data : EHRI Databricks: access was granted in order to be prepared to implement the Government-Wide Email System.

9. OPM's HR department provided the following description of whether each DOGE Agent at issue works or worked at OPM on a full-time basis; is or was paid by OPM; and whether such individual simultaneously holds or held appointments at, or is or was detailed to or from any other agency:

  a. OPM-3 has worked at OPM on an intermittent schedule basis and would continue to do so when cleared for his permanent appointment. OPM-6 worked at OPM on an intermittent schedule basis. OPM-2 works at OPM on an intermittent schedule basis.

  b. OPM-3 , OPM-6 , and OPM-2 have not been paid by OPM.

  c. OPM-3 has held simultaneous appointments and been detailed to other federal agencies during his employment at OPM. OPM-6 was detailed to other federal agencies and the U.S. DOGE Service during his employment at OPM. OPM-2 has not been detailed to, and does not simultaneously hold an appointment at, any other federal agency or the U.S. DOGE Service.

Dated: August 1, 2025
  Washington, D.C.
  .

            *Gregory J. Hogan*
            Gregory J. Hogan

| Employee Name | System Name | Date Created | Date Removed | Admin or User Access | Did the User Login (Yes/No?) | Last Login Date |
|---|---|---|---|---|---|---|
| OPM-3 | USA Performance | 1/20/2025 | 7/21/2025 | Admin (OPM and System) | No | N/A |
| OPM-3 | OPM Data: eOPF Azure PROD | 4/7/2025 | 7/21/2025 | User (Read Only) | Yes | 6/26/2025 |
| OPM-6 | USA Performance | 1/28/2025 | 7/21/2025 | Admin (OPM) | No | N/A |
| OPM-6 | Agency Talent Portal | 1/31/2025 | 7/21/2025 | Admin (System) | Yes | 1/31/2025 |
| OPM-6 | Web Admin - USA Jobs | 1/28/2025 | 7/21/2025 | Admin (System) | No | N/A |
| OPM-6 | OPM Data : Enterprise Human Resources Integration (EHRI) - Databricks | 1/28/2025 | 7/21/2025 | Admin (System) | Yes | 6/26/2025 |
| OPM-6 | Government-Wide Email System | 1/30/2025 | 7/21/2025 | Admin (System) | No | N/A |
| OPM-2 | USA Performance | 1/28/2025 | 7/30/2025 | Admin (OPM) | No | N/A |
| OPM-2 | OPM Data : Enterprise Human Resources Integration (EHRI) - Databricks | 1/28/2025 | 7/30/2025 | Admin (System) | No | N/A |