# Lex Lumina LLP

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

October 22, 2025

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY  10007

      Re:    *American Federation of Government Employees, AFL-CIO, et al v. U.S. Office of Personnel Management, et al.,* **25-cv-1237-DLC**

Dear Judge Cote:

      In light of ongoing irreparable harm to Plaintiffs from Defendants' unlawful acts and the significant public interest in the prompt adjudication of this case, Plaintiffs write respectfully to move this Court to (1) lift the stay of this case imposed by Order of the Chief Judge of the Southern District of New York on October 2, 2025, and (2) re-set the deadlines for Plaintiffs' motion for extra-record discovery and Defendants' motion to dismiss as set forth in this Court's Memo Endorsement of September 16, 2025. ECF No. 147. Plaintiffs are mindful that the Court is now operating at limited capacity due to the shutdown. According to news reports, however, DOGE agents' activities continue unabated across the government. For this and other reasons discussed herein, there is good cause for the Court to reject further delay and assert its constitutional prerogative to adjudicate the case before it. *See* U.S. Const. Art. III, Sec. 1–2.

      **Factual and Procedural History**

      On June 20, 2025, this Court granted Plaintiffs' motion for a preliminary injunction and found that "plaintiffs have shown irreparable harm due to both the unlawful disclosure of OPM records to employees working on the DOGE agenda and the increased risk to cybersecurity because of the unlawful disclosure." ECF No. 121 at 94. The Court issued a preliminary injunction ordering Defendants to file two reports with the Court concerning the "processes and procedures put in place by OPM since March 6, 2025, to ensure adherence to the requirements of the Privacy Act with respect to any new grant of access permissions by OPM to any records containing personally identifiable information ('PII') of the plaintiffs that exist in any OPM system of records," and "OPM's grant of access permissions to any records containing PII of the plaintiffs that exist in any OPM system of records made to any DOGE Agent." ECF No. 134 (footnote omitted).

      Subsequently, Defendants filed reports and supplemental administrative record materials that demonstrate both (1) the merits of Plaintiffs' claims that Defendants violated the Administrative Procedure Act and the Privacy Act and (2) that Plaintiffs remain at high risk of irreparable harm, absent further relief from the Court. *See* Defendants' Second Report Pursuant to Preliminary

Injunction Order, ECF No. 141, at 2–3, 5–6 (Aug. 1, 2025) (hereinafter "Second Report"); Defendants' Revised Second Report Pursuant to Preliminary Injunction Order, ECF No. 148, at 2–4 (Sept. 30, 2025) (hereinafter "Revised Second Report").

On October 2, 2025, Chief Judge Swain entered an Amended Standing Order staying "all civil cases (other than civil forfeiture cases and immigration cases, whether affirmative or defensive) in which the United States Attorney's Office for the Southern District of New York has appeared as counsel of record of the United States, its agencies, and/or its employees." *In re: Stay of Certain Civil Cases Pending the Restoration of Department of Justice Funding*, No. 1:25-cv-433, ECF No. 3, ¶ 1 (S.D.N.Y. Oct. 2, 2025). The Amended Standing Order also provided procedures for parties "seeking relief from this Order in any particular civil action or civil miscellaneous matter." *Id.* ¶ 3.

Plaintiffs' counsel notified Defendants' counsel by email on October 7, 2025, that Plaintiffs were considering a motion to lift the stay, noting that this case is too pressing for such a stay, and that a stay violates Plaintiffs' constitutional rights. Counsel for both sides spoke on October 10, 2025, and Plaintiffs' counsel advised Defendants' counsel that Plaintiffs intended to move to lift the stay if the shutdown was not resolved in a reasonable period of time. On October 18, 2025, Plaintiffs' counsel notified Defendants' counsel that Plaintiffs would move to lift the stay given that there is no apparent end to the shutdown in sight. Defendants oppose this motion.

### Argument

Courts in the Southern District of New York have lifted the stay entered by the Amended Standing Order (or its predecessor) and/or maintained previously set deadlines in multiple cases. *See, e.g., Freeman v. U.S. Census Bureau*, 1:25-cv-7834, ECF No. 23 (S.D.N.Y. Oct. 16, 2025) (lifting stay imposed by October 1, 2025, Order); *Cardoza v. Commissioner of Social Security*, 7:25-cv-4221, ECF No. 16 (S.D.N.Y. Oct. 14, 2025) (ordering government to file brief by existing deadline notwithstanding Amended Standing Order); *Johnsen-Rega v. Commissioner of Social Security*, 7:25-cv-6298, ECF No. 11 (S.D.N.Y. Oct. 14, 2025) (same). Similarly, numerous courts in other jurisdictions have recently and correctly declined to stay cases or deadlines due to lapses in U.S. Department of Justice funding during the government shutdown. *See, e.g., American Federation of Teachers v. Bessent,* No. 25-1282, ECF No. 62 (4th Cir. Oct. 9, 2025) (denying motion to stay time to file in DOGE case); *Maldonado Bautista v. Dep't of Homeland Security,* 25-cv-1873, ECF No. 68 (C.D. Cal. Oct. 3, 2025); *Guerrero Orellana v. Hyde*, 25-cv-12665, ECF No. 51 (D. Mass. Oct. 2, 2025).

Here, the challenged program is ongoing, so every passing day is causing new harm to Plaintiffs and the public. An Executive Order still commands Defendant OPM and other federal agencies to establish "DOGE Teams" to implement "the President's DOGE Agenda," and to grant DOGE "full and prompt access" to agency records. Executive Order 14,158, 90 C.F.R. 8441 (Jan. 20, 2025). Greg Hogan's testimony confirmed that data was extracted from OPM systems, but we still have no idea what was taken, who has it, or all the ways it has been used. *See* Tr., ECF No. 125 at 170–173 (June 10, 2025). Defendants continue to insist that their pre-litigation protocols "are adequate to ensure compliance with the Privacy Act," and that additional protocols adopted "in response to this court's preliminary injunction opinion and order" are "not required to be implemented, including under the Privacy Act." Defendants' First Report Pursuant to Preliminary Injunction Order, ECF No. 140 (July 18, 2025) (hereinafter "First Report"). But Defendants have failed to demonstrate they have

stopped disclosing records to DOGE in violation of the law.

For example, Defendants filed a Revised Second Report, which demonstrates that their original Second Report contained false information about how many DOGE agents had access to OPM systems, how many OPM systems they had access to, and when this access ended. ECF No. 141 at 7; ECF No. 148, at 2–3, 9. The reports also show that any reduced disclosures from OPM to DOGE agents are due only to pressure from this litigation. For example, these same two reports show that a DOGE agent (OPM-3) had his access "deactivated" on July 21, 2025, just nine days before the first report was filed; "reactivated" on August 8, 2025, just eight days after the first report was filed; and re-deactivated on September 29, 2025, just one day before the second report was filed. *Id.*

Moreover, there is ongoing harm from past disclosures. As Plaintiffs' expert Bruce Schneier has explained: "As a result of this reckless course of conduct, the Defendants are endangering the very systems they claim to be modernizing, as well as the people who rely on the security and privacy of those systems." ECF No. 88 at ¶ 71. Accordingly, there is an "immediate" need for corrective measures including a full forensic analysis, compromise recovery, and clean system rebuild. *Id.* ¶¶ 72–77. The urgency to repair information security systems is demonstrated by recent news that DOGE staff uploaded a sensitive Social Security database to a vulnerable cloud server, putting millions of Americans' data at risk of theft.[1]

Thus, further stay of these proceedings would irreparably harm Plaintiffs. There is no injunction in place that orders Defendants to prevent unlawful access to Plaintiff's personal data, to destroy any retained copies of Plaintiffs' records, or to mitigate the cybersecurity risks that Defendants have created. Given the ongoing harm, the Court should relieve Plaintiffs of an indefinite stay of the adjudication of whether Defendants' dangerous data practices violate the law. *See Maldonado Bautista*, ECF No. 68 at 1.

The government's funding lapse has now dragged on for over three weeks, and there are no publicly reported paths to a resolution.[2] Further delaying the scheduled motion practice in this case pending resolution of the government shutdown is likely to significantly delay resolution of this case and to compound the irreparable harm to Plaintiffs both already caused and ongoing.

Moreover, reportedly all of the White House's DOGE staff are continuing to work through the shutdown.[3] Defendants cannot reasonably argue that there is sufficient funding to continue the challenged practices but not enough funding to defend litigation against those practices.

Additionally, the public has a strong interest in the prompt resolution of the serious questions that this case raises about the legality of the President's DOGE agenda. The Trump administration recently argued before the Supreme Court that judicial processes could "distract" DOGE from its

---

[1] Nicholas Nehamas, *DOGE Put Critical Social Security Data at Risk, Whistle-Blower Says*, N.Y. TIMES (Aug. 26, 2025), https://www.nytimes.com/2025/08/26/us/politics/doge-social-security-data.html.

[2] Lillian Rizzo, *Senate rejects funding bill with no end in sight of government shutdown*, CNBC (Oct. 15, 2025), https://www.cnbc.com/2025/10/15/government-shutdown-funding-bill-vote-aca.html.

[3] Bryan Metzger, *All DOGE staff are working through the government shutdown*, BUS. INSIDER (Oct. 3, 2025), https://www.businessinsider.com/all-doge-staff-spared-from-furloughs-during-government-shutdown-2025-10.

"high-priority policy initiatives."[4] Expeditious resolution of this case would limit any such judicial distractions while safeguarding Plaintiffs' legal rights.

Finally, if this Court grants Plaintiffs relief from the stay, counsel for Defendants are expressly authorized to work on matters to meet court-ordered deadlines. *See* U.S. Dep't of Justice FY 2026 Contingency Plan, at 3 (Sept. 29, 2025) ("If a court denies such a request [for a stay] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue.").[5]

For the foregoing reasons, Plaintiffs respectfully request that the Court lift the stay of this case and reset the deadlines to file (i) Plaintiffs' motion for extra-record discovery and (ii) Defendants' motion to dismiss.

Respectfully submitted,

/s/ *Rhett O. Millsaps II*

*Counsel for Plaintiffs*

cc: All Counsel of Record (via ECF)

---

[4] *In re U.S. DOGE Service, et al.*, No. 24A (U.S.), Government's Application for Stay, at 32.
[5] Available online at https://www.justice.gov/jmd/media/1377216/dl.