

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

October 24, 2025

**By ECF**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Office of Personnel Mgmt., et al., No.* 25 Civ. 1237 (DLC)

Dear Judge Cote:

      This Office represents the government in the above-referenced case. We write respectfully in response to Plaintiffs' letter motion to lift the stay of this action imposed by Chief Judge Swain in light of the lapse in funding to the Department of Justice. *See* Standing Order M10-468, Case No. 25-mc-433 (LTS), ECF No. 3 (the "Standing Order"). Because continuing to litigate this case—and, in particular, engaging in motion practice—would require the expenditure of significant time and resources by the government during the lapse in appropriations, and because the Plaintiffs have not identified a persuasive reason why this case should be excepted from the continued stay, the government requests the Court deny Plaintiffs' motion.

      ***Background.*** On October 1, 2025, federal appropriations lapsed for the U.S. Department of Justice and other federal agencies. With limited exceptions, the Anti-Deficiency Act prohibits federal employees from working during a lapse in appropriations, even on a voluntary basis, unless otherwise authorized by law. *See* 31 U.S.C § 1341-42; *see also Authority for the Continuance of Government Functions During a Temporary Lapse in Appropriations*, 43 Op. Att'y Gen. 293 (Jan. 16, 1981); *Government Operations In the Event of a Lapse in Appropriations*, 1995 WL 17216091 (Aug. 16, 1995) (identifying categories of activities that, consistent with the Anti-Deficiency Act, may continue during a lapse in appropriations). As a result, the undersigned, like nearly all of the Assistant United States Attorneys and staff in the Civil Division, are currently furloughed and not permitted to work, except with respect to cases falling into specified carveouts that do not apply to this matter. *See* 31 U.S.C. § 1342 (explaining that federal government employees may not work on a voluntary basis "except for emergencies involving the safety of human life or the protection of property"); *id.* ("the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property").[1]

---

[1] The undersigned received a limited exception from furloughed status to provide this response.

Accordingly, and consistent with the United States Department of Justice's FY 2026 Contingency Plan, this Office requested that civil cases in which this Office has appeared be stayed. *See* Case No. 25-mc-433 (LTS), ECF No. 1; *see* U.S. Department of Justice FY 2026 Contingency Plan, Sept. 29, 2025 (the "DOJ Contingency Plan"), available at https://www.justice.gov/jmd/media/1377216/dl (providing that "[c]ivil litigation . . . be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property"). On October 2, 2025, Chief Judge Laura Taylor Swain entered the Standing Order, which provides that, "upon the application of the United States Attorney for the Southern District of New York, in light of the lapse of funding to the United States Department of Justice, and to facilitate the management of the Court's docket, all civil cases (other than civil forfeiture cases and immigration cases, whether affirmative or defensive) in which the United States Attorney's Office for the Southern District of New York has appeared as counsel of record for the United States . . . are hereby stayed until the business date after the President signs into law a budget appropriation that restores Department of Justice funding." Standing Order ¶ 1. The Standing Order also tolls all court deadlines accordingly. *See id.* ¶ 2.

While the Plaintiffs are correct that the DOJ Contingency Plan provides that the government will comply with a court order if a court orders a case to continue, the government submits that the court should not except this case from being stayed because Plaintiffs have not shown that a continued stay would imminently threaten the safety of human life or the protection of property. Indeed, Plaintiffs do not identify any particular harm they will suffer from a delay in briefing their renewed motion for extra-record discovery, nor how allowing such motion practice to proceed during the lapse in appropriations would alleviate any harm. Instead, Plaintiffs rely on the irreparable harm arguments they advanced in April 2025, concerning access to Office of Personnel Management ("OPM") data systems. Furthermore, Plaintiffs' argument that there is "no injunction in place that orders Defendants to prevent unlawful access to Plaintiffs' personal data, to destroy any retained copies of Plaintiffs' records, or to mitigate the cybersecurity risks that Defendants have created," appears to take issue with the Court's preliminary injunction order entered on June 20, 2025, but Plaintiffs make no argument as to how allowing briefing to proceed on their renewed motion for extra-record discovery would alleviate that supposed harm.

In addition, the lapse in government funding poses significant impediments to responding to Plaintiffs' motion for extra-record discovery. The relevant OPM employees are restricted from working during the lapse in funding, except for certain specified and limited activities.[2] Thus, even if the undersigned AUSAs were granted excepted status to work on this matter, we will not be able

---

[2] Although the majority of OPM's functions are funded by sources other than annual appropriations and thus may continue during a government shutdown caused by a lapse in appropriations, OPM employees in the core agency infrastructure offices—including the Office of the Chief Information Officer and the Office of the Chief Human Capital Officer—are subject to being furloughed. *See* OPM, Contingency Plan for the Suspension of Operations in the Absence of Appropriations (Sep. 25, 2025), https://www.opm.gov/about-us/open-government/reference-materials/contingency-plan-for-the-suspension-of-operations-in-the-absence-of-appropriations/. Only the minimum number of employees from these offices necessary to ensure the effective performance of OPM's continuing functions are excepted from the furlough.

to readily confer with and obtain information from relevant individuals at OPM regarding the feasibility or burden of Plaintiffs' discovery demands until funding is restored.

Plaintiffs point to only one instance[3] in which a judge in the Southern District has excepted a case from the Standing Order, albeit *sua sponte* and without briefing from the parties. *See Freeman v. U.S. Census Bureau*, 25 Civ. 7834 (LJL), ECF No. 23 (S.D.N.Y. Oct. 16, 2025).[4] However, at least one judge in this District has denied a motion to lift the stay imposed by the Standing Order in similar circumstances as the case at bar. *See American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM), ECF No. 149 (S.D.N.Y. Oct. 22, 2025); *see also New York Times Co. v. DHS*, No. 25 Civ. 06317 (AS), ECF No. 15 (Oct. 23, 2025). And Plaintiffs entirely ignore that the courts are also subject to the lapse in appropriations, and court staff may only perform certain excepted activities permitted under the Anti-Deficiency Act. *See* U.S. Courts, Judiciary Funding Runs Out; Only Limited Operations to Continue (Oct. 17, 2025), https://www.uscourts.gov/data-news/judiciary-news/2025/10/17/judiciary-funding-runs-out-only-limited-operations-continue.

This Office is mindful of the burden the lapse in funding imposes on litigants in stayed cases. However, given the limitations on this Office's and OPM's activities during the lapse in government funding and the fact that Plaintiffs have not articulated why their case warrants exceptional treatment, we believe that this case should remain stayed pursuant to the Standing Order.

---

[3] Plaintiffs assert that the stay issued by the Standing Order was also lifted in two cases in this District in which "the government was ordered to file a brief," Ltr. at 2; however, that is incorrect. In both cases, the court ordered the *non-governmental plaintiffs* to file their briefs notwithstanding the stay: "Notwithstanding this Amended Standing Order, Plaintiff's brief must be filed by the current due date, October 20, 2025. The tolling provisions set forth in the Amended Standing Order apply to all other deadlines." *Cardoza v. Comm'r of Social Security*, 25 Civ. 4221 (AEK), ECF No. 16 (S.D.N.Y. Oct. 14, 2025); *Johnsen-Rega v. Comm'r of Social Security*, 25 Civ. 6298 (AEK), ECF No. 11 (S.D.N.Y. Oct. 14, 2025) (same). Of course, the government has no objection to the same course of action here—the Court may require Plaintiffs to file their opening brief in support of their renewed motion for extra-record discovery, while keeping the stay and tolling provisions in place for all other deadlines.

[4] Plaintiffs further point to out-of-circuit decisions to lift stays imposed during the lapse in appropriations in habeas corpus actions involving detained aliens. *See Maldonado Bautista v. DHS*, 25 Civ. 1873, ECF No. 68 (C.D. Cal. Oct. 3, 2025); *Guerrero Orellana v. Hyde,* 25 Civ. 12665, ECF No. 51 (D. Mass. Oct. 2, 2025). But the subject matter of those cases is already carved out from the Southern District's Standing Order, which includes an exception to the stay for immigration-related matters.

Page 4

We thank the Court for its consideration of this submission.

                                    Respectfully submitted,

                                    JAY CLAYTON
                                  United States Attorney for the
                                  Southern District of New York

By: *s/ David Farber*
     DAVID E. FARBER
     JEFFREY OESTERICHER
     Assistant United States Attorneys
     86 Chambers St., 3rd Floor
     New York, New York 10007
     (212) 637-2772
     (212) 637-2679

cc:    All counsel of record (via ECF)