**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants. | Case No. 25-cv-1237-DLC <br><br> **DECLARATION CERTIFYING ADMINISTRATIVE RECORD** |

I, Perryn Ashmore, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury, as follows:

1.      I am currently employed by the United States Office of Personnel Management (OPM), as the Acting Chief Information Officer (CIO) of OPM, and have served in that role since September 2, 2025. Prior to serving as Acting CIO, I served as the Deputy Chief Information Officer of OPM from May 18, 2025, through September 1, 2025. Prior to that, I served as a Senior Executive with OPM Human Resources Solutions from November 2023 to May 2025.

2.      In my role as OPM's CIO, I have reviewed the documents produced to counsel of record and filed in this case concerning OPM's decision during the period from January 20, 2025, through February 11, 2025, to grant access to certain employees at issue in this case, as well as subsequent events relating to such grants of access, in coordination with OPM's Chief Information Security Officer and OPM's Senior Agency Official for Privacy.

3.      I hereby certify, to the best of my knowledge, information, and belief, that the documents served on counsel of record in this matter and filed with the Court at docket

numbers 78-2 and 168-3, which concern OPM's decision during the period from January 20, 2025,

through February 11, 2025, to grant access to certain employees at issue in this case, constitute a

true, correct, and complete copy of the administrative record in this matter.[1]


Dated: January 9, 2026
       Washington, D.C.

PERRYN
ASHMORE

Digitally signed by PERRYN
ASHMORE
Date: 2026.01.09 07:59:46
-05'00'

Perryn Ashmore

---

[1] Defendants maintain that the Complaint does not challenge any final agency action and reserve their right to argue in further proceedings in this case, including in any subsequent appeal, that the Administrative Procedure Act does not provide for review.