**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 9, 2026

**By ECF**
The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Office of Personnel Mgmt., et al.*, No. 25 Civ. 1237 (DLC)

Dear Judge Cote:

      This Office represents Defendants in the above-referenced case. Pursuant to the Court's Order dated December 19, 2025 (ECF No. 178), we write jointly with Plaintiffs to propose a schedule for summary judgment practice, and separately to advise the Court of the status of the three audits described in the government's June 19, 2025 letter (ECF No. 131, at 3-4), and to notify the Court that the Office of Personnel Management ("OPM") has filed a declaration certifying the completeness of the administrative record in this case, *see* ECF No. 180.

**Proposed Summary Judgment Schedule**

      The parties have conferred and jointly propose the following schedule for summary judgment briefing:

- Defendants' motion for summary judgment to be filed by March 3, 2026;[1]

- Plaintiffs' combined opposition and cross-motion for summary judgment to be filed by March 31, 2026;

- Defendants' combined opposition and reply to be filed by April 21, 2026; and

- Plaintiffs' reply to be filed by May 5, 2026.

---

[1] Defendants require additional time to prepare their opening summary judgment submission, as the undersigned is leaving the Department of Justice at the end of this month. Defendants will be principally represented going forward by AUSA Alyssa O'Gallagher, who recently returned from leave and has filed her notice of appearance in this case. I will file a separate request for leave to withdraw as counsel in this matter, pursuant to Local Rule 1.4, in the near future.

In addition, because the parties' cross-motions for summary judgment will concern Plaintiffs' claims under the Administrative Procedure Act, the parties do not intend to file Rule 56.1 statements. *See* Local Civil Rule 56.1(a) (Rule 56.1 "does not apply to claims brought under the Administrative Procedure Act").

**Status of Audits of OPM**

In their June 19, 2025 letter, Defendants outlined three separate audits that were being conducted by (1) the Government Accountability Office ("GAO"); (2) OPM's independent Office of the Inspector General ("OIG") concerning "DOGE access" to OPM's data systems; and (3) OPM OIG's annual evaluation and audit of OPM's information technology security program and practices pursuant to the Federal Information Security Management Act ("FISMA"). *See* ECF No. 131 at 3-4. The status of those three audits is as follows:

1. The GAO audit is currently pending. GAO has submitted several information requests to OPM, and OPM has provided responses and is continuing to provide information responsive to those requests. OPM does not currently know when this independent audit will be completed.

2. The OPM OIG "DOGE access" audit is currently pending. OPM OIG has requested information from OPM's Office of the Chief Information Officer and other components, and those components have provided information responsive to those requests. OPM does not currently know when this independent audit will be completed.

3. The OPM OIG FISMA audit has been completed. OPM OIG's final FISMA audit report for fiscal year 2025, dated November 24, 2025, is available at https://www.oversight.gov/sites/default/files/documents/reports/2025-11/2025-ISAG-008.pdf (last accessed January 9, 2026).

We thank the Court for its consideration of this submission.

    Respectfully submitted,

    JAY CLAYTON
    United States Attorney

By: /s/ *David Farber*
    JEFFREY OESTERICHER
    DAVID E. FARBER
    ALYSSA O'GALLAGHER
    Assistant United States Attorneys
    86 Chambers Street, Third Floor
    New York, New York 10007
    Tel.: (212) 637-2695/2772/2822

cc: Plaintiffs' counsel (by ECF)