**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 1:25-cv-01237-DLC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO UNREDACT THE NAMES OF SIXTEEN DOGE AGENTS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ...........................................................................................................i

TABLE OF AUTHORITIES....................................................................................................ii

INTRODUCTION ................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................................. 2

ARGUMENT.......................................................................................................................... 5

    I.      THE REDACTED PORTIONS OF THE ADMINISTRATIVE RECORD
           MUST BE UNSEALED PURSUANT TO THE COMMON LAW
           PRESUMPTION OF PUBLIC ACCESS ................................................................. 5

          A.      The Documents in Appendix A, and Sealed Information Therein,
                 Are "Judicial Documents" to which the Common Law Right of
                 Access Attaches ...................................................................................... 6

          B.      The Presumption of Public Access Weighs Heavily in Favor of
                 Unsealing ................................................................................................ 8

          C.      There Are Insufficient Countervailing Interests to Outweigh the
                 Public's Right of Access ......................................................................... 9

               1.      All DOGE agents have been publicly identified .............................. 9

               2.      Limited privacy interests of DOGE agents cannot overcome
                    presumption of public access........................................................... 10

               3.      The Protective Order does not justify continued sealing................. 12

    II.     THE QUALIFIED FIRST AMENDMENT RIGHT OF ACCESS REQUIRES
           UNSEALING............................................................................................................ 12

CONCLUSION...................................................................................................................... 13

**TABLE OF AUTHORITIES**

**Cases**

*AFL-CIO v. U.S. Dep't of Labor*,
  No. 25-cv-339 (D.D.C. 2025) ...................................................................................... 3, 9, 10

*Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*,
  --- F. Supp. 3d ----, 2025 WL 3687548 (S.D.N.Y. Dec. 19, 2025) .......................... 4, 5, 6, 7, 13

*Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*,
  786 F. Supp. 3d 647 (S.D.N.Y. 2025) ................................................................. 4, 5, 6, 7, 11, 13

*Authors Guild v. Nat'l Endowment for the Humanities*,
  No. 25-cv-3923, 2026 WL 412620 (S.D.N.Y. Feb. 13, 2026) .......................... 1, 4, 9, 11, 12, 13

*Brown v. Maxwell*,
  929 F.3d 41 (2d Cir. 2019) ................................................................................... 5, 6, 7, 8

*Does 1-26 v. Musk*,
  771 F. Supp. 3d 637 (D. Md. 2025) ....................................................................... 3, 10

*Eletson Holdings, Inc. v. Levona Holdings Ltd.*,
  No. 23-cv-7331, 2023 WL 5956144 (S.D.N.Y. Sept. 13, 2023) ................................. 10

*Fams. for Freedom v. U.S. Customs & Border Prot.*,
  797 F. Supp. 2d 375 (S.D.N.Y. 2011) .................................................................... 11

*Gambale v. Deutsche Bank AG*,
  377 F.3d 133 (2d Cir. 2004) ................................................................................. 9

*Giuffre v. Maxwell*,
  146 F.4th 165 (2d Cir. 2025) ............................................................................... 6, 9

*Harris v. Sheet Metal Workers' Nat'l Pension Fund*,
  No. 24-cv-1219, 2024 WL 4697447 (S.D.N.Y. Nov. 6, 2024) .................................. 8

*Hartford Courant Co. v. Pellegrino*,
  380 F.3d 83 (2d Cir.2004) .................................................................................. 13

*In re New York Times Co.*,
  828 F.2d 110 (2d Cir.1987) ................................................................................. 13

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006) .......................................................................... 5, 6, 7, 9, 12, 13

*Metro. Transportation Auth. v. Duffy*,
  782 F. Supp. 3d 193 (S.D.N.Y. 2025) .................................................................... 9

*New York v. Mayorka*s,
 No. 20-cv-1127, 2021 WL 2850631 (S.D.N.Y. July 8, 2021)............................................... 7, 10

*Newsday LLC v. Cnty. of Nassau*,
 730 F.3d 156 (2d Cir. 2013) ................................................................................................. 8, 13

*Olson v. Major League Baseball*,
 29 F.4th 59 (2d Cir. 2022) ................................................................................................... 9, 10

*Stafford v. Int'l Bus. Machs. Corp.*,
 78 F.4th 62 (2d Cir. 2023) ......................................................................................................... 6

*United States v. Amodeo*,
 44 F.3d 141 (2d Cir. 1995) ......................................................................................................... 6

*United States v. Amodeo*,
 71 F.3d 1044 (2d Cir. 1995) .................................................................................................. 8, 11

*United States v. Erie Cnty., N.Y.,*
 763 F.3d 235 (2d Cir. 2014) ................................................................................................. 9, 13

**Statutes**

5 U.S.C. § 706 ................................................................................................................................ 7

**Other Authorities**

"The People Carrying Out Musk's Plans at DOGE," *N.Y. Times* (June 15, 2025) .................. 3, 10

Avi Asher-Schapiro, et al., "Elon Musk's Demolition Crew," *ProPublica*
 (Nov. 20, 2025) .................................................................................................................... 3, 10

Jason Leopold, "Here Are the Job Titles and Salary Ranges of Some DOGE Staffers,"
 *Bloomberg* (May 2, 2025) ................................................................................................... 3, 10

**INTRODUCTION**

The Court should no longer treat the identities of DOGE agents as some big secret in this case. Evidence linked to the identities of individual DOGE agents is centrally important to the merits of Plaintiffs' claims that Defendants illegally disclosed and failed to protect the personal records of millions of federal employees under the Privacy Act.[1] The Court has relied on evidence pertaining to individual DOGE agents in multiple significant opinions, and all parties intend to reference this evidence again in upcoming summary judgment briefs. Consequently, there is a strong presumption of public access to these materials, particularly given the immense public interests at stake in this case. Government officials' identities are rarely treated as confidential, and the identities of DOGE agents are already public in numerous sources—several of which have been cited in this case—including news reports and documents filed in other litigation. In fact, another court in this district recently unsealed a full roster of DOGE agents after finding insufficient interests in secrecy. *Authors Guild v. Nat'l Endowment for the Humanities*, No. 25-cv-3923, 2026 WL 412620, at *4 (S.D.N.Y. Feb. 13, 2026).

It is time to do the same in this case. Defendants have redacted DOGE agents' names from twelve evidentiary documents, including the administrative record.[2] The public deserves full access to evidence presented to the Court, and an unredacted summary judgment opinion. Plaintiffs respectfully request an order: (1) declaring that the names of DOGE agents in this case are not confidential under the Protective Order and do not require anonymized monikers in future

---

[1] Here, "DOGE agents" refers to the sixteen DOGE agents at OPM who "remain anonymized in this action and have been referred to in filings as OPM-2 to -7, and OPM-9 to -18." Order, ECF No. 190 (Mar. 9, 2026).

[2] An index of the partially sealed documents is set forth in Appendix A.

court filings and opinions; and (2) order Defendants to file the documents listed in Appendix A with the unredacted and deanonymized names of the DOGE agents referenced therein.[3]

### FACTUAL AND PROCEDURAL BACKGROUND

The Court entered a Stipulated Protective Order ("Protective Order"), ECF No. 66, pursuant to an agreement of the parties on March 19, 2025. The Protective Order allows Defendants to redact DOGE agents' personally identifying information ("PII") contained in the administrative record.[4] Protective Order ¶ 3. Each redaction must be labeled with an "anonymized moniker" that corresponds to the name of the DOGE agent whose PII was redacted. *Id.* Defendants must also provide Plaintiffs' counsel a list of names that correspond to each moniker and an unredacted copy of the administrative record. *Id.* Defendants' redaction or anonymization of information designates it as "confidential" and triggers protections against disclosure under the Protective Order. *Id.* ¶¶ 4–11. Any filings that include redacted or anonymized PII must be made under seal, subject to applicable rules of the Court. *Id.* ¶¶ 4, 7. The Protective Order, however, expressly entitles "any party" to challenge "any designation" of redacted or anonymized information as confidential "at any time before the trial of this action." *Id.* at ¶ 9.

Defendants redacted information identifying DOGE agents from twelve documents filed as evidence: the administrative record, the declarations of four OPM officials, OPM documents attached as exhibits to the declarations, and two versions of a report filed by Defendants pursuant to the Court's preliminary injunction. *See* Appendix A. Defendants filed five uncontested letter

---

[3] Defendants oppose this motion. *See* Letter Response, ECF No. 189 (Mar. 5, 2026).

[4] The Protective Order also authorizes Defendants to redact PII of "non-DOGE-affiliate employees of OPM." Protective Order ¶ 3. However, Defendants generally did not redact the names of non-DOGE employees, and Plaintiffs do not challenge redactions of any other PII of non-DOGE employees at this time.

2

motions to file unredacted copies of documents under seal. ECF Nos. 79, 99, 142, 149, 165. All five motions asserted the same justifications for sealing DOGE agents' identities: nonspecific "concerns" that disclosing the identities of DOGE agents might amount to an "unwarranted invasion of privacy" or "lead to potential threats and harassment." *Id.* The Court granted all five motions to seal. ECF Nos. 82, 104, 144, 152, 169. Plaintiffs did not consent to these requests and reserved the right to challenge sealing at a later date. ECF Nos. 79, 99, 142, 149, 165.

The identities of all DOGE agents at issue here are already publicly known. Multiple news reports have publicly reported each DOGE agent's identity and work with DOGE.[5] For example, *Bloomberg* published a copy of an internal OPM document, reportedly released in response to a Freedom of Information Act request, that identified all of but one of the DOGE agents in this case.[6] Likewise, court orders, declarations, and documents filed by the federal government in other cases identify at least eleven DOGE agents by name and confirm they are DOGE affiliates.[7] They include: OPM-2–OPM-6, OPM-9–OPM-10, OPM-13–OPM-14, OPM-

---

[5] *See, e.g.,* "The People Carrying Out Musk's Plans at DOGE," *N.Y. Times* (June 15, 2025), https://www.nytimes.com/interactive/2025/02/27/us/politics/doge-staff-list.html (identifying all sixteen DOGE agents); Avi Asher-Schapiro, et al., "Elon Musk's Demolition Crew," *ProPublica* (Nov. 20, 2025), https://projects.propublica.org/elon-musk-doge-tracker/ (same).

[6] Jason Leopold, "Here Are the Job Titles and Salary Ranges of Some DOGE Staffers," *Bloomberg* (May 2, 2025), https://www.bloomberg.com/news/newsletters/2025-05-02/here-are-the-job-titles-and-salary-ranges-of-some-doge-staffers (reporting and republishing spreadsheet containing the names of people hired by OPM between Jan. 20 and Feb. 20, including OPM-2–OPM3 and OPM-5–OPM-18, released by OPM in response to FOIA request).

[7] Defendants' Objections and Responses to Plaintiffs' Requests for Expedited Discovery at 9–10, 13–14, *AFL-CIO v. U.S. Dep't of Labor*, No. 25-cv-339, ECF No. 73-2 (D.D.C. Mar. 29, 2025) (Declaration of Victoria J. Noble dated April 25, 2025 ("First Noble Decl."), Ex. A) (OPM-4, OPM-6, and OPM-14); Declaration of Elisabeth Feleke at ¶¶ 3, 4, *Brehm v. Marocco*, No. 25-cv-660, ECF No. 7-3 (D.D.C. Mar. 6, 2025) (First Noble Decl., Ex. B) (OPM-14 and OPM-16); Declaration of Daniel Katz at ¶ 7, *New York v. Trump*, No. 25-cv-1144, ECF No. 98-1 (S.D.N.Y. Mar. 5, 2025) (First Noble Decl., Ex. C) (OPM-5); *Does 1-26 v. Musk*, 771 F. Supp. 3d 637, 654–55, 660 (D. Md. 2025) (OPM-5); Declaration of Noah Peters at ¶ 1, *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, No. 25-cv-3698, ECF No. 208-1 (N.D. Cal. July 14, 2025) (Declaration of Victoria J. Noble dated March 13, 2026 ("Second Noble Decl."), Ex. 1) (OPM-18); Exhibit B to

16, and OPM-18.[8] The government publicly filed the unredacted names of ten of these DOGE

agents in *Authors Guild*, after the court held that the names could not remain sealed.[9] The

administrative record filed by Defendants in this case reveals the unredacted names of OPM-2,

OPM-3, and OPM-7. OPM-000013, OPM-000117, OPM-000179.[10]

The Court repeatedly referred to individual DOGE agents by their anonymized monikers

in its June 9, 2025, opinion and order granting a preliminary injunction and December 19, 2025,

opinion and order denying Defendants' motion to dismiss. *Am. Fed'n of Gov't Emps., AFL-CIO

v. U.S. Off. of Pers. Mgmt.*, 786 F. Supp. 3d 647, 671–77, 673 n.26, 676 n.29, 680–82, 680

nn.32–33; 686–88, 688 nn.38–39 (S.D.N.Y. 2025) ("*AFGE I*"); *Am. Fed'n of Gov't Emps., AFL-

CIO v. U.S. Off. of Pers. Mgmt.*, --- F. Supp. 3d ----, 2025 WL 3687548, at *4–6, *5 n.7, *9

(S.D.N.Y. Dec. 19, 2025) ("*AFGE II*"). Both decisions rely on redacted portions of the

administrative record and other evidence filed by Defendants. *AFGE I*, 786 F. Supp. 3d at 660–

61, 672, 674–77, 680–82, 686–88, 676 n.29; *AFGE II*, 2025 WL 3687548, at *4 n.6, *5–6, *5

n.7. Both opinions also relied on facts drawn from sources that publicly identified the names of

---

Letter at 1, 4, *Authors Guild v. Nat'l Endowment for the Humanities*, No. 25-cv-3923, ECF No. 122-2 (S.D.N.Y. Feb. 17, 2026) (Second Noble Decl., Ex.2) (OPM-2–OPM-4, OPM-6, OPM-9–OPM-10, OPM-13–OPM-14, OPM-16, and OPM-18).

[8] *Id.*

[9] Second Noble Decl., Ex. 2, *supra* note 7.

[10] A publicly filed copy of the "Memorandum of Understanding between the Social Security Administration, the Office of Personnel Management, the Department of Education, and Appointee [OPM-3]," a document in the administrative record, contains the unredacted names of OPM-3 and OPM-7. OPM-000013. The cover page of the "Privacy Impact Assessment for Government-Wide Email System (GWES)," an unredacted copy of which is included in the administrative record, prominently identifies OPM-2's name and position as a Senior Advisor to the Director within the Office of the Director of OPM. OPM-000117. OPM-2's unredacted name also appears in the "from" line of an email in the administrative record. OPM-000179.

4

DOGE agents, including an unredacted portion of the administrative record,[11] orders and documents filed in other cases,[12] and news articles.[13]

Both parties intend to reference evidence contained in redacted portions of the administrative record and other evidentiary materials filed by Defendants—specifically, the names of DOGE agents—in their arguments on upcoming cross-motions for summary judgment.

**ARGUMENT**

The names of DOGE agents should be unsealed because they appear in judicial documents that are subject to strong presumptions of public access under both the common law and First Amendment. Maintaining judicial documents under seal always requires justification under the standards for sealing documents consistent with the public's right of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124, 126 (2d Cir. 2006); *see also Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). Defendants cannot identify any countervailing interests capable of overcoming the common law public right of access, let alone satisfy the more stringent First Amendment standard applicable here.

Thus, continued sealing is improper.

**I.     THE REDACTED PORTIONS OF THE ADMINISTRATIVE RECORD MUST BE UNSEALED PURSUANT TO THE COMMON LAW PRESUMPTION OF PUBLIC ACCESS**

The names of DOGE agents appear in judicial documents that are subject to the presumption of public access, and the presumption outweighs any countervailing interests.

"In deciding whether to seal or unseal filed materials, a court properly conducts a three-step inquiry:

---

[11] *AFGE I*, 786 F. Supp. 3d at 673; *see also* OPM-000013.
[12] *AFGE I*, 786 F. Supp. 3d at 674–75; *AFGE II*, 2025 WL 3687548, at *5.
[13] *AFGE I*, 786 F. Supp. 3d at 673–74, 680; *AFGE II*, 2025 WL 3687548, at *5.

5

First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches. Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document. Third, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access.

*Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025) (cleaned up) (quoting *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 1011 (2024)); *see also Lugosch*, 435 F.3d at 119–20 (establishing three-step analysis).

### A. The Documents in Appendix A, and Sealed Information Therein, Are "Judicial Documents" to which the Common Law Right of Access Attaches.

The documents listed in Appendix A, and the redacted names of DOGE agents therein, are "judicial documents" subject to the common law public right of access. A court filing constitutes a "judicial document," and is thus subject to the common law presumption, if it is "relevant to the performance of the judicial function," meaning that "it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Moreover, evidence submitted to decide a summary judgment motion is *per se* a judicial document. *Brown*, 929 F.3d at 47; *Lugosch*, 435 F.3d at 121.

The twelve redacted documents listed in Appendix A easily satisfy this standard. These record materials are judicial documents because they are relevant to, and have been referenced in, the Court's decisions. The Court's June 9 and December 19 opinions both rely on redacted portions of these documents. *AFGE I*, 786 F. Supp. 3d at 660–61, 672, 674–77, 680–82, 686–88, 676 n.29; *AFGE II*, 2025 WL 3687548, at *4 n.6, *5–6, *5 n.7. Both opinions also rely on facts about individual DOGE agents, such as their professional backgrounds and work at other federal

agencies, from news articles and court documents that publicly identify the DOGE agents by name. *AFGE I*, 786 F. Supp. 3d at 673–75; *AFGE II*, 2025 WL 3687548, at \*5. The Court's June 9 opinion included findings of fact and law pertaining to the vetting and training of individual DOGE agents, their access to OPM systems, and whether they were "employees" of OPM. *AFGE I*, 786 F. Supp. 3d at 672–77, 680–82, 686–89. The Court's December 19 opinion includes facts pertaining to the individual DOGE agents that remained at OPM as of December 5, 2025, such as their professional backgrounds, work at other federal agencies, and access to OPM systems. *AFGE II*, 2025 WL 3687548, at \*5–6. These materials were "relevant" to the Court's decisions on these motions under *Brown* and *Lugosch* and are thus "judicial documents" subject to the common law right.

Separately, all parties intend to rely on the administrative record and redacted administrative record evidence in their cross-motions for summary judgment. "[I]t is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.'" *Brown*, 929 F.3d at 47 (quoting *Lugosch*, 435 F.3d at 121).

Finally, the administrative record is centrally relevant to any decision on the merits of Plaintiffs' claims, as 5 U.S.C. § 706 requires the Court to "review the whole record or those parts of it cited by a party" in adjudicating Plaintiffs' claims under the APA. 5 U.S.C. § 706; *see also AFGE II*, 2025 WL 3687548 at \*11 (finding that review of agency action is generally based on the administrative record). Courts in this district have found that an administrative record filed in litigation is a "judicial document" subject to the presumption of public access. *See New York v. Mayorka*s, No. 20-cv-1127, 2021 WL 2850631, at \*12–13 (S.D.N.Y. July 8, 2021); *Harris v.*

7

*Sheet Metal Workers' Nat'l Pension Fund*, No. 24-cv-1219, 2024 WL 4697447, at \*3 (S.D.N.Y. Nov. 6, 2024).

**B.        The Presumption of Public Access Weighs Heavily in Favor of Unsealing.**

The names of DOGE agents are subject to the strongest public right of access. "[T]he common law right attaches with different weight depending on two factors: (a) 'the role of the material at issue in the exercise of Article III judicial power' and (b) 'the resultant value of such information to those monitoring the federal courts.'" *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")).

As noted above, the Court's June 9 and December 19 opinions relied on redacted portions of the administrative record, as well as other evidence that identified several DOGE agents' names and roles within the federal government. The sealed information thus played an important role in the Court's decisions on these motions, which were exercises of the Court's Article III power. Moreover, there is also a strong presumption of public access to these materials for the additional reason that the parties' summary judgment briefing will rely on the redacted portions of the documents. *See Brown*, 929 F.3d at 47.

Separately, the information would enable members of the public to better understand and assess the Court's decisions and underlying facts, conferring a strong presumption of public access to these materials. The identities and backgrounds of DOGE agents are critical to the merits of this case. Without this information, the public cannot fully assess whether it was reasonable to grant broad power and access to particular DOGE agents, many of whom are publicly reported to be extremely young, inexperienced, undertrained, and potentially afflicted with conflicts of interests. Moreover, the privacy issues implicated here are manifestly a matter of public concern, necessitating transparency in government action. *United States v. Erie Cnty.,*

8

*N.Y.,* 763 F.3d 235, 242 (2d Cir. 2014). "Such transparency is 'essential' to democratic accountability, and it informs the public's ability to evaluate the exercise of governmental power challenged in federal court." *Authors Guild*, 2026 WL 412620, at *3 (quoting *Giuffre*, 146 F.4th at 175).

### C.    There Are Insufficient Countervailing Interests to Outweigh the Public's Right of Access.

The names of the DOGE agents must be unsealed because there are insufficient countervailing interests to override the presumption of public access. Documents subject to the common law right of access may be kept under seal only if "countervailing factors" sufficient to outweigh the presumption of public access "so demand." *Lugosch*, 435 F.3d at 124. The interests identified in Defendants' motions to seal, ECF Nos. 79, 99, 142, 149, 165—namely DOGE agents' privacy interests in their (now widely known) identities and speculation that disclosure of already-public information "could lead to potential threats and harassment"—are insufficient to overcome the strong presumption of public access, as two courts have recognized. *See Authors Guild*, 2026 WL 412620 at *3–4; *AFL-CIO v. U.S. Dep't of Labor*, No. 25-cv-339, ECF No. 59, at 1–3 (D.D.C. Mar. 17, 2025).

### 1.    *All DOGE agents have been publicly identified.*

All of Defendants' arguments are insufficient because they "overlook[] a fact that is critical to the balancing" analysis: the reality that the same DOGE agents have been publicly identified in news reports, court documents, and public records. *See Olson v. Major League Baseball*, 29 F.4th 59, 91–92 (2d Cir. 2022). Once information has already been made public, it cannot be sealed. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004); *Metro. Transportation Auth. v. Duffy*, 782 F. Supp. 3d 193, 198 (S.D.N.Y. 2025) (collecting cases). The

identities of every DOGE agent at issue here have already been publicly reported.[14] The administrative record filed by Defendants reveals the unredacted names of OPM-2, OPM-3, and OPM-7.[15] Court orders and documents filed in other litigation also identify at least eleven of the DOGE agents and their affiliation with DOGE.[16] Every DOGE agent has thus been publicly identified as a member of the OPM DOGE team implicated in the privacy violations at issue in this action.

A similar motion to redact the already publicly reported identities of DOGE affiliates was recently rejected in *AFL-CIO*. ECF No. 59, at 1, 3. That court held that the public reporting of DOGE affiliates' identities severely undermined any privacy interests in the nondisclosure of this information. *AFL-CIO*, ECF No. 59, at 3; *see also Olson*, 29 F.4th at 92 (public disclosure "greatly diminished" privacy interests). Privacy interests in publicly reported identities are thus incapable of overcoming the strong presumption of public access. *AFL-CIO*, ECF No. 59, at 3; *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2023 WL 5956144, at *4 (S.D.N.Y. Sept. 13, 2023) (rejecting redactions of individuals' "already publicly known" identities). This Court should follow suit and decline to maintain the DOGE agents' already public identities under seal. That is especially true because, unlike in *AFL-CIO*, Defendants here have provided no concrete, on-the-record evidence of any "potential" threats or harassment related to identifying DOGE agents, nor could that be traceable to unsealing in this case.

### 2. Limited privacy interests of DOGE agents cannot overcome presumption of public access.

Further, "the presumption of public access is not outweighed by any privacy interest the relevant federal employees may have in their names alone." *Mayorkas*, 2021 WL 2850631, at

---

[14] *See supra* notes 5–6.
[15] *See supra* note 10.
[16] *See supra* note 7.

*12–13 (names of federal employees could not be redacted from administrative record and a report filed by the agency); *see also Authors Guild*, 2026 WL 412620, at *3 ("Absent some specific and articulable privacy or safety concern, the public is entitled to know who works for its government and in what capacity.")

In the parallel context of FOIA, at least one court in this district has ordered the government to disclose the names of federal employees who authored and received requested documents. *Fams. for Freedom v. U.S. Customs & Border Prot.*, 797 F. Supp. 2d 375, 398–99 (S.D.N.Y. 2011). There the court found that the "substantial public interest" in disclosure outweighed government employees' privacy interests, because the names of individual employees would help the public ascertain which agency or official developed the policies reflected in the documents, and disclosing "information that merely identifies the names of government officials" does not "generally" constitute a "clearly unwarranted invasion of personal privacy." *Id*. (quotations omitted).

There is a strong public interest in identifying the DOGE agents given their involvement in privacy violations "affecting a substantial portion of the public," and their privacy interests are entitled to correspondingly little weight. *Amodeo II*, 71 F.3d at 1051; *see also AFGE I*, 786 F. Supp. 3d at 694 (characterizing Defendants' actions as "a breach of law and of trust" impacting "[t]ens of millions of Americans [who] depend on the Government to safeguard records that reveal their most private and sensitive affairs").

The public has a strong interest in knowing the identities of the DOGE agents, many of whom have been publicly identified in connection with incidents at other agencies. Identifying the names of the DOGE agents will help the public evaluate the full extent of the privacy harms they caused, and may be continuing to cause, across the federal government, and whether enough

11

has been done in response to that harm. For example, Plaintiffs relied heavily on unsealed judicial documents *in other related cases* to understand the full extent of Defendants' work *in this case*, when it was not readily apparent from the sparse administrative record here. *See* ECF 84 at 4–5. Unsealing the identities of the DOGE agents will help the public more effectively correlate the identities of DOGE agents whose conduct may be implicated in multiple instances of wrongdoing, enhancing the public's efforts to monitor court cases involving DOGE.

### 3. The Protective Order does not justify continued sealing.

Nor can Defendants rely on the Protective Order to justify sealing court records subject to the common law presumption of access. "The Second Circuit has expressly rejected the notion that a confidentiality order, standing alone, justifies continued sealing once documents are presented to the court." *Authors Guild*, 2026 WL 412620 at *6–7. Parties cannot reasonably rely on a protective order to justify perpetual secrecy—particularly where, as here, the order "specifically contemplates that relief from the provisions of the order may be sought at any time." *Lugosch*, 435 F.3d at 125–26. Here, the terms of the Protective Order expressly allow any party to move to dissolve or modify the order and object to the designation of information as confidential under the order "at any time before the trial." Protective Order ¶ 9. For all the reasons mentioned above, the identities of DOGE agents are not confidential. *See also Authors Guild*, 2026 WL 412620, at *3 ("The identities of persons working for the national government – and the official capacities in which they serve – are rarely treated as confidential.")

## II. THE QUALIFIED FIRST AMENDMENT RIGHT OF ACCESS REQUIRES UNSEALING

The documents set forth in Appendix A, and the redacted information therein, are also subject to the First Amendment right of access, which imposes an even higher burden to overcome that Defendants certainly cannot satisfy here. The "First Amendment right of

access…is stronger and can only be overcome under more stringent circumstances than the common law presumption." *Erie Cnty., N.Y.*, 763 F.3d at 241. "[T]he First Amendment right applies, among other things, to summary judgment motions and documents relied upon in adjudicating them, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir.2006), pretrial motions and written documents submitted in connection with them, *In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir.1987), and docket sheets, *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir.2004)." *Newsday LLC*, 730 F.3d at 164.

The First Amendment right applies to the documents listed in Appendix A. The Court relied on several of these documents in orders on pretrial motions. *See AFGE I*, 786 F. Supp. 3d at 660–61, 672, 674–77, 680–82, 686–88, 676 n.29; *AFGE II*, 2025 WL 3687548, at *4 n.6, *5–6, *5 n.7. Additionally, Plaintiffs intend to rely on these documents in their summary judgment briefing.

Where, as here, "the more stringent First Amendment framework applies, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Defendants have not made, and cannot make, such a showing. Here, as in *Authors Guild*, "Defendants ask the Court to treat the identity of every individual who worked at or with DOGE as a Big Secret. Such a sweeping request is not narrowly tailored to any identified higher value and so cannot satisfy the constitutional standard for sealing." *Authors Guild*, 2026 WL 412620, at *4. Thus, the documents listed in Appendix A cannot remain redacted consistent with the First Amendment.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court: (1) declare that the names of DOGE agents in this case are not confidential under the Protective Order and do not

require anonymized monikers in future court filings and opinions; and (2) order Defendants to file the documents listed in Appendix A with the unredacted and deanonymized names of the DOGE agents referenced therein.

Dated:  March 13, 2026                    Respectfully submitted,

                                          */s/ Victoria Noble*
                                          Victoria Noble
                                          Cindy Cohn (admitted pro hac vice)
                                          F. Mario Trujillo (admitted pro hac vice)
                                          ELECTRONIC FRONTIER FOUNDATION
                                          815 Eddy Street
                                          San Francisco, CA 94109
                                          (415) 436-9333

                                          Rhett O. Millsaps II
                                          Mark A. Lemley (admitted pro hac vice)
                                          Mark P. McKenna (admitted pro hac vice)
                                          Christopher J. Sprigman
                                          LEX LUMINA LLP
                                          745 Fifth Avenue, Suite 500
                                          New York, NY 10151
                                          (646) 898-2055

                                          Norman L. Eisen (admitted pro hac vice)
                                          Andrew H. Warren (admitted pro hac vice)
                                          DEMOCRACY DEFENDERS FUND
                                          600 Pennsylvania Avenue SE #15180
                                          Washington, DC 20003

                                          Subodh Chandra (admitted pro hac vice)
                                          THE CHANDRA LAW FIRM LLC
                                          The Chandra Law Building
                                          1265 W. 6th Street, Suite 400
                                          Cleveland, OH  44113

                                          *Counsel for Plaintiffs*

14