

March 23, 2026

**VIA ECF**
The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY  10007

> Re:    *American Federation of Government Employees, AFL-CIO, et al. v. U.S. Office of Personnel Management, et al.*, **25-cv-1237-DLC**

Dear Judge Cote:

This Office represents Plaintiffs in the above-captioned action. We write respectfully to bring the Court's attention to a new supplemental authority of relevance to Plaintiffs' Motion to Unseal the Names of Sixteen DOGE Agents. On March 23, 2026, Judge McMahon denied the government's motion for a protective order regarding video recordings of depositions of DOGE affiliates in *Authors Guild v. National Endowment for the Humanities*, No. 25-cv-3923, ECF No. 157 (S.D.N.Y. Mar. 23, 2026). The court found that the videos were not judicial records because they were not filed on the public docket. *Id.* at 11–12. However, the court still found that the government's allegations of threats and harassment of DOGE affiliates were not enough to establish "good cause" to enter a protective order. *Id.* at 12–13, 19. As the court explained:

> The Government's motion fails for three independent reasons. *First*, the materials at issue concern the conduct of public officials acting in their official capacities, which substantially diminishes any cognizable privacy interest and weighs against restriction. *Second*, the Government has not made the particularized showing of a "clearly defined, specific and serious injury" required by Rule 26(c).  *Third*, the Government has not demonstrated that the prospective relief it seeks would be effective in preventing the harms it identifies, particularly where those harms arise from the conduct of third-party actors beyond the control of the parties.

*Id.* at 13. Notably, the court also found that the government's "conclusory and unverified assertions about online harassment, untethered either to specific content or identifiable third-party actors," were insufficient to "establish the kind of 'clearly defined, specific and serious injury' required for the entry of a protective order under Rule 26(c)." *Id.* at 17 (quotation omitted).

This is directly relevant because Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Unredact the Names of Sixteen DOGE Agents, ECF No. 196, points to the threats at issue in *Authors Guild* as an example of the "privacy harms that may result from unsealing here." ECF No. 196, at 8.

Respectfully Submitted,

*/s/ Victoria J. Noble*

*Counsel for Plaintiffs*

cc:  All Counsel of Record (via ECF)

815 Eddy Street, San Francisco, CA 94109 USA    **phone** +1.415.436.9333    **fax** +1.415.436.9993    **email** info@eff.org    **eff.org**