**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al*., | Case No. 1:25-cv-01237-DLC |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al*., | |
| Defendants. | |

PLEASE TAKE NOTICE that, upon the accompanying Memorandum in Support of Plaintiffs' Cross-Motion for Summary Judgment, dated April 15, 2026, the accompanying Declaration of F. Mario Trujillo, and prior pleadings and proceedings cited therein, Plaintiffs move this Court before the Honorable Denise L. Cote, at the United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York for an order, pursuant to Fed. R. Civ. P. 56, granting Plaintiffs' motion for summary judgment on Plaintiffs' Administrative Procedures Act claims, along with an order doing the following:

1. Setting aside Defendants' misapplication of Privacy Act disclosure exceptions by:

   a. Prohibiting OPM from disclosing records to any OPM employee under 552a(b)(1) based on a "need to be prepared" for future events; and

   b. Prohibiting OPM from disclosing records to the DOGE agency, or DOGE agents, under 552a(b)(1).

2. Setting aside Defendants' ongoing unlawful records disclosure by:

   a. Requiring OPM to remove all DOGE agent access to OPM records systems; and

   b. Requiring Defendants to remove all DOGE agent access to OPM records that have been previously extracted from OPM records systems and moved elsewhere, including requiring the DOGE agency, DOGE agents, and any third party to delete or expunge such copies they possess, in line with NIST SP 800-53 Revision 5.1, SI-14(2) ("Non-persistence").

3. Setting aside Defendants' ongoing cybersecurity threats and hazards by:

   a. Requiring OPM to create an accurate accounting of disclosures made to DOGE agents, in accordance with 5 U.S.C. 552a(c)(1); and

   b. requiring OPM to create and execute a plan to mitigate the ongoing effects of OPM's illegal practice of disclosing records to DOGE agents, regardless of need, employment status, training, or cybersecurity safeguards, in line with NIST SP 800-53 Revision 5.1, IR-8(1) ("Incident response plan, breaches").

4. Determining that Plaintiffs are entitled to attorney's fees and related costs, and reserve consideration of the amount of such fees for a subsequent motion filed under Fed. R. Civ. P. 54(d)(2).

Dated: April 15, 2026          Respectfully submitted,

                                 */s/ F. Mario Trujillo*

                                 F. Mario Trujillo (admitted pro hac vice)
                                 Victoria Noble
                                 Cindy Cohn (admitted pro hac vice)
                                 ELECTRONIC FRONTIER FOUNDATION
                                 815 Eddy Street
                                 San Francisco, CA 94109
                                 (415) 436-9333

Rhett O. Millsaps II
Mark A. Lemley (admitted pro hac vice)
Mark P. McKenna (admitted pro hac vice)
Christopher J. Sprigman
LEX LUMINA LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
(646) 898-2055

Norman L. Eisen (admitted pro hac vice)
Andrew H. Warren (admitted pro hac vice)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003

Subodh Chandra (admitted pro hac vice)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 W. 6th Street, Suite 400
Cleveland, OH  44113

*Counsel for Plaintiffs*

3