

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 15, 2026

**By ECF**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   *Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Office of Personnel Mgmt.,*
> *et al.*, No. 25 Civ. 1237 (DLC)

Dear Judge Cote:

This Office represents Defendants in the above-referenced action.  I write pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 54(b) respectfully to move the Court for partial reconsideration of its Opinion and Order, dated April 1, 2026, granting Plaintiffs' motion to unredact the names of sixteen DOGE Agents.  *See* Dkt. No. 208 (the "Opinion").

Rule 54(b) of the Federal Rules of Civil Procedure allows for reconsideration of a non-final order in the Court's equitable discretion.  *See Kaplan v. City of New York*, No. 14 Civ. 4945 (RJS), 2018 WL 2084955, at *5 (S.D.N.Y. Mar. 22, 2018).  "[R]econsideration should be granted, where there is 'an intervening change of controlling law, new evidence, or a need to correct a clear error or prevent manifest injustice.'"  *Id.* (alterations omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)).

The Court should reconsider its ruling to unredact and de-designate the names of OPM-11, OPM-12, OPM-13, OPM-15, OPM-17, and OPM-18 because the decision is inconsistent with the facts—including previously unavailable evidence—and would lead to manifest injustice.  As the administrative record demonstrates, each of these individuals was granted administrative access to only one OPM system—USA Performance, *see* OPM-000103—and none ever actually logged into this system, *see id.*[1]  Moreover, the administrative record is devoid of evidence that these individuals were even *aware* of the grant of administrative access to this OPM system.  As such, they are much more akin to "innocent third parties" than the Court recognized in its Opinion, and, as a result, their privacy interests should be accorded more weight than the Court accorded them in that Opinion.

---

[1] While the Court states that "DOGE Agents were given administrative access to OPM systems containing PII, including code read and write permissions," Opinion at 12, the accompanying citation to its June 9 Opinion demonstrates that only OPM-2, OPM-4, and OPM-6 had those permissions.  *See Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt.*, 786 F. Supp. 3d 647, 676 (S.D.N.Y. 2025) (explaining that code read and write permissions were granted to OPM-2, OPM-4, and OPM-6).

Moreover, a press release issued by Plaintiffs following this Court's Opinion underscores that these individuals' weighty privacy interests should overcome the presumption of public access here.  *See* Democracy Defenders Fund, *Judge Orders OPM to Identify DOGE Personnel Behind Unlawful Record Disclosure* (Apr. 2, 2026), https://www.democracy defendersfund.org/prs/04.02.26-pr_2.  This press release suggests that these individuals "violated the privacy rights of hard working Americans"; "cannot hide behind this administration's curtain of secrecy"; and will be held "accountab[le]." *Id.*  These threatening statements indicate that the risk of harm to these individuals—who *never logged into* the one system they had access to—is not speculative but rather is substantial.  And it would be manifestly unjust to subject these individuals to such risk of harm given their limited involvement in the alleged Privacy Act violations at issue.

For the foregoing reasons, Defendants respectfully move the Court to reconsider its Opinion as to OPM-11, OPM-12, OPM-13, OPM-15, OPM-17 and OPM-18.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:  /s/ *Alyssa B. O'Gallagher*
ALYSSA B. O'GALLAGHER
Assistant United States Attorney
Tel.: (212) 637-2822
Email: alyssa.ogallagher@usdoj.gov