

April 21, 2026

**By ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New Yok
500 Pearl Street
New York, NY 10007

> **Re:** ***American Federation of Government Employees, AFL-CIO, et al. v. U.S. Office of Personnel Management, et al.*, 25-cv-1237-DLC**

Dear Judge Cote:

We represent Plaintiffs in the above-captioned action. Plaintiffs respectfully submit this opposition to Defendants' April 15, 2026, letter motion (Dkt. No. 212) for partial reconsideration of the Court's April 1, 2026, Opinion and Order granting Plaintiffs' motion to de-designate and unredact the names of the DOGE agents involved in this case (the "Opinion"). Dkt. No. 208. There is no legal basis for reconsideration, Defendants have not provided any new evidence of threats to specific DOGE agents, and Defendants' letter selectively quotes Plaintiffs' press release in a misleading manner to support their argument.

"The standard for granting a motion for reconsideration is 'strict.'" *New York Times Co. v. U.S. Defense Counterintelligence and Sec. Agency*, Case No. 25-cv-2333, 2026 WL 575357, at *2 (S.D.N.Y. 2026) (quoting *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted)). "A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Id.* (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted)). Reconsideration is appropriate in three limited instances: "only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Cho*, 991 F.3d at 170 (citation omitted)).

Defendants raise two arguments in support of partial reconsideration. First, they contend the Court's decision was "inconsistent with the facts" and allege six DOGE agents "are much more akin to 'innocent third parties.'" Dkt. No. 212 at 1. Defendants' disagreement with this Court's findings is not a permissible basis for reconsideration. The Court rejected Defendants' arguments on this issue. *See* Dkt. No. 208 at 13 ("Here, the DOGE Agents are not private citizens swept

incidentally into this litigation. They are individuals whose official roles, access, and authority lie at the heart of the plaintiffs' claims."); *see also* Dkt. Nos. 194, 196, 199, and 207. Thus, Defendants are impermissibly seeking a second bite at the apple by relitigating an old issue.

Second, Defendants' only "new" evidence is a standard press release that calls for accountability, as the Privacy Act demands. Defendants allege that the release contains "threatening statements," Dkt. No. 212 at 2, but Defendants splice together pieces of two measured statements in a failed attempt to make them look threatening. In full they read:

> "We are pleased the court found that the public at large, including the millions of federal employees impacted, have a right to know who unlawfully accessed their personal information," said Andrew Warren, deputy legal director for Democracy Defenders Fund. "Those involved in this deeply troubling incident, can no longer remain in the shadows. There will be transparency, and there will be accountability."

***

> "Federal employees and the public deserve to know who violated the privacy rights of hard working Americans, and today, the court agreed," said AFGE National President Everett Kelley. "OPM's disclosure of employees' personal data to DOGE operatives was unlawful, and this ruling makes clear that those responsible cannot hide behind this administration's curtain of secrecy. AFGE will continue to fight to protect the rights and personal information of our members and all federal employees who keep this country running."

A true and correct copy of the press release is attached hereto as Exhibit A.

Not only are these statements *not* themselves threatening, they also do not demonstrate a "substantial" "risk of harm" to any DOGE agent. *Contra* Dkt. No. 212 at 2. And if Defendants were truly concerned about threats to these individuals in light of this April 2, 2026 press release, they could have challenged the Court's Order before Plaintiffs filed unredacted copies of its summary judgment briefing on the public docket, which includes the names of all six DOGE agents Defendants seek to re-conceal. *See* Dkt. No. 210 at 10-11.

For the foregoing reasons, the Court should deny Defendants' request.

Respectfully submitted,

/s/ Andrew H. Warren
Counsel for Plaintiffs

cc: All Counsel of Record (via ECF)

2