UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
AMERICAN FEDERATION OF GOVERNMENT          :
EMPLOYEES, AFL-CIO, et al.,                :
                                           :
                          Plaintiffs,      :        25cv1237 (DLC)
                                           :
                 -v-                       :        OPINION AND
                                           :           ORDER
U.S. OFFICE OF PERSONNEL MANAGEMENT, et    :
al.,                                       :
                          Defendants.      :
                                           :
------------------------------------------ X

APPEARANCES:

For plaintiffs:

Victoria Noble
F. Mario Trujillo
Cindy Cohn
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109

Rhett O. Millsaps II
Mark P. McKenna
Christopher J. Sprigman
Mark A. Lemley
Lex Lumina LLP
745 Fifth Avenue, Suite 500
New York, NY 10151

Norman L. Eisen
Andrew H. Warren
Democracy Defenders Fund
600 Pennsylvania Avenue SE #15180
Washington, DC 20009

Subodh Chandra
The Chandra Law Firm LLC
1265 W. 6th Street, Suite 400
Cleveland, OH 44113

For defendants:

Alyssa O'Gallagher
Jeffrey Stuart Oestericher
United States Attorney's Office, Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007

DENISE COTE, District Judge:

Defendants move for partial reconsideration of this Court's Opinion of April 1, 2026, granting plaintiffs' motion to unseal the identities of the sixteen DOGE Agents who remained anonymized in this action.  For the following reasons, the motion is denied.

## Background

This case concerns the U.S. Office of Personnel Management's ("OPM") decision, following President Trump's inauguration, to grant a group of DOGE Agents broad access to systems of records containing the personal information of tens of millions of Americans.[1]  On June 9, 2025, the Court determined

---

[1] The definition of "DOGE Agents" in the preliminary injunction, which is also adopted in this Order, is the following:
(1) the individuals listed on page OPM-103 of the administrative record; (2) any individuals employed by [USDS] and detailed to OPM; (3) any individuals employed by OPM and detailed to USDS; (4) any individuals employed by OPM who are detailed to any other federal agency for the principal purpose of implementing initiatives that are directed by USDS; and (5) any individuals who were not employees or contractors of OPM prior to January 20, 2025 and who have been given access to any OPM system of records containing [personally identifiable information] for

2

that plaintiffs were likely to succeed in showing that, by granting such access, defendants violated OPM's cybersecurity practices as well as the law.  Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt., 786 F. Supp. 3d 647, 683 (S.D.N.Y. 2025).  A preliminary injunction was issued on June 20.  Since then, the Court has denied defendants' motion to dismiss the action as moot and plaintiffs' motion for extra-record discovery.  Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt., No. 25-cv-1237, 2025 WL 3687548 (S.D.N.Y. Dec. 19, 2025).

Throughout the litigation, the Government designated the identities of the DOGE Agents as confidential under the Protective Order, and their names were replaced with anonymized monikers (e.g., OPM-1) in public filings.  Plaintiffs withheld consent to those sealing requests, reserving the right to challenge the confidentiality designation at a later date.

On March 2, 2026, plaintiffs filed a letter motion to de-designate the names of the DOGE Agents as confidential under the Protective Order.  After receiving the defendants' letter

---

the principal purpose of implementing initiatives that are directed by USDS. Excluded from this definition are Charles Ezell, Gregory Hogan, Amanda Scales, and James Sullivan.

response on March 5, formal briefing was ordered.  The motion became fully submitted on March 19.

An Opinion of April 1, 2026 granted plaintiffs' motion. Am. Fed'n of Gov't Emps., AFL-CIO v. U.S. Off. of Pers. Mgmt., No. 25-cv-1237, 2026 WL 891221 (S.D.N.Y. Apr. 1, 2026). Applying common law principles, the Court determined that the weight of the public's presumption of access to the DOGE Agents' identities was strong and that the public interest in disclosure was substantial.  Id. at *3-4.  The Court reasoned that the identities of the individuals at issue bore directly on the merits of plaintiffs' claims and were critical to understanding the challenged conduct and evaluating the Court's rulings.  Id. at *4.  The Court rejected the Government's contention that countervailing interests -- specifically, the DOGE Agents' privacy interests and the risk of harassment -- justified continued sealing.  Id. at *4-5.  The Court also concluded that the First Amendment required the same result.  Id. at *5.

Summary judgment briefing was ongoing when the April 1 Opinion was issued.  On April 15, pursuant to the briefing schedule, plaintiffs filed their cross-motion for summary judgment and referred to the DOGE Agents by name in their public filing.  Later that day, the Government moved for partial reconsideration of the April 1 Opinion only as to certain DOGE

Agents -- specifically, OPM-11, OPM-12, OPM-13, OPM-15, OPM-17, and OPM-18 (the "Six DOGE Agents").  The motion became fully submitted on April 23.

## **Discussion**

The standard for granting a motion for reconsideration is "strict."  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Cho, 991 F.3d at 170 (citation omitted).

The Government advances two arguments in support of partial reconsideration.  Neither justifies disturbing the April 1 Opinion.

First, the Government argues that the Six DOGE Agents were granted access to only one OPM system and did not log into that system.  According to the Government, these facts make the Six DOGE Agents more akin to "innocent third parties" and therefore

their privacy interests should have been accorded greater weight.  But the Government did not distinguish among the DOGE Agents in its original opposition to plaintiffs' motion, despite having the opportunity to do so.  A motion for reconsideration is not a vehicle for raising arguments that could have been made earlier, nor for presenting a more refined version of a position previously rejected.

In any event, the Government's new distinction does not alter the balance struck in the April 1 Opinion.  Plaintiffs' claims concern the Government's decision to grant certain individuals access to sensitive OPM systems and the circumstances surrounding that decision, not whether a particular DOGE Agent logged into a given system.  The identities of those granted such access remain relevant to understanding the challenged conduct, assessing the parties' arguments, and evaluating the Court's rulings.  The Government has not shown that the Six DOGE Agents' asserted privacy interests overcome the strong presumption of public access that attaches here.

Second, the Government argues that plaintiffs' April 2 press release regarding the April 1 Opinion contained "threatening statements," demonstrating that the risk of harm to

the Six DOGE Agents is not speculative but substantial.  This argument also fails.

The plaintiffs' April 2 press release does not constitute the sort of new evidence or manifest injustice required for reconsideration.  The Government has not shown how the press release alters the risk analysis undertaken in the April 1 Opinion.

The Government's claim of imminent harm is further undermined by its delay in filing this motion.  If the April 2 press release materially altered the risk landscape, the Government could have promptly sought relief.  Instead, it waited until the evening of April 15 -- thirteen days after the press release was published, and hours after plaintiffs filed their summary judgment papers identifying the Six DOGE Agents by name -- to seek reconsideration.  That timing undercuts the Government's assertion that the press release created an immediate, concrete, and substantial risk warranting renewed sealing.

In sum, the Government has identified no intervening change in controlling law, no newly available evidence that alters the Court's analysis, and no clear error or manifest injustice. Accordingly, the motion for partial reconsideration is denied.

## Conclusion

Defendants' April 15, 2026 motion for partial reconsideration is denied.

Dated:     New York, New York
           April 29, 2026

                              _____
                              DENISE COTE
                              United States District Judge