

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 23, 2026

**By ECF**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Granted.*

*Denise Cote*
*7/23/26*

Re:    *Am. Fed'n of Gov't Emps., AFL-CIO, et al. v. U.S. Office of Personnel Mgmt., et al.*, No. 25 Civ. 1237 (DLC)

Dear Judge Cote:

This Office represents the defendants (the "Government") in the above-referenced action. We write respectfully to request leave to file a short sur-reply, not to exceed five pages, together with three supplemental declarations—of Adam Starr, OPM's Chief Information Officer; Kimberly Sylke, a Supervisory Human Resources Specialist at OPM; and Noah Peters—in response to Plaintiffs' July 21, 2026 Reply in Further Support of Plaintiffs' Cross-Motion for Summary Judgment. ECF No. 232 ("Pl. Reply"). The Court should grant this request because Plaintiffs' reply brief—the final brief contemplated by the parties' briefing schedule, *see* ECF Nos. 182, 226—presents new evidence and new arguments to which the Government has had no opportunity to respond. In addition, Riccardo Biasini's employment at OPM has been terminated, a factual development that bears directly on arguments Plaintiffs made in their reply brief and that the Government should be permitted to address in the contemplated sur-reply.

"Arguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). Where a reply nonetheless introduces new arguments or evidence, the Court may grant the opposing party leave "to respond to the new matters prior to disposition of the motion." *Litton Inds., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991): *see also Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000) ("Where new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion." (quoting *Litton Inds.*, 767 F. Supp. At 1235)); *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005). Whether to permit a sur-reply is committed to the Court's discretion, *see, e.g., Kapiti v. Kelly*, No. 07 Civ. 3782 (RMB) (KNF), 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008), and courts in this Circuit routinely grant leave where the reply raises new material matters, *see, e.g., Anghel v. N.Y. State Dep't of Health*,

947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013). Plaintiffs' reply brief presents new material matters in three respects.

*First*, Plaintiffs submit new evidence and new factual assertions with their final brief. They attach the Declaration of Yinka Onayemi and its Exhibits A and B—a newly proffered authentication, by an attorney in *Authors Guild v. NEH*, No. 1:25-cv-03923 (CM) (S.D.N.Y.), of the purported "U.S. DOGE Service" roster on which Plaintiffs rely. Pl. Reply 5 & n.8. They also invoke, for the first time, the *Authors Guild* court's docket and its description of that document, *see* 2026 WL 412620, at *1 (S.D.N.Y. Feb. 13, 2026), and newly assert that Mr. Peters "has an Executive Office of the President DOGE email address," citing ECF No. 211-4 at 24. Pl. Reply 5. In their reply brief, Plaintiffs also fault the Government's declarations, ECF Nos. 229–31, for failing to "explain[] why this DOGE roster states the opposite" of the Government's evidence concerning Mr. Peters's employment status, a challenge that the Government could address only through a sur-reply. *Id.* The Government should be afforded an opportunity to respond to this new evidence. *See Bayway*, 215 F.3d at 226–27. The proposed Sylke and Peters declarations would do precisely that: Ms. Sylke, a Supervisory Human Resources Specialist, would explain that the roster excerpt is not official personnel-action documentation; that a search of Mr. Peters's eOPF and OPM's official personnel records revealed no SF-50, SF-52, detail agreement, or memorandum of understanding effecting, requesting, or approving any detail to USDS; and that the roster entry bears the hallmarks of a placeholder onboarding record for a detail that was never effectuated. Mr. Peters would attest that he has never been detailed to, supervised by, or performed work for USDS, and that he has never held an Executive Office of the President or DOGE email address.

*Second*, Plaintiffs' reply asserts new factual and legal arguments in attacking the declaration of Adam Starr, which accompanied the Government's combined opposition and reply, ECF No. 227. In particular, the reply brief attempts to undermine that declaration by arguing: that its disclaimer of future access grants is limited to "administrative access" credentials and therefore legally insufficient under § 552a(b), Pl. Reply 4, 6; that it reflects an eve-of-deadline litigation position that "has not been communicated to staff" or "implemented as part of any written policy," *id.* at 4, 8; and that the investigation it describes is undated, potentially duplicative of "past, flawed reviews," conclusory, and deficient for failing to question DOGE-affiliated personnel and for omitting breach-response steps that Plaintiffs benchmark—for the first time—against OPM Memorandum 17-12, "Preparing for and Responding to a Breach of Personally Identifiable Information" (Jan. 3, 2017). *Id.* at 3, 5–7. The Government has had no opportunity to address these new contentions. The proposed supplemental Starr declaration would answer these questions directly—by supplying the investigation's dates, personnel, and methodology; describing the scope of the access limitations and their communication to staff; and attaching the revised Cybersecurity and Privacy Policy that Plaintiffs fault the Government for having omitted from the summary judgment record, Pl. Reply 3—so that the Court may resolve the cross-motions on a complete record.

*Third*, Plaintiffs' Reply advances arguments relating to the July 4, 2026 termination of the "U.S. DOGE Service Temporary Organization," Pl. Reply 2–3, to which the Government has not had an opportunity to respond.

*Finally*, an important factual development occurred earlier today that bears directly on the pending motions: Riccardo Biasini's appointment has been terminated, and he is no longer employed by OPM. Given that Plaintiffs' arguments—regarding alleged ongoing injury, mootness, and entitlement to prospective relief—are premised at least in part on the assertion that "[t]wo DOGE agents remain at OPM," Pl. Reply 4, the Government believes that it should have an opportunity to address the implications of Mr. Biasini's separation from service at OPM.

A short sur-reply would not prejudice Plaintiffs or delay resolution of the cross-motions: the Government stands ready to file the sur-reply and accompanying declarations within three business days of the Court's order, limited to the new matters identified above. In the alternative, if the Court declines to grant leave, the Government respectfully requests that the Court disregard the new evidence and arguments presented for the first time in Plaintiffs' reply brief, including the Onayemi Declaration and its exhibits. *See Knipe*, 999 F.2d at 711.

We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: *Ilan Stein*
ILAN STEIN
Assistant United States Attorney
Tel.: (212) 637-2525
Email: ilan.stein@usdoj.gov

cc:    All counsel of record (via ECF)