UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO,
et al.,

          *Plaintiffs,*

v.

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT, et al.,

          *Defendants.*

Case No. 1:25-cv-01237 (DLC)

## REPLY DECLARATION OF KIMBERLY SYLKE

I, Kimberly Sylke, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a Supervisory Human Resources Specialist at the United States Office of Personnel Management ("OPM"). I have served in this position since January 17, 2021 and I have 17 years of experience administering Federal human resources systems and reviewing and processing Federal personnel actions. In that capacity, I am responsible for, and personally familiar with, personnel actions and appointment documentation concerning individuals serving in or with OPM's executive components. The statements in this declaration are based on my personal knowledge and my review of official OPM records maintained in the ordinary course of business. I submit this reply declaration in further support of Defendants' motion for summary judgment and in response to the Trujillo Declaration and the Onayemi Declaration submitted with Plaintiffs' reply (ECF No. 232).

2.      Riccardo Biasini's unpaid expert appointment terminated on July 23, 2026, and he is no longer employed by OPM.

3.      Akash Bobba's unpaid expert appointment terminated on March 7, 2026, and he is no longer employed by OPM.

4.      I have reviewed Exhibit C to the Trujillo Declaration, along with Exhibit B to the Onayemi declaration (which are the same document) (hereinafter "the Exhibit"). The Exhibit includes a row concerning Noah Peters, who has served as a Senior Advisor at OPM since January 20, 2025.

5.      The Exhibit shows a roster-style row listing Mr. Peters with a "Hire Date" of January 24, 2025, a "Component" of United States DOGE Service, and a "Worker Type" of "Detailee (NTE) (Fixed Term)." However, it does not include an executed detail agreement, SF-50, SF-52, gaining agency acceptance, losing agency release, duty assignment, supervisor designation, timekeeping trail, or other evidence that the detail actually took effect.

6.      A detail is not created merely because someone is labeled a "detailee" in a database. A detail is an actual temporary assignment to another position or set of duties, with the employee expected to return to the official position of record.

7.      The Exhibit is not official personnel-action documentation. The row for Mr. Peters appears among other entries under columns such as "Employee ID," "Hire Date," "Separation Date," "Component," and "Worker Type." It does not identify a detail action, an effective detail order, a losing agency, a gaining supervisor, an official duty assignment, or the legal authority for the alleged detail. Official Federal personnel actions are documented on Standard Form 50 and maintained in the employee's electronic Official Personnel Folder ("eOPF"), which is the authoritative record of an employee's Federal employment history.

8.      The "Hire Date" terminology itself underscores the non-authoritative nature of the Exhibit. A detailee is generally not "hired" by the receiving component in the same way as a new

appointee. A Federal employee on detail normally remains in the employee's official position of record and retains the same underlying employment status and pay relationship. The combination of "Hire Date" plus "Detailee (NTE) (Fixed Term)" in the Exhibit therefore indicates that the record came from a human-capital or onboarding system using broad worker-type categories, not from the official personnel-action system that would establish legal status.

9.      Based on my 17 years of experience with the Federal government's human resources systems, it appears that a user initiated a planned or placeholder onboarding record for a detail that was later canceled or never completed. Human resources systems often create records before all approvals, agreements, access steps, or onboarding steps are completed. If the transaction is not later canceled or corrected in the system, the person can remain coded under the intended component and worker type.

10.     I have caused a search of Mr. Peters's eOPF and OPM's official personnel records to be performed, and that search identified no SF-50, SF-52, detail agreement, or memorandum of understanding effecting, requesting, or approving a detail of Mr. Peters to the United States DOGE Service ("USDS").

11.     As noted in my previous declaration (ECF No. 231), Mr. Peters was never released by OPM, accepted by assigned duties at USDS, placed under USDS supervision, onboarded by USDS, or otherwise actually assigned to USDS. Nothing in the Exhibit alters that conclusion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2026, in Washington, D.C.

_____
                                    Kimberly Sylke